41. However, State and federal law impose additional list maintenance obligations beyond just consulting these three databases.

42. State law also requires that "[w]ithin ten days after receiving an application for registration on a form produced by the United States election assistance commission that is not accompanied by satisfactory evidence of citizenship, the county recorder or other officer in charge of elections *shall use all available resources* to verify the citizenship status of the applicant...."[24]

43. State law also requires that County Recorders "at a minimum shall compare the information available on the application for registration with the following, provided the county has access.... Any other ... federal database ... to which the county recorder or officer in charge of elections has access...."[25]

44. Additionally, for all registrants, State law requires that "[t]o the extent practicable, the county recorder shall review relevant ... federal databases to which the county recorder has access to confirm information obtained that requires cancellation of registrations pursuant to this section."[26]

45. Additionally, federal law requires "local election official[s]" to "perform list maintenance" of their voter rolls and to ensure that "voters ... who are not eligible to vote [in federal elections] are removed."[27] It also requires that election officials "ensure that voter registration records in the State are accurate and are updated regularly, including .... [a] system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters."[28]

---

[24] A.R.S. § 16-121.01(D) (emphasis added).

[25] A.R.S. § 16-121.01(D) and (D)(5) (emphasis added).

[26] A.R.S. § 16-165(K).

[27] 52 U.S.C. § 21083(a)(2)(A) and (a)(2)(B)(ii).

[28] 52 U.S.C. § 21083(a)(4)(A).

7

46. Because it is illegal for foreign citizens to register to vote in federal elections, any foreign citizen who is registered to vote is ineligible. Therefore, federal law requires County Recorders to "perform list maintenance" and to engage in "reasonable efforts" to ensure that foreign citizens are not registered to vote.

***SAVE, SSA, and EVVE are Insufficient to Definitively Verify Citizenship***

47. Even if Recorder Richer had access to SAVE, SSA, and EVVE for list maintenance, these three databases would be insufficient to definitively verify the citizenship of all Federal-Only Voters.

48. Only consulting SAVE, SSA, and EVVE to verify citizenship, without more, is insufficient to fulfill a County Recorder's list maintenance duties under State and federal law.

***SAVE***

49. SAVE is hobbled by a critical design flaw: The system requires at least one of the following specific "numeric identifier[s]": "Alien/ USCIS Number (A-Number)," "Form 1-94, Arrival/Departure Record Number," "Student and Exchange Visitor Information System (SEVIS) ID number," "Naturalization / Citizenship Certificate Number," "Card / 1-797 Receipt Number," "Visa Number," or "Foreign Passport Number (if entered along with a U.S. immigration enumerator)."[29]

50. As a federal judge recently observed, "the [EAC's] Federal Form does not include a space for registrants to provide this information" about "immigration numbers."[30]

---

[29] *Tutorial: Introduction to SAVE and the Verification Process for SAVE Users*, DEP'T OF HOMELAND SEC., (Mar. 2024), https://tinyurl.com/msek795k.

[30] *Mi Familia Vota v. Fontes*, --- F.Supp.3d ----, 2024 WL 862406, at *6 (D. Ariz. 2024).

8

51. Furthermore, SAVE does not process social security or driver's license numbers, which are the ID numbers that registrants are most likely to provide on their voter registration forms.[31]

52. Thus, in practice, SAVE is practically useless for verifying the citizenship of voter registrants because it can only provide citizenship information if a registrant has provided the specific numeric identifiers that are the searchable variables in SAVE, and none of these identifiers are required under the current version of the EAC federal voter registration form, nor are they required on Arizona's state voter registration form.

*SSA and EVVE*

53. A federal judge recently found that "county recorders currently do not have access to NAPHSIS [EVVE] or the SSA database."[32]

54. Even if County Recorders had access to SSA, they would be insufficient to verify citizenship.

55. As one federal judge recently noted: "[Arizona] [c]ounty recorders ... lack direct access to SSA records.... Approximately one quarter of SSA records lack citizenship information," and "the federal government does not allow access to this [citizenship] information."[33]

56. Furthermore, even if County Recorders had access to EVVE, it would be insufficient to verify citizenship.

57. NAPHSIS is a nonprofit organization that represents state and local vital records, health statistics and information system agencies.

---

[31] *See, e.g.*, *Register to Vote in your State by Using this Postcard Form and Guide* at 3-4, U.S. ELECTION ASSISTANCE COMMISSION, https://tinyurl.com/4wj6vm6r (Arizona-specific instructions from the EAC for filling out the federal voter registration form requiring registrants to provide, if available, a driver license number or the last four digits of their social security number).

[32] *Mi Familia Vota*, 2024 WL 862406, at *5.

[33] *Mi Familia Vota*, 2024 WL 862406, at *7 (cleaned up).

9

58. NAPHSIS's EVVE database contains information on most births in the United States.

59. However, EVVE does not have information about births in Texas.[34]

60. EVVE, therefore, is insufficient for verifying citizenship because it cannot verify the birth of anyone born in Texas.

61. EVVE is also insufficient for verifying citizenship because it cannot verify the citizenship of U.S. citizens who were not born in the United States.

62. EVVE thus does not contain information about the births of persons born overseas who acquire citizenship at birth because one or more of their parents are U.S. citizens.[35]

63. NAPHSIS also cannot be used to verify the citizenship of naturalized citizens.

**Federal Law Entitles County Recorders to Submit Citizenship Inquiries to DHS**

64. Fortunately, there is an easy method for County Recorders to confirm the citizenship of Federal-Only Voters, and this method does not require the use of SAVE, SSA, or EVVE.

65. The Immigration and Nationality Act (INA), at 8 U.S.C. § 1373, requires DHS to "respond to an inquiry by a Federal, State, or local government agency, seeking to verify or ascertain the citizenship or immigration status of *any individual* within the jurisdiction of the agency for *any purpose authorized by law*, by providing the requested verification or status information."[36]

66. Verification of a voter registrant's citizenship is a purpose authorized by law.[37]

---

[34] *Participating Jurisdictions*, NAPHSIS, (accessed on Jul. 29, 2024), https://tinyurl.com/ycdtehu9.

[35] *See* 8 U.S.C. §§ 1401-1409; *Sessions v. Morales-Santana*, 582 U.S. 47 (2017).

[36] 8 U.S.C. § 1373(c) (emphasis added).

[37] *See supra* ¶¶ 1, 25-46.

67. The INA also states, in 8 U.S.C. § 1644, that "*[n]otwithstanding any other provision of Federal, State, or local law*, no State or local government entity may be prohibited, *or in any way restricted*, from sending to or receiving from ... [DHS] information regarding the immigration status, lawful or unlawful, of an alien in the United States."[38]

68. Because 8 U.S.C. § 1644 expressly preempts any other federal or State law provisions, no other federal or State law could prevent a County Recorder from submitting citizenship confirmation requests to DHS.[39]

69. The citizenship information to which County Recorders are lawfully entitled under 8 U.S.C. §§ 1373 and 1644 qualifies as an "available resource[]" under A.R.S. § 16-121.01(D).

70. Therefore, County Recorders have a mandatory obligation under A.R.S. § 16-121.01(D) to submit citizenship confirmation requests for registrants who failed to provide DPOC to DHS under 8 U.S.C. §§ 1373 and 1644 ("1373/1644 Requests").

71. The citizenship information to which County Recorders are lawfully entitled under 8 U.S.C. §§ 1373 and 1644 qualifies as a "relevant ... federal database[] to which the county recorder has access" under A.R.S. §§ 16-121.01(D) and -165(K).

72. Therefore, County Recorders have a mandatory obligation under A.R.S. § 16-121.01 and -165(K) to submit 1373/1644 Requests to DHS.

73. County Recorder submissions of 1373/1644 Requests about Federal-Only Voters are also consistent with, and required by, County Recorders' obligations under federal law to conduct "list maintenance" and make "reasonable effort[s]" to remove potentially ineligible voters.[40]

---

[38] 8 U.S.C. § 1644 (emphasis added).

[39] *See* U.S. Const. art. VI, cl. 2.

[40] 52 U.S.C. § 21083(a)(2)(A), (a)(4)(A), and (a)(2)(B)(ii).

***County Recorder Obligations to Provide to the Attorney General a List of Federal-Only Voters***

74. Additionally, H.B. 2492 required that County Recorders "shall make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship" and also that they "shall provide ... the applications of individuals who are registered to vote and who have not provided satisfactory evidence of citizenship."[41]

75. The Legislature imposed this requirement on County Recorders so that the Attorney General could fulfill her obligation that she "shall use all available resources to verify the citizenship status of the applicant[s]."[42]

76. This statutory provision requiring Recorders to transmit the information and registration applications about Federal-Only Voters to the Attorney General is currently in force and not enjoined by any court.

77. Yet, surprisingly, Recorder Richer has failed to comply.

78. Specifically, upon information and belief, Recorder Richer has failed to send to the Attorney General a list of all Maricopa County Federal-Only Voters.

79. Recorder Richer has also failed, upon information and belief, to provide to the Attorney General the applications of all Maricopa County Federal-Only Voters.

***Pre-Litigation Efforts to Request Compliance***

80. On July 16, 2024, Plaintiff EZAZ.org sent to Recorder Richer a letter reminding him of his obligations to perform list maintenance and explaining how 1373/1644 Requests would allow him to fulfill those obligations.

81. The letter pointed out that Arizona law requires that he "shall review relevant ... federal databases to which the county recorder has access"[43] and that he is, therefore,

---

[41] 2022 Ariz. Legis. Serv. Ch. 99 (H.B. 2492); A.R.S. § 16-143(A).

[42] A.R.S. § 16-143(B).

[43] A.R.S. § 16-165(K).

obligated to submit 1373/1644 Requests to DHS for all Maricopa County Federal-Only Voters.

82. Through communications with Recorder Richer's counsel on July 23 and 24, Recorder Richer claimed that he already complies with all applicable State and federal laws related to voter registration.

83. This claim is false.

84. Recorder Richer also claimed he has no legal authority to submit 1373/1644 Requests to DHS about Maricopa County Federal-Only Voters.

85. This claim is false.

86. Recorder Richer also claimed that the Federal District of Arizona had ruled that using 1373/1644 Requests and SAVE for list maintenance violates the Voting Rights Act.

87. That claim is false.

88. Rather, the Federal District of Arizona ruled precisely the opposite, explicitly holding that "Arizona is entitled to investigate the citizenship status of registered voters to ensure that only qualified individuals are registered to vote.... For example, County recorders must check SAVE and/or NAPHSIS for all voters without DPOC, i.e., Federal-Only Voters."[44]

89. That court also specifically ordered that "Arizona may conduct SAVE checks on registered voters who have not provided DPOC."[45]

90. Recorder Richer also claimed that he has fully complied with the requirements of A.R.S. § 16-143, but failed to describe any steps he has taken to actually comply.

91. However, upon information and belief, Recorder Richer has failed to transmit a list of Maricopa County Federal-Only Voters to the Attorney General, as

---

[44] *Mi Familia Vota*, 2024 WL 862406 at *38.

[45] *Id.* at *57.

13