1    required by A.R.S. § 16-143.

2        92.    Additionally, upon information and belief, Recorder Richer has failed to

3    transmit the voter applications of Maricopa County Federal-Only Voters to the Attorney

4    General, as required by A.R.S. § 16-143.

5        93.    Upon information and belief, Recorder Richer is not complying with his

6    ongoing obligation under A.R.S. § 16-143 to transmit to the Attorney General updated lists

7    and applications of Federal-Only Voters as new voters register.

8        94.    Accordingly, his claim to be in compliance with A.R.S. § 16-143 is also false.

9
                                  **COUNT I**
10                      **Failure to Use "All Available Resources" for**
11                      **Voter List Maintenance of Federal-Only Voters**
                        **(Special Action, Declaratory, and Injunctive Relief)**
12                      **A.R.S. §§ 16-121.01(D), 12-1801, 12-1831, 12-1832,**
13                          **12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

14       95.    The Plaintiffs incorporate by reference the preceding allegations as if fully

15   set forth herein.

16       96.    Arizona law requires that "[w]ithin ten days after receiving an application for

17   registration ... that is not accompanied by satisfactory evidence of citizenship, the county

18   recorder ... shall use *all available resources* to verify the citizenship status of the

19   applicant."[46]

20       97.    A 1373/1644 Request is an "available resource[] to verify ... citizenship

21   status."[47]

22       98.    Recorder Richer refuses to submit 1373/1644 Requests to DHS to verify the

23   citizenship status of Federal-Only Voters.

24

25

26   _____

[46] A.R.S. § 16-121.01(D) (emphasis added).

[47] A.R.S. § 16-121.01(D).

99.    Recorder Richer has, therefore, failed to comply with his mandatory duty under A.R.S. § 121.01(D) to "use all available" resources to verify the citizenship status of Federal-Only Voters.

100.    Absent judicial intervention, Recorder Richer will continue to unlawfully fail to use "all available resources."

**COUNT II**
**Failure to Consult Accessible Databases for**
**Voter List Maintenance of Federal-Only Voters**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-121.01(D)(5), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

101.    The Plaintiffs incorporate by reference the preceding allegations as if fully set forth herein.

102.    Arizona law requires that, "at a minimum," County Recorders' list maintenance efforts for recently registered Federal-Only Voters must include a comparison of "the information available on the application for registration with" "[a]ny other ... federal database ... to which the county recorder or officer in charge of elections has access."[48]

103.    The information available through a 1373/1644 Request to DHS constitutes a "federal database" to which Recorder Richer has access.

104.    Recorder Richer refuses to submit 1373/1644 Requests to DHS to verify the citizenship status of Federal-Only Voters.

105.    Recorder Richer has, therefore, failed to consult a "federal database" "to which" he "has access."

106.    Accordingly, Recorder Richer is violating his mandatory duties under A.R.S. § 16-121.01(D)(5).

107.    Absent judicial intervention, Recorder Richer will continue to unlawfully fail to consult federal databases "to which" he "has access."

---

[48] A.R.S. § 16-121.01(D)(5).

**COUNT III**
**Failure to Conduct Regular Voter List Maintenance**
**of Federal-Only Voters Using Accessible Databases**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-165(K), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

108.   The Plaintiffs incorporate by reference the preceding allegations as if fully set forth herein.

109.   Arizona law requires that, as to all voter registrants, "[t]o the extent practicable, the county recorder shall review relevant ... federal databases to which the county recorder has access to confirm information obtained that requires cancellation of registrations pursuant to this section."[49]

110.   A registrant's lack of U.S. citizenship "requires cancellation of registration[]."

111.   Failure to provide DPOC is information about lack of citizenship.[50]

112.   Information suggesting a potential lack of citizenship requires confirmation using "relevant ... federal databases" to which Recorder Richer has access.

113.   The information available under a 1373/1644 Request to DHS constitutes a "federal database" to which Recorder Richer has access.

114.   Recorder Richer refuses to submit 1373/1644 Requests to DHS to verify the citizenship status of Federal-Only Voters.

115.   Recorder Richer has, therefore, failed to consult a "federal database" "to which" he "has access."

116.   Accordingly, Recorder Richer is violating his mandatory duties under A.R.S. § 16-165(K).

117.   Recorder Richer will continue to unlawfully neglect to consult federal databases "to which" he "has access" absent judicial intervention.

---

[49] A.R.S. § 16-165(K).

[50] See, e.g., §§ 16-121.01(C)-(F), -165(A)(10), and -166(F).

**COUNT IV**
**Failure to Send Information About**
**Federal-Only Voters to the Attorney General**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-143, 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

118.    The Plaintiffs incorporate by reference the preceding allegations as if fully set forth herein.

119.    Arizona law requires that "each county recorder shall make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to § 16-166 and shall provide, on or before October 31, 2022, the applications of individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to § 16-166."[51]

120.    Upon information and belief, Recorder Richer has not made available or provided to the Attorney General the required information about Federal-Only Voters.

121.    Recorder Richer will continue to unlawfully neglect to provide the required information to the Attorney General absent judicial intervention.

**PRAYER FOR RELIEF**

Based on the preceding, the Plaintiffs respectfully request relief in the following forms:

A. A declaration under A.R.S. §§ 12-1831, -1832 and special action and injunctive relief under Arizona Rule of Special Action Procedure 3, A.R.S. §§ 12-1801, -2021, Ariz. R. Civ. P. 65, or other applicable law that:

    1. A 1373/1644 Request is an "available resource[] to verify ... citizenship status" under A.R.S. § 16-121.01(D); that Maricopa County Recorder has had a mandatory and ongoing obligation to conduct such checks for every Maricopa County Federal-Only Voter who has registered since A.R.S. § 16-121.01(D) became effective; and that Recorder Richer shall submit 1373/1644 Requests to DHS for all such Federal-Only Voters;

---

[51] A.R.S. § 16-143(A).

17

2. A 1373/1644 Request to DHS constitutes a "federal database" to which Recorder Richer has access under A.R.S. § 16-121.01(D)(5); that the Maricopa County Recorder has had a mandatory and ongoing obligation to submit 1373/1644 Requests for every Maricopa County Federal-Only Voter who has registered since A.R.S. § 16-121.01(D)(5) became effective; and that Recorder Richer shall submit 1373/1644 Requests to DHS for all such Federal-Only Voters;

3. A registrant's failure to provide DPOC constitutes information about lack of citizenship that, if true, would require cancellation of registration and which the Maricopa County Recorder has an ongoing mandatory duty to confirm under A.R.S. § 16-165(K); that the information available under a 1373/1644 Request to DHS constitutes a "federal database" to which Recorder Richer has access under A.R.S. § 16-165(K); that the Maricopa County Recorder has a mandatory and ongoing obligation under A.R.S. § 16-165(K) to submit 1373/1644 Requests for every Maricopa County Federal-Only Voter; and that Recorder Richer shall submit 1373/1644 Requests to DHS for all such Federal-Only Voters; and

4. Recorder Richer has a mandatory and ongoing obligation to make available to the Attorney General a list of all Maricopa County Federal-Only Voters and must provide to the Attorney General the voter registration applications of all such individuals; that Recorder Richer shall send to the Attorney General a list of all Maricopa County Federal-Only Voters as well as their voter registration applications; and that Recorder Richer shall weekly transmit to the Attorney General a list of all new Federal-Only Voter registrants and their applications.

B. An award of reasonable attorneys' fees and costs under A.R.S. §§ 12-341, -348, -2030, the private attorney general doctrine, and other applicable law.

C. For such other relief as the Court deems just and proper

18

1   RESPECTFULLY SUBMITTED this 5th of August, 2024.

2

3                              **America First Legal Foundation**

4                              By:

5                                  James K. Rogers (No. 027287)
                                    *Senior Counsel*
6                                  America First Legal Foundation
                                    611 Pennsylvania Ave., SE #231
7                                  Washington, D.C. 20003
                                    Phone: (202) 964-3721
8                                  James.Rogers@aflegal.org

9

10                             **Jennifer Wright Esq., Plc**

11                             By:  */s/Jennifer J. Wright (with permission)*

12                                 Jennifer J. Wright (027145)
                                    4350 E. Indian School Rd
13                                 Suite #21-105
                                    Phoenix, Arizona 85018
14                                 jen@jenwesq.com

15
                                   *Attorneys for Plaintiffs*
16

17

18

19

20

21

22

23

24

25

26

Attachment 4

*Server: Gary D. Steiner*
*VR*

CLERK
BOARD OF SUPERVISOR'S
MARICOPA COUNTY

**2024 AUG -7  PM 2: 57**

Person Filing: James Rogers
Address (if not protected): 611 Pennsylvania Ave., SE #231
City, State, Zip Code: Washington, DC 20003
Telephone: (202) 964-3721
Email Address: james.rogers@aflegal.org
Lawyer's Bar Number: 027287

Representing ☐ Self, without a Lawyer or ☒ Attorney for ☒ Plaintiff OR ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

**CV2024-020835**

Strong Com. Found. of AZ; Yvonne Cahill

Name of Plaintiff

Case No.: _____

And

## SUMMONS

Maricopa County

Name of Defendant

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the

**WARNING: This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.**

## FROM THE STATE OF ARIZONA TO: Maricopa County

Name of Defendant

1. **A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons."***

2. **If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:**

   - **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR***

   - **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR***

   - **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR***

   - **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

   **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

Case Number: _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served.  Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    -   601 West Jackson, Phoenix, Arizona 85003
    -   18380 North 40th Street, Phoenix, Arizona 85032
    -   222 East Javelina Avenue, Mesa, Arizona 85210
    -   14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

7.  Eviction Actions/Forcible Detainers: If you want to request a telephonic hearing, please contact the judge assigned to your case. If you do not know your assigned judge, or have not been assigned a judge, please contact Civil Court Administration at 602-506-1497.

COPY

SIGNED AND SEALED this date

CLERK OF SUPERIOR COURT  — 5 2024

CLERK OF THE SUPERIOR COURT
J. WOOD
DEPUTY CLERK

By_____
Deputy Clerk

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 031820

COPY

Person Filing: _____ James Rogers _____
Address (if not protected): __ 611 Pennsylvania Ave., SE #231 __
City, State, Zip Code: _____ Washington, DC 20003 _____
Telephone: _____ (202) 964-3721 _____
Email Address: _____ james.rogers@aflegal.org _____
Representing [  ] Self or [ X ] Attorney for __the Plaintiffs_____
Lawyer's Bar Number: _____ 027287 _____

AUG - 5 2024

COURT
SEAL

CLERK OF THE SUPERIOR COURT
J. WOOD
DEPUTY CLERK

## SUPERIOR COURT OF ARIZONA
### IN __ Maricopa _____ COUNTY

STRONG COMMUNITIES FOUNDATION OF
ARIZONA INCORPORATED, and YVONNE
CAHILL;
_____
_____

**PLAINTIFFS**

vs.

STEPHEN RICHER, in his official Capacity as
Maricopa County Recorder; MARICOPA;
COUNTY
_____
_____
_____
_____

**DEFENDANTS**

**Case Number:** CV2024-020835
_____
_____
_____

**CERTIFICATE OF COMPULSORY
ARBITRATION**

The undersigned certifies that the largest award sought by the complainant, including punitive damages,
but excluding interest, attorneys' fees, and costs [  ] **does** [X ] **does not** exceed limits set by Local Rule
for compulsory arbitration. This case [  ] **is** [X ] **is not** subject to compulsory arbitration as provided in
Rules 72 through 77 of the Rules of Civil Procedure.

**SUBMITTED this** __5th____ **day of** August _____, 2024_.

BY _____

COPY

AUG – 5 2024

CLERK OF THE SUPERIOR COURT
J. WOOD
DEPUTY CLERK

**AMERICA FIRST LEGAL FOUNDATION**

James K. Rogers (No. 027287)
*Senior Counsel*
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
James.Rogers@aflegal.org

*Attorneys for Plaintiffs*

**JENNIFER WRIGHT ESQ., PLC**

Jennifer J. Wright (No. 027145)
4350 E. Indian School Rd
Suite #21-105
Phoenix, Arizona 85018
jen@jenwesq.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

STRONG COMMUNITIES
FOUNDATION OF ARIZONA
INCORPORATED; and YVONNE
CAHILL;

   Plaintiffs,

  v.

STEPHEN RICHER, in his official
capacity as Maricopa County Recorder;
and MARICOPA COUNTY;

Defendant.

Case No. CV2024-020835

**APPLICATION FOR ORDER TO
SHOW CAUSE**

  Pursuant to Rule 4(c) of the Arizona Rules for Special Procedure for Special Actions
and Rule 7.3 of the Arizona Rules of Civil Procedure, Plaintiffs Strong Communities
Foundation of Arizona Incorporated, and Yvonne Cahill by and through undersigned
counsel, respectfully move for an Order (i) directing the Defendants to show cause why
Plaintiffs should not be granted the relief sought in Plaintiffs' Complaint for Special Action
Relief ("Complaint") and this Application, and (ii) setting a return hearing.

  As this is a statutory special action where the show cause procedure is being
employed, "the court shall set a speedy return date" on this Application. Ariz. R. Spec. Act.
P. 4(c). Thus, the Plaintiffs request this Court order that (1) Defendants shall file a response
to Plaintiffs' Complaint for Special Action by no later than August 9, 2024 at 5:00pm; (2)
Plaintiffs may file a reply by no later than August 12, 2024 at 5:00pm; and (3) Defendants
shall appear at the earliest date and time available to the Court to show why the requested

1

1   relief should not be granted.

2       Special action relief is appropriate when an officer "has failed… to perform a duty
3   required by law as to which he has no discretion."[1] As detailed in the Complaint, that is
4   precisely the case here. The Maricopa County Recorder Stephen Richer ("Recorder
5   Richer") flatly refuses to use all available resources, as required by law, to ensure that
6   foreign citizens are not registered to vote.

7       Arizona law provides two specific requirements for confirming the citizenship
8   status of a registrant who has failed to provide DPOC. First, within ten days of receiving a
9   voter registration without DPOC, "the county recorder… shall use all available resources
10  to verify the citizenship status of the applicant" including "[a]ny other… federal
11  database… to which the county recorder… has access."[2] Second, "each month the county
12  recorder shall compare persons who are registered to vote" that failed to provide DPOC
13  against the "systematic alien verification for entitlements program" and "federal databases
14  to which the county recorder has access[.]"[3]

15      Arizona law also requires that the "county recorder shall make available to the
16  attorney general a list of all individuals who are registered to vote and who have not
17  provided satisfactory evidence of citizenship."[4]

18      As detailed in the Complaint, this is a special action to compel the Defendants to
19  perform its mandatory duty to perform required voter registration list maintenance to
20  ensure only qualified electors are eligible to vote in the November General Election. *See*
21  *generally*, Complaint ("Comp."). Specifically, Maricopa County publicly reported that as
22  of July 1, 2024, there are 26,108 voters who have failed to provide valid documentary proof
23  of citizenship (DPOC). Comp. ¶ 31. Yet, despite this extremely high number of registered

24

---

25  [1] Ariz. R. Spec. Act. P. 3(a).
26  [2] A.R.S. § 16-121.01(D).
    [3] A.R.S. § 16-165(I),(K).
    [4] A.R.S. § 16-143(A).

voters that failed to provide evidence the voter is a United States citizen, Maricopa County has refused to perform its mandatory duty under state and federal law to compare those registered voters against relevant and available federal databases. *See* Comp. ¶¶ 83-97.

In 2020, the presidential election in Arizona was decided by just 10,457 votes.[5] In Maricopa County alone, there are 2.5 times that number of voters whose citizenship status is unknown. Recorder Richer has a statutory duty to ensure there are no known foreign citizens registered to vote in Maricopa County; and he must do so before the November General Election.

Absent this Court's intervention, Recorder Richer will continue to refuse to perform his mandatory duty to consult federal databases regarding voters who are registered to vote, yet failed to provide DPOC. His failure to perform his mandatory duty could result in an outcome determinative number of illegal votes to be cast in the November General Election.  This Court can and should intervene to compel Recorder Richer to perform his mandatory voter registration duties to ensure that only legal votes are cast in the November General Election

RESPECTFULLY SUBMITTED this 5th of August, 2024.

**America First Legal Foundation**

By:

James K. Rogers (No. 027287)
*Senior Counsel*
America First Legal Foundation
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
James.Rogers@aflegal.org

---

[5] ARIZONA SECRETARY OF STATE'S OFFICE, *State of Arizona Official Canvass* (Nov. 24, 2020), https://tinyurl.com/4ys66jnh.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Jennifer Wright Esq., Plc**

By: _/s/ Jennifer J. Wright_ (with permission)
Jennifer J. Wright (027145)
4350 E. Indian School Rd
Suite #21-105
Phoenix, Arizona 85018
jen@jenwesq.com

1

## **Rule 80 Declaration**

2

I, Merissa Hamilton, in my capacity as President of Strong Communities Foundation of

3

Arizona, Incorporated, declare under penalty of perjury of the laws of the State of Arizona

4
5

that the foregoing Application for Order to Show Cause and Plaintiffs' Complaint for

6

Special Action Relief is true and correct and that this Declaration is executed by me on the

7

5th day of August, 2024, in Maricopa County, Arizona.

8

9

10

Merissa Hamilton

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5

1

2

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF _____**

| | |
|---|---|
| 3  STRONG COMMUNITIES | Case No. _____ |
| 4  FOUNDATION OF ARIZONA | |
| INCORPORATED, and YVONNE | |
| 5  CAHILL; | **[PROPOSED]** |
| 6         Plaintiffs, | |
| v. | **ORDER TO SHOW CAUSE** |
| 7 | |
| 8  MARICOPA COUNTY; BILL GATES, | |
| STEVE    GALLARDO,    THOMAS | |
| 9  GALVIN,  CLINT  HICKMAN,  and | |
| JACK  SELLERS,  in  their  respective | |
| 10  official  capacities  as  members  of  the | |
| 11  Maricopa County Board of Supervisors; | |
| and STEPHEN RICHER, in his official | |
| 12  capacity as Maricopa County Recorder; | |
| 13 | |
| 14         Defendants. | |

15

16         Upon consideration of Plaintiffs' Application for Order to Show Cause, and good

17    cause appearing,

18         **IT IS ORDERED** setting a return hearing on the Application for Order to Show

19

20    Cause for _____ day of _____, 2024 at _____ before _____

21    _____.

22         **IT IS FURTHER ORDERED** that a copy of this Order to Show Cause shall be

23

24    served upon Defendants no later than _____ pm/am on _____, 2024.

25         DATED this _____ day of _____, 2024

26                                    _____

27                                    Judge of the Superior Court

28

COPY

AUG – 5 2024

CLERK OF THE SUPERIOR COURT
J. WOOD
DEPUTY CLERK

1

**AMERICA FIRST LEGAL FOUNDATION**

James K. Rogers (No. 027287)
  *Senior Counsel*
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
James.Rogers@aflegal.org

**JENNIFER WRIGHT ESQ., PLC**

Jennifer J. Wright (No. 027145)
4350 E. Indian School Rd
Suite #21-105
Phoenix, Arizona 85018
jen@jenwesq.com

*Attorneys for Plaintiffs*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| STRONG COMMUNITIES FOUNDATION OF ARIZONA INCORPORATED, and YVONNE CAHILL; | Case No. CV 2024-020835 |
| Plaintiffs, | **PLAINTIFFS' COMPLAINT FOR SPECIAL ACTION RELIEF** |
| v. | |
| STEPHEN RICHER, in his official capacity as Maricopa County Recorder; MARICOPA COUNTY; | |
| Defendants. | |

The Plaintiffs hereby allege and state as follows:

**INTRODUCTION**

1.      It is against State and federal law for foreign citizens[1] to register to vote.[2]

2.      Sixty percent of Arizonans "are concerned that cheating will affect the outcome of the 2024 election."[3]

3.      A July 2024 survey of likely voters in Arizona and five other states found that "a little more than one percent (1%) of Likely Voters say they're not U.S. citizens."[4]

4.      Many recent electoral races in Arizona have been decided by margins of less than one percent.

5.      In 2022, the Legislature adopted stricter voter list maintenance requirements for County Recorders.[5]

6.      The Legislature adopted these requirements to ensure that County Recorders remove foreign citizens from voter lists and to allay Arizonans' reasonable concerns about foreign citizen voting.

7.      Federal law also requires State and local election officials, including County Recorders, to perform voter list maintenance to ensure that "voters ... who are not eligible to vote [in federal elections] are removed."[6]

---

[1] In this Complaint, the term "foreign citizen" means "any person not a citizen or national of the United States," which is the defined meaning for the term "alien" in federal law. 8 U.S.C.A. § 1101(a)(3).

[2] *See, e.g.*, Ariz. Const. art. VII, § 2(A) (requiring that all voters be U.S. citizens); A.R.S. § 16-101(A)(1) (same); 18 U.S.C. § 1015(f) (knowingly making "any false statement or claim that he is a citizen of the United States in order to register to vote or to vote in any Federal, State, or local election" subjects an alien to five years' imprisonment or fine).

[3] *Arizona: Trump 47%, Biden 40%*, RASMUSSEN REPORTS, (June 14, 2024), https://tinyurl.com/59y4zjsf.

[4] *62% Concerned About Election Cheating*, RASMUSSEN REPORTS, (Jul. 24, 2024), https://tinyurl.com/yckyyy9p.

[5] *See, e.g.*, 2022 Ariz. Legis. Serv. Ch. 370 (H.B. 2243); 2022 Ariz. Legis. Serv. Ch. 99 (H.B. 2492); 16 A.R.S. §§ 121.01, 143, and 165.

[6] 52 U.S.C. § 21083(a)(2)(B)(ii); *see also* 52 U.S.C. § 21083(a)(2)(A) and (a)(4)(A).

8. Puzzlingly, Maricopa County Recorder Stephen Richer has ignored these requirements. He has failed to take the actions required by law to ensure that foreign citizens are removed from Maricopa County's voter rolls.

9. This lawsuit seeks to restore public trust in our State's electoral system by holding Recorder Richer accountable for his failures and to ensure that the list maintenance required by the law—and common sense—is performed.

## PARTIES

10. Plaintiff Strong Communities Foundation of Arizona Incorporated ("EZAZ.org") is a nonprofit organization in Arizona.

11. EZAZ.org is an Arizona-focused grassroots organization headquartered in Maricopa County. Its mission is to make civic participation easy and accessible for all Americans. It trains Arizonans about becoming more civically involved and offers community neighborhood events to engage neighbors who want to stay informed but are generally not civically engaged.

12. An essential part of the mission of EZAZ.org to increase civic engagement is ensuring that Arizona's elections are free, fair, and lawfully administered, which includes proper voter list maintenance.

13. Together with its associated 501(c)4 organization, EZAZ.org has 59,000 subscribers to its mailing list. It has received donations from 4,305 people and conducts 90 or more public events per year. It conducts significant voter outreach and education, including in Maricopa County. It reached over 150,000 voters in 2022. Its donors, subscribers, and followers view it as the public voice for their concerns.

14. EZAZ.org's members include Arizona citizens and voters registered in Maricopa County who are affected by Recorder Richer's unlawful failure to comply with required voter list maintenance practices.

15. As such, EZAZ.org is a party that is beneficially interested in the proper conduct of elections, including voter list maintenance, in Maricopa County.

2

16.     Plaintiff Yvonne Cahill is a resident of Maricopa County, where she is registered to vote. Cahill regularly votes in Arizona's primary and general elections. She plans to vote in Arizona's upcoming federal and state elections. She is a naturalized citizen of the United States.

17.     As a result, Cahill has a clear interest in supporting the enforcement of Arizona's election laws, including list maintenance requirements.

18.     Defendant Stephen Richer is the Maricopa County Recorder, a constitutionally created public office. Ariz. Const. art. XII, § 3. He is sued in his official capacity. The County Recorder is one of the principal elections officers of Maricopa County and is responsible for overseeing and directing numerous components of election administration within the county, including verifying the citizenship of registered voters and other voter list maintenance.[7]

19.     Defendant Maricopa County is a political subdivision of the State of Arizona. Recorder Richer is an officer of the county. A.R.S. § 11-401(A)(2). Maricopa County has the power under state law to "[s]ue and be sued." A.R.S. § 11-201(A)(1); *see also Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 487 ¶ 12 (App. 2010).

## JURISDICTION

20.     The events and omissions giving rise to this action occurred in Maricopa County.

21.     This Court has subject matter jurisdiction over the Plaintiffs' claims under Article VI, sections 14 and 18 of the Arizona Constitution. The Court further has subject matter jurisdiction and the authority to grant relief under A.R.S. §§ 12-122, -123(B), -1801, -1831, -1832, -2021, Ariz. R. Civ. P. 65, and Ariz. R. Special Actions ("RPSA") Rules 3 and 4.

22.     Venue lies in Maricopa County pursuant to RPSA 4(b) and A.R.S. § 12-401 because Record Richer resides and holds office in Maricopa County.

---

[7] *See, e.g.,* A.R.S. §§ 16-121.01, -143, -165, and -166.

3

23.     This Court has jurisdiction over the Defendants.

**GENERAL ALLEGATIONS**

24.     Because it is illegal for any foreign national to register to vote, or to vote, there is no reason for a foreign national to be on voter rolls in this State.

*Arizona's Federal-Only Voters*

25.     Arizona law requires that persons registering to vote provide documentary proof of citizenship (DPOC).[8] However, the U.S. Supreme Court has held that the State may not impose these voter registration requirements for registrants who use the federal voter registration form.[9]

26.     Because the National Voter Registration Act (NVRA) requires States to "accept and use"[10] the federal form issued by the Election Assistance Commission (EAC),[11] and because that form does not require DPOC, the Supreme Court held in *Arizona v. Inter Tribal Council of Arizona, Inc.* ("*Inter Tribal Council*") that "the NVRA forbids States to demand that an applicant submit additional information beyond that required by the Federal Form."[12]

27.     However, because Arizona may establish its own requirements for state and local elections, and because State law requires DPOC, registering to vote in state and local elections still requires that the registrant provide DPOC.

28.     Therefore, Arizona has a unique bifurcated system of voter registration whereby voters who have registered without providing DPOC (Federal-Only Voters) are

---

[8] A.R.S. § 16-166(F).

[9] *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013).

[10] 52 U.S.C. § 20505(a)(1).

[11] The NVRA originally delegated this authority to the Federal Election Commission. NATIONAL VOTER REGISTRATION ACT OF 1993, PL 103–31, May 20, 1993, 107 Stat 77 § 6(a)(1). The Help America Vote Act transferred this authority to the EAC.

[12] *Intertribal Council*, 570 U.S. at 15.

4

only allowed to vote in primary and general elections for candidates running in federal races.

29.     According to the Arizona Secretary of State's Office, as of April 2024, 35,273 registered voters in Arizona had failed to provide proof of citizenship and were, therefore, registered only to vote in federal races.[13]

30.     The number of Federal-Only Voters in Maricopa County increases each month.

31.     On July 1, 2024, when Maricopa County disclosed its A.R.S. § 16-161(B) report, there were 26,108 Federal-Only Voters, increase from the 21,595 Federal-Only Voters reported by Maricopa on April 1, 2024.[14]

32.     This means that in just three months, the number of Federal-Only Voters increased by an astounding 21%.

***Voter List Maintenance Requirements***

33.     The U.S. Supreme Court also held in *Inter Tribal Council* that the NVRA "*does not preclude States from denying registration based on information in their possession establishing the applicant's ineligibility.*"[15] Further, the Court noted that the NVRA only requires states to register eligible persons.[16] Nor does the Court's decision in *Inter Tribal Council* prohibit States from engaging in the voter list maintenance procedures required by the Help America Vote Act (HAVA),[17] such as inquiring about the citizenship or immigration status of potentially ineligible voters on voter rolls.

34.     Further, despite its prohibition on requiring evidence of citizenship status

---

[13] ARIZONA SECRETARY OF STATE'S OFFICE, *Federal Only Registrants as of April 1st, 2024*, (Apr. 1, 2024), https://tinyurl.com/3apvrxub.

[14] MARICOPA COUNTY ELECTIONS, *Historical Voter Registration Totals* (2024), https://tinyurl.com/y64sybxe.

[15] *Intertribal Council*, 570 U.S. at 15.  (cleaned up) (emphasis added).

[16] *Id.*

[17] 52 U.S.C. § 21083(a)(2)(A), (a)(2)(B)(ii), (a)(4)(A).

beyond the four corners of the EAC's federal voter registration form, the U.S. Supreme Court acknowledged that States nevertheless could access information via other means to help them resolve questions about a voter registration applicant's citizenship status.

35.     In 2022, the Legislature enacted, and Governor Ducey signed, H.B. 2492 and H.B. 2243,[18] which, among other things, amended Arizona's election statutes to impose stricter voter list maintenance requirements for Federal-Only Voters.

36.     Those requirements mandate that County Recorders perform monthly list maintenance to confirm the citizenship of all Federal-Only Voters.[19]

37.     Recorder Richer has failed to perform this required list maintenance.

38.     Those requirements also require County Recorders to perform list maintenance within ten days for all newly registered Federal-Only Voters to verify citizenship.[20]

39.     Recorder Richer has failed to perform this required list maintenance.

40.     One obstacle to performing such list maintenance is that Secretary of State Adrian Fontes has neglected to obtain access for list maintenance to the three databases that the statutes specifically require be consulted to verify citizenship: the U.S. Department of Homeland Security's (DHS) Systematic Alien Verification for Entitlements (SAVE)[21], the Social Security Administration (SSA) database[22], and the National Association for Public Health Statistics and Information Systems (NAPHSIS) electronic verification of vital events system (EVVE).[23]

---

[18] 2022 Ariz. Legis. Serv. Ch. 370 (H.B. 2243); 2022 Ariz. Legis. Serv. Ch. 99 (H.B. 2492).

[19] A.R.S. § 16-165.

[20] A.R.S. § 16-143(D).

[21] A.R.S. §§ 16-121.01(D)(3) and -165(I).

[22] A.R.S. §§ 16-121.01(D)(2) and -165(H).

[23] A.R.S. §§ 16-121.01(D)(4) and -165(J).

41.     However, State and federal law impose additional list maintenance obligations beyond just consulting these three databases.

42.     State law also requires that "[w]ithin ten days after receiving an application for registration on a form produced by the United States election assistance commission that is not accompanied by satisfactory evidence of citizenship, the county recorder or other officer in charge of elections *shall use all available resources* to verify the citizenship status of the applicant...."[24]

43.     State law also requires that County Recorders "at a minimum shall compare the information available on the application for registration with the following, provided the county has access.... Any other ... federal database ... to which the county recorder or officer in charge of elections has access...."[25]

44.     Additionally, for all registrants, State law requires that "[t]o the extent practicable, the county recorder shall review relevant ... federal databases to which the county recorder has access to confirm information obtained that requires cancellation of registrations pursuant to this section."[26]

45.     Additionally, federal law requires "local election official[s]" to "perform list maintenance" of their voter rolls and to ensure that "voters ... who are not eligible to vote [in federal elections] are removed."[27] It also requires that election officials "ensure that voter registration records in the State are accurate and are updated regularly, including .... [a] system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters."[28]

---

[24] A.R.S. § 16-121.01(D) (emphasis added).

[25] A.R.S. § 16-121.01(D) and (D)(5) (emphasis added).

[26] A.R.S. § 16-165(K).

[27] 52 U.S.C. § 21083(a)(2)(A) and (a)(2)(B)(ii).

[28] 52 U.S.C. § 21083(a)(4)(A).

7

46.     Because it is illegal for foreign citizens to register to vote in federal elections, any foreign citizen who is registered to vote is ineligible. Therefore, federal law requires County Recorders to "perform list maintenance" and to engage in "reasonable efforts" to ensure that foreign citizens are not registered to vote.

***SAVE, SSA, and EVVE are Insufficient to Definitively Verify Citizenship***

47.     Even if Recorder Richer had access to SAVE, SSA, and EVVE for list maintenance, these three databases would be insufficient to definitively verify the citizenship of all Federal-Only Voters.

48.     Only consulting SAVE, SSA, and EVVE to verify citizenship, without more, is insufficient to fulfill a County Recorder's list maintenance duties under State and federal law.

***SAVE***

49.     SAVE is hobbled by a critical design flaw: The system requires at least one of the following specific "numeric identifier[s]": "Alien/ USCIS Number (A-Number)," "Form 1-94, Arrival/Departure Record Number," "Student and Exchange Visitor Information System (SEVIS) ID number," "Naturalization / Citizenship Certificate Number," "Card / 1-797 Receipt Number," "Visa Number," or "Foreign Passport Number (if entered along with a U.S. immigration enumerator)."[29]

50.     As a federal judge recently observed, "the [EAC's] Federal Form does not include a space for registrants to provide this information" about "immigration numbers."[30]

---

[29] *Tutorial: Introduction to SAVE and the Verification Process for SAVE Users*, DEP'T OF HOMELAND SEC., (Mar. 2024), https://tinyurl.com/msek795k.

[30] *Mi Familia Vota v. Fontes*, --- F.Supp.3d ----, 2024 WL 862406, at *6 (D. Ariz. 2024).

8

51.   Furthermore, SAVE does not process social security or driver's license numbers, which are the ID numbers that registrants are most likely to provide on their voter registration forms.[31]

52.   Thus, in practice, SAVE is practically useless for verifying the citizenship of voter registrants because it can only provide citizenship information if a registrant has provided the specific numeric identifiers that are the searchable variables in SAVE, and none of these identifiers are required under the current version of the EAC federal voter registration form, nor are they required on Arizona's state voter registration form.

***SSA and EVVE***

53.   A federal judge recently found that "county recorders currently do not have access to NAPHSIS [EVVE] or the SSA database."[32]

54.   Even if County Recorders had access to SSA, they would be insufficient to verify citizenship.

55.   As one federal judge recently noted: "[Arizona] [c]ounty recorders ... lack direct access to SSA records.... Approximately one quarter of SSA records lack citizenship information," and "the federal government does not allow access to this [citizenship] information."[33]

56.   Furthermore, even if County Recorders had access to EVVE, it would be insufficient to verify citizenship.

57.   NAPHSIS is a nonprofit organization that represents state and local vital records, health statistics and information system agencies.

---

[31] *See, e.g., Register to Vote in your State by Using this Postcard Form and Guide* at 3-4, U.S. ELECTION ASSISTANCE COMMISSION, https://tinyurl.com/4wj6vm6r (Arizona-specific instructions from the EAC for filling out the federal voter registration form requiring registrants to provide, if available, a driver license number or the last four digits of their social security number).

[32] *Mi Familia Vota*, 2024 WL 862406, at *5.

[33] *Mi Familia Vota*, 2024 WL 862406, at *7 (cleaned up).

58.     NAPHSIS's EVVE database contains information on most births in the United States.

59.     However, EVVE does not have information about births in Texas.[34]

60.     EVVE, therefore, is insufficient for verifying citizenship because it cannot verify the birth of anyone born in Texas.

61.     EVVE is also insufficient for verifying citizenship because it cannot verify the citizenship of U.S. citizens who were not born in the United States.

62.     EVVE thus does not contain information about the births of persons born overseas who acquire citizenship at birth because one or more of their parents are U.S. citizens.[35]

63.     NAPHSIS also cannot be used to verify the citizenship of naturalized citizens.

***Federal Law Entitles County Recorders to Submit Citizenship Inquiries to DHS***

64.     Fortunately, there is an easy method for County Recorders to confirm the citizenship of Federal-Only Voters, and this method does not require the use of SAVE, SSA, or EVVE.

65.     The Immigration and Nationality Act (INA), at 8 U.S.C. § 1373, requires DHS to "respond to an inquiry by a Federal, State, or local government agency, seeking to verify or ascertain the citizenship or immigration status of *any individual* within the jurisdiction of the agency for *any purpose authorized by law*, by providing the requested verification or status information."[36]

66.     Verification of a voter registrant's citizenship is a purpose authorized by law.[37]

---

[34] *Participating Jurisdictions*, NAPHSIS, (accessed on Jul. 29, 2024), https://tinyurl.com/ycdtehu9.

[35] *See* 8 U.S.C. §§ 1401-1409; *Sessions v. Morales-Santana*, 582 U.S. 47 (2017).

[36] 8 U.S.C. § 1373(c) (emphasis added).

[37] *See supra* ¶¶ 1, 25-46.

10

67.     The INA also states, in 8 U.S.C. § 1644, that "*[n]otwithstanding any other provision of Federal, State, or local law*, no State or local government entity may be prohibited, *or in any way restricted*, from sending to or receiving from ... [DHS] information regarding the immigration status, lawful or unlawful, of an alien in the United States."[38]

68.     Because 8 U.S.C. § 1644 expressly preempts any other federal or State law provisions, no other federal or State law could prevent a County Recorder from submitting citizenship confirmation requests to DHS.[39]

69.     The citizenship information to which County Recorders are lawfully entitled under 8 U.S.C. §§ 1373 and 1644 qualifies as an "available resource[]" under A.R.S. § 16-121.01(D).

70.     Therefore, County Recorders have a mandatory obligation under A.R.S. § 16-121.01(D) to submit citizenship confirmation requests for registrants who failed to provide DPOC to DHS under 8 U.S.C. §§ 1373 and 1644 ("1373/1644 Requests").

71.     The citizenship information to which County Recorders are lawfully entitled under 8 U.S.C. §§ 1373 and 1644 qualifies as a "relevant ... federal database[] to which the county recorder has access" under A.R.S. §§ 16-121.01(D) and -165(K).

72.     Therefore, County Recorders have a mandatory obligation under A.R.S. § 16-121.01 and -165(K) to submit 1373/1644 Requests to DHS.

73.     County Recorder submissions of 1373/1644 Requests about Federal-Only Voters are also consistent with, and required by, County Recorders' obligations under federal law to conduct "list maintenance" and make "reasonable effort[s]" to remove potentially ineligible voters.[40]

---

[38] 8 U.S.C. § 1644 (emphasis added).

[39] *See* U.S. Const. art. VI, cl. 2.

[40]  52 U.S.C. § 21083(a)(2)(A), (a)(4)(A), and (a)(2)(B)(ii).

***County Recorder Obligations to Provide to the Attorney General a List of Federal-Only Voters***

74.     Additionally, H.B. 2492 required that County Recorders "shall make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship" and also that they "shall provide ... the applications of individuals who are registered to vote and who have not provided satisfactory evidence of citizenship."[41]

75.     The Legislature imposed this requirement on County Recorders so that the Attorney General could fulfill her obligation that she "shall use all available resources to verify the citizenship status of the applicant[s]."[42]

76.     This statutory provision requiring Recorders to transmit the information and registration applications about Federal-Only Voters to the Attorney General is currently in force and not enjoined by any court.

77.     Yet, surprisingly, Recorder Richer has failed to comply.

78.     Specifically, upon information and belief, Recorder Richer has failed to send to the Attorney General a list of all Maricopa County Federal-Only Voters.

79.     Recorder Richer has also failed, upon information and belief, to provide to the Attorney General the applications of all Maricopa County Federal-Only Voters.

***Pre-Litigation Efforts to Request Compliance***

80.     On July 16, 2024, Plaintiff EZAZ.org sent to Recorder Richer a letter reminding him of his obligations to perform list maintenance and explaining how 1373/1644 Requests would allow him to fulfill those obligations.

81.     The letter pointed out that Arizona law requires that he "shall review relevant ... federal databases to which the county recorder has access"[43] and that he is, therefore,

---

[41] 2022 Ariz. Legis. Serv. Ch. 99 (H.B. 2492); A.R.S. § 16-143(A).

[42] A.R.S. § 16-143(B).

[43] A.R.S. § 16-165(K).

12

obligated to submit 1373/1644 Requests to DHS for all Maricopa County Federal-Only Voters.

82.     Through communications with Recorder Richer's counsel on July 23 and 24, Recorder Richer claimed that he already complies with all applicable State and federal laws related to voter registration.

83.     This claim is false.

84.     Recorder Richer also claimed he has no legal authority to submit 1373/1644 Requests to DHS about Maricopa County Federal-Only Voters.

85.     This claim is false.

86.     Recorder Richer also claimed that the Federal District of Arizona had ruled that using 1373/1644 Requests and SAVE for list maintenance violates the Voting Rights Act.

87.     That claim is false.

88.     Rather, the Federal District of Arizona ruled precisely the opposite, explicitly holding that "Arizona is entitled to investigate the citizenship status of registered voters to ensure that only qualified individuals are registered to vote.... For example, County recorders must check SAVE and/or NAPHSIS for all voters without DPOC, i.e., Federal-Only Voters."[44]

89.     That court also specifically ordered that "Arizona may conduct SAVE checks on registered voters who have not provided DPOC."[45]

90.     Recorder Richer also claimed that he has fully complied with the requirements of A.R.S. § 16-143, but failed to describe any steps he has taken to actually comply.

91.     However, upon information and belief, Recorder Richer has failed to transmit a list of Maricopa County Federal-Only Voters to the Attorney General, as

---

[44] *Mi Familia Vota*, 2024 WL 862406 at *38.

[45] *Id.* at *57.

1    required by A.R.S. § 16-143.

2        92.    Additionally, upon information and belief, Recorder Richer has failed to

3    transmit the voter applications of Maricopa County Federal-Only Voters to the Attorney

4    General, as required by A.R.S. § 16-143.

5        93.    Upon information and belief, Recorder Richer is not complying with his

6    ongoing obligation under A.R.S. § 16-143 to transmit to the Attorney General updated lists

7    and applications of Federal-Only Voters as new voters register.

8        94.    Accordingly, his claim to be in compliance with A.R.S. § 16-143 is also false.

9
                                    **COUNT I**
10                **Failure to Use "All Available Resources" for**
                **Voter List Maintenance of Federal-Only Voters**
11              **(Special Action, Declaratory, and Injunctive Relief)**
                **A.R.S. §§ 16-121.01(D), 12-1801, 12-1831, 12-1832,**
12                  **12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

13       95.    The Plaintiffs incorporate by reference the preceding allegations as if fully

14   set forth herein.

15       96.    Arizona law requires that "[w]ithin ten days after receiving an application for

16   registration ... that is not accompanied by satisfactory evidence of citizenship, the county

17   recorder ... shall use *all available resources* to verify the citizenship status of the

18   applicant."[46]

19       97.    A 1373/1644 Request is an "available resource[] to verify ... citizenship

20   status."[47]

21       98.    Recorder Richer refuses to submit 1373/1644 Requests to DHS to verify the

22   citizenship status of Federal-Only Voters.

23

24

25

26   _____

     [46] A.R.S. § 16-121.01(D) (emphasis added).

     [47] A.R.S. § 16-121.01(D).

                                         14

99.    Recorder Richer has, therefore, failed to comply with his mandatory duty under A.R.S. § 121.01(D) to "use all available" resources to verify the citizenship status of Federal-Only Voters.

100.    Absent judicial intervention, Recorder Richer will continue to unlawfully fail to use "all available resources."

**COUNT II**
**Failure to Consult Accessible Databases for**
**Voter List Maintenance of Federal-Only Voters**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-121.01(D)(5), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

101.    The Plaintiffs incorporate by reference the preceding allegations as if fully set forth herein.

102.    Arizona law requires that, "at a minimum," County Recorders' list maintenance efforts for recently registered Federal-Only Voters must include a comparison of "the information available on the application for registration with" "[a]ny other ... federal database ... to which the county recorder or officer in charge of elections has access."[48]

103.    The information available through a 1373/1644 Request to DHS constitutes a "federal database" to which Recorder Richer has access.

104.    Recorder Richer refuses to submit 1373/1644 Requests to DHS to verify the citizenship status of Federal-Only Voters.

105.    Recorder Richer has, therefore, failed to consult a "federal database" "to which" he "has access."

106.    Accordingly, Recorder Richer is violating his mandatory duties under A.R.S. § 16-121.01(D)(5).

107.    Absent judicial intervention, Recorder Richer will continue to unlawfully fail to consult federal databases "to which" he "has access."

---

[48] A.R.S. § 16-121.01(D)(5).

15

**COUNT III**
**Failure to Conduct Regular Voter List Maintenance**
**of Federal-Only Voters Using Accessible Databases**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-165(K), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

108.    The Plaintiffs incorporate by reference the preceding allegations as if fully set forth herein.

109.    Arizona law requires that, as to all voter registrants, "[t]o the extent practicable, the county recorder shall review relevant ... federal databases to which the county recorder has access to confirm information obtained that requires cancellation of registrations pursuant to this section."[49]

110.    A registrant's lack of U.S. citizenship "requires cancellation of registration[]."

111.    Failure to provide DPOC is information about lack of citizenship.[50]

112.    Information suggesting a potential lack of citizenship requires confirmation using "relevant ... federal databases" to which Recorder Richer has access.

113.    The information available under a 1373/1644 Request to DHS constitutes a "federal database" to which Recorder Richer has access.

114.    Recorder Richer refuses to submit 1373/1644 Requests to DHS to verify the citizenship status of Federal-Only Voters.

115.    Recorder Richer has, therefore, failed to consult a "federal database" "to which" he "has access."

116.    Accordingly, Recorder Richer is violating his mandatory duties under A.R.S. § 16-165(K).

117.    Recorder Richer will continue to unlawfully neglect to consult federal databases "to which" he "has access" absent judicial intervention.

---

[49] A.R.S. § 16-165(K).

[50] *See, e.g.*, §§ 16-121.01(C)-(F), -165(A)(10), and -166(F).

16

**COUNT IV**
**Failure to Send Information About**
**Federal-Only Voters to the Attorney General**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-143, 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

118.    The Plaintiffs incorporate by reference the preceding allegations as if fully set forth herein.

119.    Arizona law requires that "each county recorder shall make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to § 16-166 and shall provide, on or before October 31, 2022, the applications of individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to § 16-166."[51]

120.    Upon information and belief, Recorder Richer has not made available or provided to the Attorney General the required information about Federal-Only Voters.

121.    Recorder Richer will continue to unlawfully neglect to provide the required information to the Attorney General absent judicial intervention.

**PRAYER FOR RELIEF**

Based on the preceding, the Plaintiffs respectfully request relief in the following forms:

A. A declaration under A.R.S. §§ 12-1831, -1832 and special action and injunctive relief under Arizona Rule of Special Action Procedure 3, A.R.S. §§ 12-1801, -2021, Ariz. R. Civ. P. 65, or other applicable law that:

1. A 1373/1644 Request is an "available resource[] to verify ... citizenship status" under A.R.S. § 16-121.01(D); that Maricopa County Recorder has had a mandatory and ongoing obligation to conduct such checks for every Maricopa County Federal-Only Voter who has registered since A.R.S. § 16-121.01(D) became effective; and that Recorder Richer shall submit 1373/1644 Requests to DHS for all such Federal-Only Voters;

---

[51] A.R.S. § 16-143(A).

2. A 1373/1644 Request to DHS constitutes a "federal database" to which Recorder Richer has access under A.R.S. § 16-121.01(D)(5); that the Maricopa County Recorder has had a mandatory and ongoing obligation to submit 1373/1644 Requests for every Maricopa County Federal-Only Voter who has registered since A.R.S. § 16-121.01(D)(5) became effective; and that Recorder Richer shall submit 1373/1644 Requests to DHS for all such Federal-Only Voters;

3. A registrant's failure to provide DPOC constitutes information about lack of citizenship that, if true, would require cancellation of registration and which the Maricopa County Recorder has an ongoing mandatory duty to confirm under A.R.S. § 16-165(K); that the information available under a 1373/1644 Request to DHS constitutes a "federal database" to which Recorder Richer has access under A.R.S. § 16-165(K); that the Maricopa County Recorder has a mandatory and ongoing obligation under A.R.S. § 16-165(K) to submit 1373/1644 Requests for every Maricopa County Federal-Only Voter; and that Recorder Richer shall submit 1373/1644 Requests to DHS for all such Federal-Only Voters; and

4. Recorder Richer has a mandatory and ongoing obligation to make available to the Attorney General a list of all Maricopa County Federal-Only Voters and must provide to the Attorney General the voter registration applications of all such individuals; that Recorder Richer shall send to the Attorney General a list of all Maricopa County Federal-Only Voters as well as their voter registration applications; and that Recorder Richer shall weekly transmit to the Attorney General a list of all new Federal-Only Voter registrants and their applications.

B. An award of reasonable attorneys' fees and costs under A.R.S. §§ 12-341, -348, -2030, the private attorney general doctrine, and other applicable law.

C. For such other relief as the Court deems just and proper

18

RESPECTFULLY SUBMITTED this 5th of August, 2024.

**America First Legal Foundation**

By:

James K. Rogers (No. 027287)
*Senior Counsel*
America First Legal Foundation
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
Phone: (202) 964-3721
James.Rogers@aflegal.org

**Jennifer Wright Esq., Plc**

By: */s/Jennifer J. Wright (with permission)*
Jennifer J. Wright (027145)
4350 E. Indian School Rd
Suite #21-105
Phoenix, Arizona 85018
jen@jenwesq.com

*Attorneys for Plaintiffs*

19



1    T. Scott Legal Support Services
      Gary Steiner  ID# MC 7767
2    (480) 227-7297
      Tscottlegal2007@aol.com
3

4                      **SUPERIOR COURT OF ARIZONA**
                          **MARICOPA COUNTY**

5

6    In re the matter of:

7    STRONG COM. FOUND. OF AZ, et al.,

8                                  Case No: CV2024-020835

9        Plaintiff(s),                **CERTIFICATE OF SERVICE**

10    v.

11    STEPHEN RICHER, et al,

12        Defendant(s).

13    ————————————————

14    1.     I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to Rule

15        4(c) of the Arizona Rules of Civil Procedure. I further swear that on August 6, 2024, I received,

16        <u>Summons, Plaintiff's Complaint For Special Action Relief, Application For Order To Show Cause</u>

17        <u>and a Certificate Of Compulsory Arbitration</u> from The Plaintiff(s).

18    2.     I then proceeded to successfully serve the above described documents on Maricopa County at

19        301 W. Jefferson, 10th FL., Phoenix, AZ on August 7, 2024 at approximately 2:57 pm. I asked who

20        could accept service and Yasmin Romero, Special Deputy Clerk, came out and accepted service

21        for Maricopa County.

22    3.     This is considered to be personal service.

23    4.     The fee I charged for this service was $85.

24       I declare under the penalty of perjury that the foregoing is true and correct

25

26       Gary Steiner                         Date

27

28                               Page 1

29



1  T. Scott Legal Support Services
   Gary Steiner  ID# MC 7767
2  (480) 227-7297
   Tscottlegal2007@aol.com
3

4              **SUPERIOR COURT OF ARIZONA**
                    **MARICOPA COUNTY**
5

6   In re the matter of:                    )
                                            )
7   STRONG COM. FOUND. OF AZ, et al.,       )
                                            )     Case No: CV2024-020835
8                                           )
                                            )
9       Plaintiff(s),                       )     **CERTIFICATE OF SERVICE**
                                            )
10  v.                                      )
                                            )
11  STEPHEN RICHER, et al,                  )
                                            )
12      Defendant(s).                       )
                                            )
13  _____)

14   1.   I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to Rule

15        4(c) of the Arizona Rules of Civil Procedure. I further swear that on August 6, 2024, I received;

16        Summons, Plaintiff's Complaint For Special Action Relief, Application For Order To Show Cause

17        and a Certificate Of Compulsory Arbitration from The Plaintiff(s).

18   2.   I then proceeded to successfully serve the above described documents on Stephen Richer at 111

19        S. 3rd Ave., #102, Phoenix, AZ on August 7, 2024 at approximately 2:45 pm. I asked for Stephen

20        Richer and Ilene Haber, Director, Communications And Constituent Services, came out and

21        accepted service for Stephen Richer.

22   3.   This is considered to be personal service.

23   4.   The fee I charged for this service was $85.

24        I declare under the penalty of perjury that the foregoing is true and correct

25                                                      8/8/24
26        Gary Steiner                                  Date

27
                              Page 1
28

29

Attachment 5