# EXHIBIT A

D. Andrew Gaona (028414)
Austin C. Yost (034602)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 381-5486
agaona@cblawyers.com
ayost@cblawyers.com

Lalitha D. Madduri*
Christopher D. Dodge*
Tyler L. Bishop*
Renata O'Donnell*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
T: (202) 968-4330
lmadduri@elias.law
cdodge@elias.law
tbishop@elias.law
rodonnell@elias.law

*Attorneys for Proposed Intervenor-Defendants*
*Voto Latino and One Arizona*

**Pro Hac Vice Application Forthcoming*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Strong Communities Foundation of Arizona Incorporated, and Yvonne Cahill,<br><br>    Plaintiffs,<br><br>v.<br><br>Stephen Richer, in his official capacity as Maricopa County Recorder, and Maricopa County,<br><br>    Defendants. | No. 24-CV-02030-SMB<br><br>**[PROPOSED] ANSWER TO VERIFIED SPECIAL ACTION COMPLAINT** |

## INTRODUCTION

Proposed Intervenor-Defendants Voto Latino and One Arizona (together, "Proposed Intervenors") answer Plaintiffs' Verified Special Action Complaint ("Complaint") as follows:

1. Admitted.

2. The quoted portion of the Rasmussen Report speaks for itself and does not require a response. To the extent a response is required, Proposed Intervenors admit that the article contains the quoted text and deny the remaining allegations in Paragraph 2.

3. The quoted portion of the article speaks for itself and does not require a response. To the extent a response is required, Proposed Intervenors admit that the article contains the quoted text and deny the remaining allegations in Paragraph 3.

4. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore deny them.

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

6. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore deny them.

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 7.

8. Denied.

9. Denied.

## PARTIES

10. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore deny them.

11. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore deny them.

12. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore deny them.

13. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore deny them.

14. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that EZAZ.org's members include Arizona citizens and voters registered in Maricopa County. Proposed Intervenors deny the remaining allegation in Paragraph 14.

15. Denied.

16. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore deny them.

17. Denied.

18. Proposed Intervenors admit that Recorder Richer is the Maricopa County Recorder and that he is sued in his official capacity. The remainder of Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

19. Proposed Intervenors admit that Maricopa County is a political subdivision of the State of Arizona and that Recorder Richer is an officer of the county. The remainder of Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

**JURISDICTION**

20. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore deny them.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors deny that this Court has subject-matter jurisdiction or the authority to grant relief under the cited statutes.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required Proposed Intervenors admit that Recorder Richer "holds office in Maricopa County." Proposed Intervenors otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22 and therefore deny the remaining allegations.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## **GENERAL ALLEGATIONS**

24. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in the first sentence of Paragraph 25. Proposed Intervenors admit that the U.S. Supreme Court has held that the State may not impose a documentary proof of citizenship requirement on voters who register using the federal voter registration form.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited case contains the quoted text and deny the remaining allegations in Paragraph 26.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that Arizona requires voters to provide documentary proof of citizenship to register to vote in state and local elections and deny the remaining allegations.

28. Proposed Intervenors admit that Arizona has a bifurcated system of voter registration. The remaining allegations in Paragraph 28 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the remaining allegations.

29. The cited document speaks for itself. To the extent a response is required, Proposed Intervenors admit that the cited document states that there were 35,273 "Federal Only Registrants as of April 1, 2024 (Active and Inactive Voters)." Proposed Intervenors otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore deny them.

30. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny them.

31. The cited website speaks for itself. To the extent a response is required, Proposed Intervenors admit that the cited website states that "In accordance with A.R.S. § 16-161(B), as of July 1, 2024 the number of persons who registered to vote in Maricopa County using the federal or state voter registration form and who have not provided valid proof of citizenship to the Maricopa County Recorder's Office is 26,108," and the same figure reported for April 1, 2024 was 21,595.

32. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny them.

33. Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the case contains the quoted text and deny the remaining allegations in Paragraph 33.

34. Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

35. Proposed Intervenors admit that the Legislature enacted and Governor Ducey signed H.B. 2492 and H.B. 2243 in 2022. The remaining allegations in Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the remaining allegations.

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

37. Denied.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

39. Denied.

40. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore deny them.

41. Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that there are state and federal laws related to list maintenance and deny the remaining allegations in Paragraph 41.

42. Paragraph 42 contains legal contentions, characterizations, and conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 42.

43. Paragraph 43 contains legal contentions, characterizations, and conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 43.

44. Paragraph 44 contains legal contentions, characterizations, and conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 44.

45. Paragraph 45 contains legal contentions, characterizations, and conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 45.

46. Paragraph 46 contains legal contentions, characterizations, and conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited in Paragraph 45 contains the quoted text and deny the remaining allegations in Paragraph 46.

47. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 47 and therefore deny them.

48. Paragraph 48 contains legal contentions, characterizations, and conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

49. The document quoted in Paragraph 49 speaks for itself. To the extent a response is required, Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 48 and therefore deny them.

50. The judicial decision quoted in Paragraph 50 speaks for itself. Further, Paragraph 50 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited case contains the quoted text and deny the remaining allegations in Paragraph 50.

51. Proposed Intervenors admit that SAVE does not process social security numbers. As to the remaining allegations, Proposed Intervenors lack sufficient knowledge

1  or information to form a belief as to the truth or falsity of the allegations in Paragraph 51
2  and therefore deny them.

3      52.    Proposed Intervenors lack sufficient knowledge or information to form a belief
4  as to the truth or falsity of the allegations in Paragraph 52 and therefore deny them.

5      53.    Paragraph 53 contains legal contentions, characterizations, conclusions, and
6  opinions to which no response is required. To the extent a response is required, Proposed
7  Intervenors admit that the cited case contains the quoted text and deny the remaining
8  allegations in Paragraph 53.

9      54.    Proposed Intervenors lack sufficient knowledge or information to form a belief
10 as to the truth or falsity of the allegations in Paragraph 54 and therefore deny them.

11     55.    Paragraph 55 contains legal contentions, characterizations, conclusions, and
12 opinions to which no response is required. To the extent a response is required, Proposed
13 Intervenors admit that the cited case contains the quoted text and deny the remaining
14 allegations in Paragraph 55.

15     56.    Proposed Intervenors lack sufficient knowledge or information to form a belief
16 as to the truth or falsity of the allegations in Paragraph 56 and therefore deny them.

17     57.    Proposed Intervenors lack sufficient knowledge or information to form a belief
18 as to the truth or falsity of the allegations in Paragraph 57 and therefore deny them.

19     58.    Proposed Intervenors lack sufficient knowledge or information to form a belief
20 as to the truth or falsity of the allegations in Paragraph 58 and therefore deny them.

21     59.    Proposed Intervenors lack sufficient knowledge or information to form a belief
22 as to the truth or falsity of the allegations in Paragraph 59 and therefore deny them.

23     60.    Proposed Intervenors lack sufficient knowledge or information to form a belief
24 as to the truth or falsity of the allegations in Paragraph 60 and therefore deny them.

25     61.    Proposed Intervenors lack sufficient knowledge or information to form a belief
26 as to the truth or falsity of the allegations in Paragraph 61 and therefore deny them.

27     62.    Proposed Intervenors lack sufficient knowledge or information to form a belief
28 as to the truth or falsity of the allegations in Paragraph 62 and therefore deny them.

63. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63 and therefore deny them.

64. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64 and therefore deny them.

65. Paragraph 65 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 65.

66. Paragraph 66 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

67. Paragraph 67 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 67.

68. Paragraph 68 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

69. Paragraph 69 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 69.

70. Paragraph 70 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

71. Paragraph 71 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

72. Paragraph 72 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

73. Paragraph 73 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

74. Paragraph 74 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited bill contains the quoted text and deny the remaining allegations in Paragraph 74.

75. Paragraph 75 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 75.

76. Paragraph 76 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

77. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 77 and therefore deny them.

78. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 78 and therefore deny them.

79. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 79 and therefore deny them.

80. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 80 and therefore deny them.

81. Paragraph 81 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the cited letter contains the quoted text and deny the remaining allegations in Paragraph 81.

82. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 82 and therefore deny them.

83. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 83 and therefore deny them.

84. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 84 and therefore deny them.

85. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 85 and therefore deny them.

86. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 86 and therefore deny them.

87. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 87 and therefore deny them.

88. Paragraph 88 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited case contains the quoted text and deny the remaining allegations in Paragraph 88.

89. Paragraph 89 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited case contains the quoted text and deny the remaining allegations in Paragraph 89.

90. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 90 and therefore deny them.

91. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 91 and therefore deny them.

92. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 92 and therefore deny them.

93. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 93 and therefore deny them.

94. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 94 and therefore deny them.

## COUNT I

95. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

96. Paragraph 96 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 96.

97. Paragraph 97 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

98. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 98 and therefore deny them.

99. Denied.

100. Denied.

## COUNT II

101. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

102. Paragraph 102 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 102.

103. Paragraph 103 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

104. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 104 and therefore deny them.

105. Denied.

106. Denied.

107. Denied.

## COUNT III

108. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

109. Paragraph 109 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 109.

110. Paragraph 110 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

111. Denied.

112. Paragraph 112 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

113. Paragraph 113 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

114. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 114 and therefore deny them.

115. Paragraph 115 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

116. Denied.

117. Denied.

## COUNT IV

118. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

119. Paragraph 119 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 119.

120. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 120 and therefore deny them.

121. Denied.

## PRAYER FOR RELIEF

Proposed Intervenors deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiffs' Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred because Plaintiffs lack Article III standing.

3. Plaintiffs' claims are barred because they seek relief inconsistent with federal and state law.

4. Plaintiffs' claims are equitably barred.

5. Proposed Intervenors reserve the right to assert additional affirmative defenses, including, but not limited to, those set forth in Rule 8(d) of the Arizona Rules of Civil Procedure, as additional facts are discovered.

WHEREFORE, having fully answered Plaintiffs' Complaint, Proposed Intervenors pray for judgment as follows:

A.   That the Court dismiss Plaintiffs' Complaint;

B.   That judgment be entered in favor of Proposed Intervenors and against Plaintiffs on Plaintiffs' Complaint and that Plaintiffs take nothing thereby;

C.   That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D.   For such other and further relief as the Court, deems appropriate.

RESPECTFULLY SUBMITTED this 16th day of August, 2024.

**COPPERSMITH BROCKELMAN PLC**

By: */s/ D. Andrew Gaona*
    D. Andrew Gaona
    Austin C. Yost

**ELIAS LAW GROUP, LLP**

    Lalitha D. Madduri*
    Christopher D. Dodge*
    Tyler L. Bishop*
    Renata M. O'Donnell*

*Attorneys for Proposed Intervenor-Defendants Voto Latino and One Arizona*

**Pro Hac Vice Application Forthcoming*