1  RACHEL H. MITCHELL
2  MARICOPA COUNTY ATTORNEY

3  By:    Thomas P. Liddy (Bar No. 019384)
              Joseph E. La Rue (Bar No.031348)
4             Jack L. O'Connor III (Bar No. 030660)
              Rosa Aguilar (Bar No. 037774)
5             Deputy County Attorneys
              liddyt@mcao.maricopa.gov
6             laruej@mcao.maricopa.gov
              oconnorj@mcao.maricopa.gov
7             aguilarr@mcao.maricopa.gov
8

9  CIVIL SERVICES DIVISION
10  225 West Madison Street
    Phoenix, Arizona 85003
11  Telephone (602) 506-8541
    Facsimile (602) 506-4316
12  ca-civilmailbox@mcao.maricopa.gov
13  MCAO Firm No. 0003200

14  *Attorneys for Maricopa County Defendants*

15              **IN THE UNITED STATES DISTRICT COURT**

16                **FOR THE DISTRICT OF ARIZONA**

17  Strong Communities Foundation of        No. 24-CV-02030-PHX-SMB
    Arizona Inc., and Yvonne Cahill,
18                                           **MARICOPA COUNTY DEFENDANTS'**
19                    Plaintiffs,            **ANSWER**

20  vs.

21  Stephen Richer in his official capacity as
    Maricopa County Recorder, and Maricopa
22  County,
23                    Defendants.
24  _____

25

26  / / /

27  / / /

28

Defendants Maricopa County Recorder Stephen Richer (the "Recorder") and Maricopa County (together, the "Maricopa County Defendants") answer Plaintiffs' Complaint as follows.

## MARICOPA COUNTY DEFENDANTS' PREFATORY STATEMENT

Arizona has a bifurcated system of voter registration.  To be a "Full Ballot" voter, eligible to vote in federal, state, and local elections, voters must provide documentary proof of citizenship ("DPOC").  A.R.S. § 16-166(F) (as limited by *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013) ("*ITCA*").  Those registrants who do not provide DPOC, but who nonetheless swear or affirm that they are United States citizens, are registered as "Federal Only" voters and are eligible to vote in federal elections only.  This result is required by federal law, which requires states to "accept and use" a uniform federal form (the "Federal Form") produced by the Elections Assistance Commission (the "EAC") for voter registration for federal elections.  52 U.S.C. § 20505(a)(1).  States are prohibited from requiring federal voter registration applicants to submit additional information beyond that required by the Federal Form.  *ITCA*, 570 U.S. at 15.  Because the Federal Form does not require DPOC, 52 U.S.C. § 20508(b), Arizona is prohibited from requiring DPOC for Federal Only voters.[1]

Even under the bifurcated voter registration system just described, noncitizens are not allowed to register to vote in federal elections.  The Federal Form requires that registrants attest that they are United States citizens and sign the Form under penalty of perjury.  52

---

[1]  The EAC's instructions for using the Federal Form are available at https://www.eac.gov/sites/default/files/eac_assets/1/6/Federal_Voter_Registration_ENG.pdf.  The Federal Form itself is between pages 2 and 3 of the EAC instructions.

U.S.C. § 20508(b)(2).  Thus, every voter registrant in Maricopa County demonstrates their citizenship, either by providing DPOC or by attestation under penalty of perjury.

In Arizona, each county's recorder maintains the county's roll of registered voters. Both federal and state law require the county recorders to perform "list maintenance" of the voter registration rolls, which involves removing those who have moved out of the county, are deceased, or are otherwise have become ineligible to vote.  This lawsuit concerns that process.

In their four-count Complaint, Plaintiffs allege that the Recorder is not properly performing list maintenance regarding noncitizens who are unlawfully registered to vote.  In Counts I – III they allege that, pursuant to 8 U.S.C. § 1373 and § 1644, he is required to make "1373/1644 Requests" to the Department of Homeland Security for Maricopa County's voters' citizenship information but is not doing so.  In Count IV, Plaintiffs allege that Arizona law requires the Recorder to send lists of certain voters, as well as certain voter registration applications, to the Arizona Attorney General but he has not done so.  But Plaintiffs are incorrect about all of this.  Each of their claims misunderstands, or misstates, what the law requires.  Accordingly, the Complaint fails as a matter of law.

## MARICOPA COUNTY DEFENDANTS' GENERAL DENIAL

Every allegation in the Complaint that is not specifically admitted in this Answer is denied.

## (PLAINTIFFS') INTRODUCTION

1.      The Maricopa County Defendants admit the allegations of Paragraph 1.

2.      The quoted portion of the Rasmussen Report speaks for itself and does not

require a response.  To the extent a response is required, the Maricopa County Defendants admit that the article contains the quoted text and deny all remaining allegations in Paragraph 2.

3.      The quoted portion of the Rasmussen Report speaks for itself and does not require a response.  To the extent a response is required, the Maricopa County Defendants admit that the article contains the quoted text and deny all remaining allegations in Paragraph 3.

4.      The Maricopa County Defendants admit that some electoral races in Arizona have been decided by margins of less than one percent and deny all remaining allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that the Legislature enacted H.B. 2243 and H.B. 2492 that concerned voter registration list maintenance in 2022 and that the legislation was signed into law by the Governor.  The Maricopa County Defendants deny that the legislation was "stricter" than the list maintenance requirements that were then in effect.  The Maricopa County Defendants deny all remaining allegations in Paragraph 5.

6.      The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore deny them.

7.      The Maricopa County Defendants admit that the cited statute contains the quoted text.  The Maricopa County Defendants deny that the cited statute requires them to

"ensure" that ineligible voters are removed from the voter rolls. The Maricopa County Defendants deny all remaining allegations in Paragraph 7. The Maricopa County Defendants affirmatively state as follows: the cited statute, 52 U.S.C. § 21083, concerns how the Maricopa County Recorder must perform voter registration list maintenance activities. It requires that the Maricopa County Recorder ensure that the only voters whose names are removed from the voter registration list are those who are *actually* ineligible to vote. *See* 52 U.S.C. § 21083(a)(2)(B)(ii) (providing that "[t]he list maintenance performed under subparagraph (A) shall be conducted in a manner that ensures that-- . . . only voters who are not registered or who are not eligible to vote are removed from the computerized list"). The cited statute is thus a voter-protection statute, placing a requirement upon the Recorder that he take appropriate steps to make certain that no one who is eligible to the franchise is removed by mistake from the voter registration list. Plaintiffs, however, turn the statute on its head and present it to this Court as requiring that the Recorder "ensure" that no one who is ineligible to vote is listed on the voter registration list. But the statute does not require that. In fact, no statute or law requires the Recorder to "ensure" that the voter registration list is completely free from even a single, solitary illegible voter. Plaintiffs' (and their attorneys') misrepresentation of the statute to this Court should not be countenanced.

8. The Maricopa County Defendants deny all allegations made in Paragraph 8. The Maricopa County Defendants further affirmatively state that Maricopa County Recorder Stephen Richer complies with all legal requirements concerning voter registration list maintenance and any allegation to the contrary is false. During Recorder Richer's time in office, the Recorder has reduced Maricopa County's voter registration list by over 400,000

voters who had moved out of the county or had otherwise become ineligible to vote, as a result of his list maintenance efforts.  Plaintiffs' (and their attorneys') accusation, that the Recorder "ignore[s]" applicable list maintenance requirements, is what is "[p]uzzling[]".  The mischaracterization by Plaintiffs and their attorneys should not be countenanced by this Court.

9.      The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 9's allegations concerning why Plaintiffs and their attorneys brought this lawsuit and what it "seeks" to accomplish and so deny them.  The Maricopa County Defendants affirmatively state that Recorder Richer has no "failures" as alleged in this lawsuit and all allegations to the contrary are false.  The Maricopa County Defendants further affirmatively state that, to the extent that "public trust in our State's electoral system" has been eroded and needs to be "restore[d]," it is largely a result of sham lawsuits that make unfounded allegations, untethered from reality, and spread those allegations over the Internet in fund raising appeals.

**PARTIES**

10.      The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore deny them.

11.      The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore deny them.

12.      The Maricopa County Defendants lack sufficient knowledge or information

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 WEST MADISON ST
PHOENIX, ARIZONA  85003

to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore deny them.

13.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore deny them.

14.     The Maricopa County Defendants deny that there is any "unlawful failure" on the part of Recorder Richer "to comply with required voter list maintenance practices" as alleged in Paragraph 14.   The Maricopa County Defendants affirmatively state that the Recorder complies with, *and is in compliance with*, the laws that concern voter registration list maintenance and any allegation to the contrary is false.   The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore deny them.

15.     The allegations in Paragraph 15 state a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny all allegations in Paragraph 15.

16.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16—Plaintiffs did not provide Ms. Cahill's voter registration number, and so there is no way for the Maricopa County Defendants to confirm the averments in this Paragraph—and, therefore, deny them.

17.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore deny them.

18.     The Maricopa County Defendants admit that Stephen Richer is the Maricopa County Recorder; that the office of Recorder is created by Arizona's Constitution; that Recorder Richer is sued in his official capacity; that the Recorder is one of the principal elections officers of Maricopa County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status.  The Maricopa County Defendants deny all remaining allegations in Paragraph 18.

19.     The Maricopa County Defendants admit that Maricopa County is a political subdivision of the State of Arizona and that Recorder Richer is an elected officer of Maricopa County.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that Maricopa County has the power to sue and be sued and affirmatively state that, in order for someone to sue Maricopa County, they must be able to articulate an injury caused by the County or otherwise be able to state why the County is a necessary party.  Plaintiffs have not done so in this lawsuit.

## JURISDICTION

20.     The Maricopa County Defendants admit that this Court has jurisdiction to hear this lawsuit because it concerns the Recorder's list maintenance activities, events that occur in Maricopa County.  The Maricopa County Defendants deny that are any "omissions," as that legal term of art is understood, have occurred.

21.     The Maricopa County Defendants admit that the Court has subject matter

jurisdiction over the Recorder as stated in this Paragraph.  But the Maricopa County Defendants deny that the Court has subject matter jurisdiction *for this special action lawsuit* over Maricopa County.

22.     The Maricopa County Defendants admit that venue lies in Maricopa County for Recorder Richer.  Because Plaintiffs rely on ARSPA for venue, and for the reasons articulated in the preceding Paragraph, the Maricopa County Defendants deny that venue lies in Maricopa County *for this special action lawsuit* for Maricopa County.

23.     The Maricopa County Defendants admit that this Court has jurisdiction over the Recorder and deny that the Court has jurisdiction *for this special action lawsuit* over Maricopa County.

## GENERAL ALLEGATIONS

24.     Paragraph 24 states a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that it is illegal for foreign nationals to register to vote or vote, and further admit that there is no legitimate reason for a foreign national to cause himself to be included on the voter registration rolls in this State.  The Maricopa County Defendants deny all other allegations in Paragraph 24.

25.     Paragraph 25 contains legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny that Plaintiffs have correctly stated Arizona law in their allegation that "Arizona law requires that persons registering to vote provide documentary proof of citizenship."  The Maricopa County Defendants admit that the United States Supreme Court held that Arizona may not impose documentary proof of citizenship requirements on those registering to vote in federal

elections.  The Maricopa County Defendants further affirmatively state that Arizona law requires that the voter registration applications of persons registering as Full Ballot voters, eligible to vote in federal, state, and local contests, must be accompanied by documentary proof of citizenship.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit the cited case contains the quoted text.  The Maricopa County Defendants deny all remaining allegations in this Paragraph.

27.     Paragraph 27 contains legal conclusions to which no response is required.  To the extent a response is required the Maricopa County Defendants admits that Arizona may establish its own requirements for state and local elections and that State law requires that only those who have proven their citizenship with documentary proof of their citizenship may vote in state and local elections.  The Maricopa County Defendants deny all remaining allegations in Paragraph 27.

28.     The Maricopa County Defendants admit that Arizona has a bifurcated system of voter registration and that voters who have not proven their citizenship with documentary proof of their citizenship are only allowed to vote in primary and general elections for candidates running for federal office.  The Maricopa County Defendants deny all remaining allegations in Paragraph 28.

29.     The cited document speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the cited document contains a numerical breakdown, by county, of the active and inactive voters who

are registered as Federal Only voters as of April 1, 2024, and that the cited document states that there were 35,273 such voters in Arizona as of that date. The Maricopa County Defendants deny that the cited document states that these voters "had failed to provide proof of citizenship." The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 and therefore deny them.

30.    The Maricopa County Defendants deny the allegations in Paragraph 30. The Maricopa County Defendants further affirmatively state as follows. The voter registration rolls are not static but fluid, changing on a minute-by-minute basis as new voters register and voters are removed via list maintenance efforts. There have been months during which the number of Federal Only voters have increased as compared to the prior month, as Plaintiffs allege in Paragraph 30. But there have also been months during which the number of Federal Only voters has decreased as compared to the prior month. Plaintiffs' allegation to the contrary in this Paragraph is incorrect and therefore the allegation is denied.

31.    The cited website speaks for itself and no response is required. To the extent that a response is required, the Maricopa County Defendants admit the allegations in Paragraph 31.

32.    The Maricopa County Defendants admit that the increase in Federal Only voters in Maricopa County increased by nearly 21% from April 1, 2024 to July 1, 2024. The Maricopa County Defendants deny all remaining allegations in Paragraph 32.

***Voter List Maintenance Requirements***

33.    Paragraph 33 states legal conclusions to which no response is required. To

the extent that a response is required, the Maricopa County Defendants admit that the cited case contains the quoted language; that the NVRA only requires states to register as voters those who are eligible to vote; and, that the cited case does not prohibit States from engaging in voter registration list maintenance procedures required by the Help America Vote Act. The Maricopa County Defendants deny all remaining allegations in Paragraph 33.

34.     Paragraph 34 states a legal conclusion to which no response is required and does not provide a citation to authority to support that conclusion.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in Paragraph 34.

35.     The Maricopa County Defendants admit that the Legislature enacted, and Governor Ducey signed, H.B. 2492 and H.B. 2243 in 2022.  The remaining allegations in Paragraph 35 state legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in Paragraph 35.

36.     Paragraph 36 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations.

37.     The Maricopa County Defendants deny all of the allegations contained in Paragraph 37 and affirmatively state that Recorder Richer has performed all of his required list maintenance responsibilities and has not failed to perform any of them.

38.     Paragraph 38 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that A.R.S. § 16-121.01(D) (*not* A.R.S. § 16-143(D), as Plaintiffs erroneously allege) requires that, "[w]ithin ten days after receiving an application for registration on the Federal Form that is not accompanied by satisfactory evidence of citizenship, the county recorder" must attempt

to verify the citizenship status of the registrant as set forth in the remainder of A.R.S. § 16-121.01(D).  The Maricopa County Defendants deny all remaining allegations in Paragraph 38.

39.     The Maricopa County Defendants deny all of the allegations contained in Paragraph 39 and affirmatively state that Recorder Richer has performed all of his required responsibilities under A.R.S. § 16-121.01(D) and has not failed to perform any of them.

40.     The Maricopa County Defendants admit that the State of Arizona does not have adequate permissions to use *for list maintenance purposes* (as alleged in this Paragraph) the U.S. Department of Homeland Security's Systematic Alien Verification for Entitlements (SAVE); the Social Security Administration (SSA) database, and the National Association for Public Health Statistics and Information Systems (NAPHSIS) electronic verification of vital events system (EVVE).  The Maricopa County Defendants also admit that, because the State of Arizona does not have adequate permissions to use these three references for list maintenance purposes, Recorder Richer cannot use them for list maintenance purposes.  The Maricopa County Defendants deny that SAVE is a database and also deny all remaining allegations in Paragraph 40.

41.     Paragraph 41 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that Arizona and federal law have list maintenance requirements and that some of those requirements are in addition to "consulting these three databases" referenced in Paragraph 40.  The Maricopa County Defendants deny that SAVE is a database and also deny all remaining allegations in Paragraph 41.

42.     The Maricopa County Defendants admit that the cited statute contains the quoted text.  The Maricopa County Defendants deny all remaining allegations in this Paragraph.

43.     The Maricopa County Defendants admit that the cited statute contains the quoted text.  The Maricopa County Defendants deny all remaining allegations in this Paragraph.

44.     The Maricopa County Defendants admit that the cited statute contains the quoted text.  The Maricopa County Defendants deny all remaining allegations in this Paragraph.

45.     The Maricopa County Defendants admit that the cited statute contains the quoted text.  The Maricopa County Defendants deny all remaining allegations in this Paragraph, including that the cited statute requires that local election officials "ensure" that ineligible voters are removed from the voter registration rolls, as Plaintiffs incorrectly allege in this Paragraph.  About this allegation, the Maricopa County Defendants affirmatively state that the cited statute requires that local election officials ensure that the only voters whose names are removed from the voter registration list are those who are *actually* ineligible to vote.  *See* 52 U.S.C. § 21083(a)(2)(B)(ii) (providing that "[t]he list maintenance performed under subparagraph (A) shall be conducted in a manner that ensures that-- . . . only voters who are not registered or who are not eligible to vote are removed from the computerized list").  The cited statute is thus a voter-protection statute, placing a requirement upon the Recorder to take appropriate steps to make certain that no one who is eligible to the franchise is removed by mistake from the voter registration list.  Plaintiffs, however, turn the statute

on its head and present it to this Court as requiring that the Recorder "ensure" that no one who is ineligible to vote is listed on the voter registration list.  The statute does not require that.  In fact, no statute or law requires the Recorder to "ensure" that the voter registration list is completely free from even a single, solitary ineligible voter.  The law requires that the Recorder perform list maintenance and remove voters that are shown to have become ineligible to vote, and the Recorder performs these legal requirements.  Any allegation to the contrary is denied.  Plaintiffs' (and their attorneys') misrepresentation of the statute to this Court should not be countenanced.

46.     Paragraph 46 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that it is illegal for those who are not citizens of the United States to register to vote in federal elections; that any foreign citizen who is registered to vote is ineligible; and that federal law requires county recorders to perform voter registration list maintenance.  The Maricopa County Defendants deny all remaining allegations in this Paragraph, including that county recorders are subject to any legal requirement to "ensure" that foreign citizens are not registered to vote.

***SAVE, SSA, and EVVE are Insufficient to Definitively Verify Citizenship***

47.     The Maricopa County Defendants deny that SAVE is a database as alleged in this Paragraph.  The Maricopa County Defendants admit that SAVE does not have information concerning the citizenship of Federal Only voters who are <u>native-born</u> (i.e., "birthright") citizens, and so SAVE cannot verify the citizenship of those voters ("definitively" or otherwise).  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 47

and therefore deny them.

48.     Paragraph 48 states a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny all allegations in Paragraph 48.

49.     The document cited in Paragraph 49 speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that one cannot use SAVE to inquire into the citizenship status of an individual unless one provides that individual's specific immigration enumerator (what Plaintiffs refer to as a "specific 'numeric identifier'").   The Maricopa County Defendants further admit that the specific immigration enumerators identified by Plaintiffs in this Paragraph are the ones identified by the document cited in this Paragraph, which was prepared by the Department of Homeland Security to provide a tutorial concerning SAVE.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph 49 that "SAVE is hobbled by a critical design flaw" and, therefore, denies it.

50.     The judicial decision quoted in Paragraph 50 speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited judicial decision and deny all remaining allegations in this Paragraph.

51.     The Maricopa County Defendants admit that SAVE cannot utilize social security or driver's license numbers to identify individuals for citizenship inquiries, but rather requires the individual's specific immigration enumerator.  The Maricopa County

Defendants further admit that social security and driver's license numbers are not specific immigration enumerators and so cannot be used by the SAVE program for citizenship inquiries.  The Maricopa County Defendants further admit that many voter registration applicants provide their driver's license numbers and the final four digits of their social security numbers.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 51 and therefore deny them.

52.     The Maricopa County Defendants admit that, to use SAVE for citizenship inquiries, one must provide the specific immigration enumerator of the person whose citizenship status is to be verified.  The Maricopa County Defendants further admit that neither the Federal Form, created by the Election Assistance Commission, nor the State Form created by the Secretary of State, require voter registration applicants who are naturalized citizens to provide their specific immigration enumerator or enumerators.  The Maricopa County Defendants deny all additional allegations in this Paragraph.

53.     The cited judicial decision speaks for itself and no further response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited opinion and that it effectively constitutes a finding by that court.

54.     Paragraph 54 states a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 54 and therefore deny them.

55.     The cited judicial decision speaks for itself and no further response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited opinion.

56.     Paragraph 56 states a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 56 and therefore deny them.

57.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 57 and therefore deny them.

58.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 58 and therefore deny them.

59.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 59 and therefore deny them.

60.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 60 and therefore deny them.

61.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 61 and therefore deny them.

62.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 62 and therefore deny them.

63.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63 and therefore deny them.

***Federal Law Entitles County Recorders to Submit Citizenship Inquiries to DHS***

64.     The Maricopa County Defendants deny the allegations in Paragraph 64 to the extent that they reference the requirements of 8 U.S.C. § 1373 and 8 U.S.C. § 1644, because those citizenship inquiries pursuant to those statutes require the use of SAVE.   To the extent that the allegations in Paragraph 64 do not reference the requirements of U.S.C. § 1373 and 8 U.S.C. § 1644, the Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64 and therefore deny them.

65.     The cited statute speaks for itself and no response is required.   To the extent that a response is required, the Maricopa County Defendants admit that the cited statute includes the quoted language.   The Maricopa County Defendants deny all remaining allegations in this Paragraph.

66.     Paragraph 66 states legal conclusions to which no response is required.   To the extent that a response is required, the Maricopa County Defendants admit that Arizona law authorizes the county recorders to verify the citizenship status of voters who register to vote using the Federal Form but do not provide documentary proof of citizenship.   The

Maricopa County Defendants deny all remaining allegations in this Paragraph.

67.     The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the cited statute includes the quoted language.   The Maricopa County Defendants deny all remaining allegations in this Paragraph.

68.     Paragraph 68 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.  The Maricopa County Defendants further affirmatively state as follows. *First,* 8 U.S.C. § 1644, by its terms, concerns "the immigration status" of "an alien in the United States[,]" whether that alien is "lawful or unlawful[.]"  Thus, this statute has nothing to do with "submitting citizenship confirmation requests to DHS."  When an alien becomes a naturalized citizen, he or she is no longer an alien but a citizen.   *Second*, this statute authorizes state and local government entities to send information to DHS regarding the immigration status of aliens and receiving from DHS information regarding the immigration status of aliens.  The statute has nothing to do with making citizenship inquiries to DHS and does not authorize such inquiries.   The Recorder complies with all legal requirements concerning list maintenance and any allegation to the contrary is denied.

69.     Paragraph 69 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.

70.     Paragraph 70 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations

in this Paragraph.

71.     Paragraph 71 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.

72.     Paragraph 72 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.

73.     Paragraph 73 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.

***County Recorder Obligations to Provide to the Attorney General a List of Federal-Only Voters***

74.     The cited House Bill and statute speak for themselves and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited sources and deny all additional allegations in this Paragraph.  The Maricopa County Defendants also affirmatively state as follows:

House Bill 2492, codified at A.R.S. § 16-143(A), provided in pertinent part that "[t]he secretary of state and each county recorder shall make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to § 16-166 **and shall provide, *on or before October 31, 2022*, the applications of individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to §**

**16-166.**" (emphasis added).  Plaintiffs omit the relevant date from the Complaint and imply that the Recorder has an ongoing obligation to provide voters' applications to the Attorney General.  He does not.  To the extent that Plaintiffs allege that the Recorder has failed to meet his legal obligations, it is denied.

Further, House Bill 2492 was not effective until December 31, 2022—*after* the October 31, 2022 deadline.  House Bill 2492 was Chapter 99 of Laws 2022.  *See* Chaptered Version of H.B. 2492, Laws 2022, *available at* https://www.azleg.gov/legtext/55leg/2R/laws/0099.pdf.  The general effective date for Bills signed into law during the 2022 legislative session, absent emergency clauses or subsequent legislation altering the effective date, was September 24, 2022.  *See* Policy Development & Government Relations: 2022 Arizona Legislative Session Summary, at 1, *available at* https://www.azed.gov/sites/default/files/2022/07/-DRAFT_2022%20ADE%20Legislative%20Session%20Summary_%2804.25.22%29_LF_RT.pdf (noting the September 24, 2022, general effective date).  But after the governor signed House Bill 2492, the legislature passed—and, the governor signed—Senate Bill 1638, which is available at https://www.azleg.gov/legtext/55leg/2r/laws/0174.pdf.  That Bill expressly provided that "Laws 2022, chapter 99 [*i.e.*, H.B. 2492] is effective from and after December 31, 2022."  S.B. 1638, Sec. 4(A), at 2:15-17.  Thus, House Bill 2492 did not take effect until December 31, 2022—*after* the October 31, 2022 deadline for the Secretary of State and the Recorder to provide voter registration applications to the Attorney General.

Because the requirement that the Recorder provide voter registration

applications to the Attorney General "on or before October 31, 2022" was not effective as of that date, the Recorder did not violate the law by not providing those applications by that date.  Indeed, he had no legal obligation or authority to provide the applications to the Attorney General.  The Recorder has fully complied with this law, and any allegations to the contrary are denied.

75.     The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County admit that the quoted language appears in the cited statute.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 75 and therefore deny them.

76.     The Maricopa County Defendants deny the allegations in this Paragraph.

77.     The Maricopa County Defendants deny the allegations in this Paragraph.  The Maricopa County Defendants further affirmatively state that the Recorder follows and complies with all applicable law, and any allegations to the contrary stated or implied or denied.

78.     The Maricopa County Defendants admit that the Recorder has not sent to the Attorney General a list of all Maricopa County Federal Only voters.  The Maricopa County Defendants deny that any law or authority requires the Recorder to send such a list to the Attorney General.  The Maricopa County Defendants further deny that the Recorder's non-sending of a list of Federal Only voters to the Attorney General constitutes a "fail[ure]" on his part.  The Maricopa County Defendants deny all remaining allegations in this Paragraph.

79.     The Maricopa County Defendants admit that the Recorder did not send to the

Attorney General the applications of all of Maricopa County's Federal Only voters on or before October 31, 2022, as contemplated by A.R.S. § 16-143(A).  The Maricopa County Defendants further affirmatively state that, as explained in the Answer to Paragraph 74, the requirement that the Recorder send voters' applications to the Attorney General by October 31, 2022 did not become effective until ***after*** that date.  Consequently, the Recorder had no legal obligation or authority to send voter registration applications to the Attorney General "on or before October 31, 2022," and he did not violate the law by not doing so.

***Pre-Litigation Efforts to Request Compliance***

80.     The Maricopa County Defendants admit that the Recorder received a letter from Plaintiff Strong Communities on or about the date referenced in this Paragraph, and that the purported to remind the Recorder of his list maintenance responsibilities and erroneously claimed that a citizenship inquiry made to DHS pursuant to 8 U.S.C. §§ 1373 and 1644 would allow the Recorder to fulfill those obligations.  The Maricopa County Defendants deny all additional allegations in this Paragraph.

81.     The statute and letter cited in this Paragraph speak for themselves and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute and that the letter referenced in this Paragraph made the erroneous claim alleged in this Paragraph.  The Maricopa County Defendants deny all additional allegations in this Paragraph.

82.     The Maricopa County Defendants admit the allegations in this Paragraph.

83.     The Maricopa County Defendants deny the allegations in this Paragraph.

84.     The Maricopa County Defendants admit that the Recorder's response through

his attorneys to Plaintiff's letter stated that the laws Plaintiff cited in the letter did not provide the Recorder with legal authority to make submit what Plaintiff calls "1373/1644 Requests" to DHS.  The Maricopa County Defendants deny all remaining allegations in this Paragraph.

85.     The Maricopa County Defendants deny the allegations in this Paragraph.

86.     The Maricopa County Defendants admit that undersigned counsel, who is one of the Recorder's attorneys, erroneously characterized one of the holdings of *Mi Familia Vota v. Fontes* when drafting his response to Plaintiff's letter identified in Paragraph 80, and incorrectly stated that the *Mi Familia* decision prohibited the use of SAVE for list maintenance purposes.  The *Mi Familia* decision does not prohibit using SAVE for that purpose.  The decision rather noted that Arizona does not currently have an arrangement with the Department of Homeland Security allowing its county recorders to use SAVE for list maintenance purposes, and also ruled that it was illegal to use SAVE for list maintenance purposes based on a "reason to believe" suspicion that the registrant was not a United States citizen.

87.     The Maricopa County Defendants admit the allegation of this Paragraph, as explained in their answer to Paragraph 86.

88.     The cited judicial decision speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited decision.

89.     The cited judicial decision speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited decision.

90.     The Maricopa County Defendants admit that the Recorder's response correctly noted that "the Recorder complies with all applicable state and federal law related to voter registration and voter list maintenance."  The Maricopa County Defendants deny that the Recorder's response ever mentioned A.R.S. § 16-143, but admit that his general claim that he follows "all applicable state and federal law" is broad enough to include A.R.S. § 16-143.   The Maricopa County Defendants admit that the Recorder did not discuss the "steps" he takes to comply with A.R.S. § 16-143.  The Maricopa County Defendants deny all remaining allegations of this Paragraph.

91.     The Maricopa County Defendants admit that the Recorder has not "transmit[ted] a list of Maricopa County Federal-Only Voters to the Attorney General[.]" The Maricopa County Defendants deny that "transmit[ting] a list" of voters to the Attorney General is required by A.R.S. § 16-143.  The Maricopa County Defendants deny all other allegations in this Paragraph.  The Maricopa County Defendants affirmatively state that the Recorder has complied, and continues to comply, with all requirements of A.R.S. § 16-143 and any allegation to the contrary is denied.

92.     The Maricopa County Defendants admit that Recorder has never "transmit[ted]" voter applications to the Attorney General.   The Maricopa County Defendants deny that "transmit[ting] a list" of voters to the Attorney General is required by A.R.S. § 16-143.   The Maricopa County Defendants deny all other allegations in this Paragraph.

93.     The Maricopa County Defendants admit that Recorder has never "transmit[ted]" "lists" or "applications" to the Attorney General as alleged in this Paragraph.

The Maricopa County Defendants deny that "transmit[ting]" "lists" or "applications" to the Attorney General is required by A.R.S. § 16-143.  The Maricopa County Defendants deny all other allegations in this Paragraph.

94.     The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder is in complete and total compliance with every requirement imposed by A.R.S. § 16-143.

## COUNT I
**Failure to Use "All Available Resources" for
Voter List Maintenance of Federal-Only Voters
(Special Action, Declaratory, and Injunctive Relief)
A.R.S. §§ 16-121.01(0), 12-1801, 12-1831, 12-1832,
12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

95.     The Maricopa County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

96.     The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute.  The Maricopa County Defendants further affirmatively state as follows: A.R.S. § 16-121.01(D), by its plain language and terms, only applies to voter registration applications made using the Federal Form—that is, in the words of the statute, the "form produced by the United States election assistance commission".   Despite that, Plaintiffs omit that part of the statute from their quote, thereby implying that A.R.S. § 16-121.01(D) applies to *State Form* applications, produced by the Arizona Secretary of State, that are not accompanied by satisfactory evidence of citizenship, too.  But the law does not apply to State Form registrations.  Plaintiffs misunderstand the statutory requirement.

97.     The Maricopa County Defendants deny the allegations in this Paragraph and

affirmatively state that a "1373/1644 Request" would only result in a SAVE inquiry, which the Recorder already makes.

98.     The Maricopa County Defendants admit that the Recorder has not submitted any citizenship inquiries to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644.  The Maricopa County Defendants deny all remaining allegations in this Paragraph.

99.     The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).

100.    The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).

**COUNT II**
**Failure to Consult Accessible Databases for**
**Voter List Maintenance of Federal-Only Voters**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-121.01(D)(5), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

101.    The Maricopa County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

102.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute.  The Maricopa County Defendants further affirmatively state as follows: A.R.S. § 16-121.01(D), by its plain language and terms, only applies to voter registration applications made using the Federal Form—that is, in the words of the statute, the "form produced by the United States election assistance commission".   Despite that, Plaintiffs omit that part of the statute from their quote, thereby implying that A.R.S. § 16-

121.01(D) applies to *State Form* applications, produced by the Arizona Secretary of State, that are not accompanied by satisfactory evidence of citizenship, too. But the law does not apply to State Form registrations. Plaintiffs are misunderstanding the statutory requirement.

103.     The Maricopa County Defendants deny the allegations in this Paragraph. The Maricopa County Defendants further affirmatively state that (1) any names submitted to Department of Homeland Security must include those persons specific immigration enumerator in order for a citizenship inquiry to be conducted; (2) citizenship inquiries are conducted via the SAVE program; and, (3) according to the Department of Homeland Security, which created and expanded SAVE, SAVE is not a "database."

104.     The Maricopa County Defendants admit that the Recorder has not submitted any citizenship inquiries to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644—*because (1) he already uses DHS's citizenship-inquiry process when he submits voter registrants, for whom he has access to their specific immigration enumerators, for inquiries with SAVE pursuant to A.R.S. § 16-121(D), and (2) there is no other DHS citizenship inquiry available unless one has the specific immigration enumerators for those whose citizenship is being investigated; thus, (3) all those for whom inquiries to DHS could be made have already had such inquiries made and there is no additional inquiry that can be made*. The Maricopa County Defendants deny all remaining allegations in this Paragraph.

105.     The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).

106.     The Maricopa County Defendants deny the allegations in this Paragraph and

affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).

107.    The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).

**COUNT III**
**Failure to Conduct Regular Voter List Maintenance**
**of Federal-Only Voters Using Accessible Databases**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-165(K), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

108.    The Maricopa County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

109.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute.

110.    The allegations in Paragraph 110 state a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that applicable law requires the Recorder to cancel the voter registrations of those who he learns through an inquiry authorized by law are not United States citizens. The Maricopa County Defendants deny all remaining allegations in this Paragraph.

111.    The Maricopa County Defendants deny Plaintiffs' (and their counsels') allegation in this Paragraph that "[f]ailure to provide DPOC is information about lack of citizenship."  The Maricopa County Defendants further deny that the laws cited by Plaintiffs and their attorneys in support of the just-mentioned allegation support the allegation.  The Maricopa County Defendants affirmatively state as follows:

Plaintiffs' suggestion, that failure to provide DPOC is "information"

indicating that the registrant is a noncitizen, is abhorrent.  It is also directly contradicted by federal law, which expressly authorizes United States citizens to register to vote in federal elections without providing documentary proof of citizenship.  To suggest that our fellow United States citizens, who avail themselves of their right to register to vote in federal elections without providing DPOC, *as federal law allows them to do*, have somehow, by exercising that right and doing what federal law allows them to do, provided "information" that calls their citizenship into question, is an unjustified and unjustifiable insult to these citizens.  It should not be countenanced by this Court, and it will not stand up to judicial scrutiny.

112.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute and that A.R.S. § 16-165(K) requires that "[t]o the extent practicable, the county recorder shall review relevant city, town, county, state and federal databases to which the county recorder has access to confirm information obtained that requires cancellation of registrations pursuant to this section."  The Maricopa County Defendants deny Plaintiffs' unqualified allegation that the cited statute "requires" that the Recorder perform the confirmation because the statute, by its terms, only requires confirmation "to the extent practicable."  The Maricopa County Defendants deny all remaining allegations in this Paragraph.

113.    The Maricopa County Defendants deny the allegations in this Paragraph.

114.    The Maricopa County Defendants admit that the Recorder has not submitted any citizenship inquiries to the Department of Homeland Security pursuant to 8 U.S.C. §§

1373 or 1644. The Maricopa County Defendants deny all remaining allegations in this Paragraph.

115. The Maricopa County Defendants deny the allegations in this Paragraph.

116. The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-165(K).

117. The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-165(K).

**COUNT IV**
**Failure to Send Information About**
**Federal-Only Voters to the Attorney General**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-143, 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, and RPSA 3**

118. The Maricopa County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

119. The cited statute speaks for itself and no response is required. To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited statute.

120. The Maricopa County Defendants deny that the Recorder has not "made available" to the Attorney General the information that the statute requires that he make available. The Maricopa County Defendants admit that the Recorder has not "provided" to the Attorney General any voter registration applications pursuant to this statute, which required that they be provided on or before October 31, 2022. The Maricopa County Defendants affirmatively state that, as explained above, the cited statute did not take effect until December 31, 2022—*__after__* the October 31, 2022 deadline to provide the applications.

Thus, the statute was not in effect on October 31, 2022, and the statute's requirement—that the Recorder provide to the Attorney General voter registration applications by that date—has (and had) no legal force.

121.    The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-143(A).

### (PLAINTIFFS') PRAYER FOR RELIEF

The Maricopa County Defendants deny that Plaintiffs are entitled to any of their requested relief.

### **AFFIRMATIVE DEFENSES**

1.    Plaintiffs' claims fails to state a claim upon which relief can be granted.

2.    Plaintiffs lack Article III standing.

3.    Some of the relief Plaintiffs request, or implicitly request, would be illegal under federal law.

4.    Maricopa County is not a proper defendant to this action and must be dismissed.

5.    The Maricopa County Defendants reserve the right to assert additional affirmative defenses as additional facts are discovered.

### **MARICOPA COUNTY DEFENDANTS' PRAYER FOR RELIEF**

The Maricopa County Defendants pray for relief as follows.

A.    That the Court dismiss Plaintiffs' Complaint;

B.    That judgment be entered in favor of the Maricopa County Defendants and against Plaintiffs on Plaintiffs' Complaint;

C.      That the Maricopa County Defendants be awarded their reasonable attorneys' fees and costs under any applicable statute, rule, or equitable doctrine; and

D.      For any and all other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 28th day of August, 2024.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY: */s/Joseph E. La Rue*
    THOMAS P. LIDDY
    JOSEPH E. LA RUE
    JACK L. O'CONNOR III
    ROSA AGUILAR
    Deputy County Attorneys
    *Attorneys for the Maricopa County*
    *Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served a copy by email on Plaintiffs' counsel, with a courtesy copy to the Honorable Danielle Viola, as follows.

Honorable Susan Brnovich
District Court Judge
Brnovich_chambers@azd.uscourts.gov

James K. Rogers
Senior Counsel
AMERICAN FIRST LEGAL FOUNDATION
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
James.Rogers@aflegal.org

Jennifer J. Wright
JENNIFER WRIGHT ESQ., PLC
4350 E. Indian School Rd., Suite #21-105
Phoenix, Arizona  85018
jen@jenwesq.com

*Attorneys for Plaintiffs*

1
2
3
4
5

D. Andrew Gaona
Austin C. Yost
COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
agaona@cblawyers.com
ayost@cblawyers.com

6
7
8
9
10
11
12

Lalitha D. Madduri
Christopher D. Dodge
Tyler L. Bishop
Renata O'Donnell
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
lmadduri@elias.law
cdodge@elias.law
tbishop@elias.law
rodonnell@elias.law

13
14

*Attorneys for Proposed Intervenor-Defendants*
*Voto Latino and One Arizona*

15

*/s/ V. Sisneros*

16
17
18
19
20
21
22
23
24
25
26
27
28