RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:     Thomas P. Liddy (Bar No. 019384)
        Joseph E. La Rue (Bar No.031348)
        Jack L. O'Connor III (Bar No. 030660)
        Rosa Aguilar (Bar No. 037774)
        Deputy County Attorneys
        liddyt@mcao.maricopa.gov
        laruej@mcao.maricopa.gov
        oconnorj@mcao.maricopa.gov
        aguilarr@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 0003200

*Attorneys for Maricopa County Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Strong Communities Foundation of Arizona Inc., and Yvonne Cahill, <br><br> Plaintiffs, <br><br> vs. <br><br> Stephen Richer in his official capacity as Maricopa County Recorder, and Maricopa County, <br><br> Defendants. | No. 24-CV-02030-PHX-SMB <br><br> **MARICOPA COUNTY DEFENDANTS' ANSWER** |

Defendants Maricopa County Recorder Stephen Richer (the "Recorder") and Maricopa County (together, the "Maricopa County Defendants") answer Plaintiffs' Complaint as follows.

## MARICOPA COUNTY DEFENDANTS' PREFATORY STATEMENT

Arizona has a bifurcated system of voter registration. To be a "Full Ballot" voter, eligible to vote in federal, state, and local elections, voters must provide documentary proof of citizenship ("DPOC"). A.R.S. § 16-166(F) (as limited by *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013) ("*ITCA*"). Those registrants who do not provide DPOC, but who nonetheless swear or affirm that they are United States citizens, are registered as "Federal Only" voters and are eligible to vote in federal elections only. This result is required by federal law, which requires states to "accept and use" a uniform federal form (the "Federal Form") produced by the Elections Assistance Commission (the "EAC") for voter registration for federal elections. 52 U.S.C. § 20505(a)(1). States are prohibited from requiring federal voter registration applicants to submit additional information beyond that required by the Federal Form. *ITCA*, 570 U.S. at 15. Because the Federal Form does not require DPOC, 52 U.S.C. § 20508(b), Arizona is prohibited from requiring DPOC for Federal Only voters.[1]

Even under the bifurcated voter registration system just described, noncitizens are not allowed to register to vote in federal elections. The Federal Form requires that registrants attest that they are United States citizens and sign the Form under penalty of perjury. 52

---

[1] The EAC's instructions for using the Federal Form are available at https://www.eac.gov/sites/default/files/eac_assets/1/6/Federal_Voter_Registration_ENG.pdf. The Federal Form itself is between pages 2 and 3 of the EAC instructions.

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

U.S.C. § 20508(b)(2). Thus, every voter registrant in Maricopa County demonstrates their citizenship, either by providing DPOC or by attestation under penalty of perjury.

In Arizona, each county's recorder maintains the county's roll of registered voters. Both federal and state law require the county recorders to perform "list maintenance" of the voter registration rolls, which involves removing those who have moved out of the county, are deceased, or are otherwise have become ineligible to vote. This lawsuit concerns that process.

In their five-count First Amended Complaint, Plaintiffs allege that Arizona's county recorders are not properly performing list maintenance regarding noncitizens who are unlawfully registered to vote. In Counts I – III and V, they allege that, pursuant to 8 U.S.C. § 1373 and § 1644, the recorders are required to make "1373/1644 Requests" to the Department of Homeland Security for their counties' voters' citizenship information but is not doing so. In Count IV, Plaintiffs allege that Arizona law requires the county recorders to send lists of certain voters, as well as certain voter registration applications, to the Arizona Attorney General but they have not done so. But Plaintiffs are incorrect about all of this. Each of their claims misunderstands, or misstates, what the law requires. Accordingly, the Complaint fails as a matter of law.

## MARICOPA COUNTY DEFENDANTS' GENERAL DENIAL

Every allegation in the Complaint that is not specifically admitted in this Answer is denied.

## (PLAINTIFFS') INTRODUCTION

1.       The Maricopa County Defendants admit the allegations of Paragraph 1.

2.      The quoted portion of the Rasmussen Report speaks for itself and does not require a response.  To the extent a response is required, the Maricopa County Defendants admit that the article contains the quoted text and deny all remaining allegations in Paragraph 2.

3.      The quoted portion of the Rasmussen Report speaks for itself and does not require a response.  To the extent a response is required, the Maricopa County Defendants admit that the article contains the quoted text and deny all remaining allegations in Paragraph 3.

4.      Plaintiffs' allegation in Paragraph 4 uses a descriptor, "many," that is not defined with specificity but is subject to interpretation and is therefore vague.  Accordingly, the Maricopa County Defendants deny the allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that the Legislature enacted H.B. 2243 and H.B. 2492 that concerned voter registration list maintenance in 2022 and that the legislation was signed into law by the Governor.  The Maricopa County Defendants deny that the legislation was "stricter" than the list maintenance requirements that were then in effect.  The Maricopa County Defendants deny all remaining allegations in Paragraph 5.

6.      The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore deny them.

7.      The Maricopa County Defendants admit that the cited statute contains the

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

quoted text.  The Maricopa County Defendants deny that the cited statute requires them to "ensure" that ineligible voters are removed from the voter rolls.  The Maricopa County Defendants deny all remaining allegations in Paragraph 7.  The Maricopa County Defendants affirmatively state as follows:  the cited statute, 52 U.S.C. § 21083, concerns how the Maricopa County Recorder must perform voter registration list maintenance activities.  It requires that the Maricopa County Recorder ensure that the only voters whose names are removed from the voter registration list are those who are *actually* ineligible to vote.  *See* 52 U.S.C. § 21083(a)(2)(B)(ii) (providing that "[t]he list maintenance performed under subparagraph (A) shall be conducted in a manner that ensures that-- . . . only voters who are not registered or who are not eligible to vote are removed from the computerized list").  The cited statute is thus a voter-protection statute, placing a requirement upon the Recorder that he take appropriate steps to make certain that no one who is eligible to the franchise is removed by mistake from the voter registration list.  Plaintiffs, however, turn the statute on its head and present it to this Court as requiring that the Recorder "ensure" that no one who is ineligible to vote is listed on the voter registration list.  But the statute does not require that.  In fact, no statute or law requires the Recorder to "ensure" that the voter registration list is completely free from even a single, solitary illegible voter.  Plaintiffs' (and their attorneys') misrepresentation of the statute to this Court should not be countenanced.

8.     The Maricopa County Defendants deny all allegations made in Paragraph 8 as they relate to the Maricopa County Defendants.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 8's allegations as they relate to the other Defendants and so deny them.  The Maricopa

County Defendants further affirmatively state that Maricopa County Recorder Stephen Richer complies with all legal requirements concerning voter registration list maintenance and any allegation to the contrary is false. During Recorder Richer's term of office, the Recorder has reduced Maricopa County's voter registration list by over 400,000 voters who had become ineligible to vote as a result of his list maintenance efforts. Plaintiffs' (and their attorneys') accusation, that the Recorder "ignore[s]" applicable list maintenance requirements, is what is "[p]uzzling[]". The mischaracterization by Plaintiffs and their attorneys should not be countenanced by this Court.

9. The Maricopa County Defendants deny that they have "failed" to follow the law as alleged in Paragraph 9. The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of whether the other Defendants have "failed" to follow the law as alleged in Paragraph 9 and therefore deny that such has happened. The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of whether voters have "los[t] confidence in the integrity of our election system" as alleged in Paragraph 9 and therefore deny that such has occurred. If such has occurred, the Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of why such loss of confidence has occurred and so deny the allegation that it is because of any alleged "failures" of the Defendants (which the Maricopa County Defendants deny have happened). Accordingly, all allegations in Paragraph 9 are denied.

Additionally, the Maricopa County Defendants affirmatively state as follows: *If* voters have "los[t] confidence in the integrity of our election system[,]" as alleged in

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

Paragraph 9, it is far more likely the result of the repeated, false allegations against election officers and their administration of elections than it is the result of non-existent failures of those officials to "take the actions required by law" (as alleged in Paragraphs 8 and 9 of the First Amended Complaint).

10.     For support for the allegations in Paragraph 10, Plaintiffs supplied a link to a Rasmussen Reports article.  However, the link only brings up a snippet of the article, the remainder of which is behind a paywall.  It also brings up a message stating: "Archived Page Not Found."  The snippet of the article does not say what Plaintiffs allege in Paragraph 10. Accordingly, the Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore deny them.

11.     For support for the allegations made in Paragraph 11, Plaintiffs supplied another link to a Rasmussen Reports article.  However, just like the link supplied for Paragraph 10, the link to support the allegations made in Paragraph 11 only brings up a snippet of the Rasmussen Reports article, the remainder of which is behind a paywall.  It also brings up a message stating: "Archived Page Not Found."  The snippet of the article does, however, say what Plaintiffs allege that it says.  Accordingly, the Maricopa County Defendants admit that the cited Rasmussen Report article contains the quoted text.  The Maricopa County Defendants lack sufficient knowledge or information, however, to form a belief as to whether the article accurately reports the purported survey results, and also lack sufficient knowledge or information to form a belief as to whether the survey results as reported in the snippet of the article are reliable indicators of the thinking of the general

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

public or whether the survey methodology, sample size, or question-bias render the survey results unreliable.   Accordingly, the Maricopa County Defendants deny all remaining allegations made in Paragraph 11.

12.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 12's allegations concerning why Plaintiffs and their attorneys brought this lawsuit and what it "seeks" to accomplish and so deny them.  The Maricopa County Defendants affirmatively state that Recorder Richer has no "failures" as alleged in this lawsuit and all allegations to the contrary are false.  The Maricopa County Defendants further affirmatively state that, to the extent that "public trust in our State's electoral system" has been eroded and needs to be "restore[d]," it is largely a result of sham lawsuits that make unfounded allegations, untethered from reality, and spread those allegations over the Internet in fund raising appeals.

## PARTIES

13.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore deny them.

14.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore deny them.

15.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore deny them.

16.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore deny them.

17.     The Maricopa County Defendants deny that there is any "unlawful failure" on the part of Recorder Richer "to comply with required voter list maintenance practices" as alleged in Paragraph 17.  The Maricopa County Defendants affirmatively state that the Maricopa County Recorder complies with, *and is in compliance with*, the laws that concern voter registration list maintenance and any allegation to the contrary is false.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 and therefore deny them.

18.     The allegations in Paragraph 18 state a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny all allegations in Paragraph 18.

19.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19—Plaintiffs did not provide Ms. Cahill's voter registration number, and so there is no way for the Maricopa County Defendants to confirm the averments in this Paragraph—and, therefore, deny them.

20.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore deny them.

21.     The Maricopa County Defendants admit that Stephen Richer is the Maricopa County Recorder and that he is sued in his official capacity.  The remainder of this Paragraph

states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Maricopa County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 21 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

22.     The Maricopa County Defendants admit that Maricopa County is a political subdivision of the State of Arizona and that Recorder Richer is an elected officer of Maricopa County.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that Maricopa County has the power to sue and be sued.  To the extent that Paragraph 22 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's Counties, they must be able to articulate an injury caused by the County or otherwise be able to state why the County is a necessary party.

23.     The Maricopa County Defendants admit that Larry Noble is the Apache County Recorder and that he is sued in his official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Apache

County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.   To the extent that Paragraph 23 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

24.     The Maricopa County Defendants admit that Apache County is a county in the State of Arizona and that Recorder Noble is an elected officer of the county.   The remainder of the Paragraph states a legal conclusion to which no response is required.   To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.   To the extent that Paragraph 24 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.   The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

25.     The Maricopa County Defendants admit that David Stevens is the Cochise County Recorder and that he is sued in his official capacity.   The remainder of this Paragraph states legal conclusions to which no response is required.   To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Cochise County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

registration applicants.   To the extent that Paragraph 25 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

26.   The Maricopa County Defendants admit that Cochise County is a county in the State of Arizona and that Recorder Stevens is an elected officer of the county.   The remainder of the Paragraph states a legal conclusion to which no response is required.   To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.   To the extent that Paragraph 26 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.   The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

27.   The Maricopa County Defendants admit that Patty Hansen is the Coconino County Recorder and that she is sued in her official capacity.   The remainder of this Paragraph states legal conclusions to which no response is required.   To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Coconino County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.   To the extent that Paragraph 27 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

28.   The Maricopa County Defendants admit that Coconino County is a county in

the State of Arizona and that Recorder Hansen is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 28 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

29.     The Maricopa County Defendants admit that Sadie Jo Bingham is the Gila County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Gila County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 29 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

30.     The Maricopa County Defendants admit that Gila County is a county in the State of Arizona and that Recorder Bingham is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that an Arizona

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

county has the power to sue and be sued.  To the extent that Paragraph 30 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

31.     The Maricopa County Defendants admit that Polly Merriman is the Graham County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Graham County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.   To the extent that Paragraph 31 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

32.     The Maricopa County Defendants admit that Graham County is a county in the State of Arizona and that Recorder Merriman is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 32 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue

one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

33.     The Maricopa County Defendants admit that Sharie Milheiro is the Greenlee County Recorder and that she is sued in her official capacity.   The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Greenlee County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.   To the extent that Paragraph 33 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

34.     The Maricopa County Defendants admit that Greenlee County is a county in the State of Arizona and that Recorder Milheiro is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 34 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

35.     The Maricopa County Defendants admit that Richard Garcia is the La Paz

County Recorder and that he is sued in his official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of La Paz County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 35 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

36.     The Maricopa County Defendants admit that La Paz County is a county in the State of Arizona and that Recorder Garcia is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 36 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

37.     The Maricopa County Defendants admit that Lydia Durst is the Mohave County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Mohave County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.   To the extent that Paragraph 37 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

38.     The Maricopa County Defendants admit that Mohave County is a county in the State of Arizona and that Recorder Durst is an elected officer of the county.   The remainder of the Paragraph states a legal conclusion to which no response is required.   To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.   To the extent that Paragraph 38 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.   The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

39.     The Maricopa County Defendants admit that Michael Sample is the Navajo County Recorder and that he is sued in his official capacity.   The remainder of this Paragraph states legal conclusions to which no response is required.   To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Navajo County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 39 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

40.     The Maricopa County Defendants admit that Navajo County is a county in the State of Arizona and that Recorder Sample is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 40 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

41.     The Maricopa County Defendants admit that Gabriella Cázares-Kelly is the Pima County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Pima County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 41 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

42.     The Maricopa County Defendants admit that Pima County is a county in the State of Arizona and that Recorder Cázares-Kelly is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 42 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

43.     The Maricopa County Defendants admit that Dana Lewis is the Pinal County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Pinal County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 43 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

44.     The Maricopa County Defendants admit that Pinal County is a county in the State of Arizona and that Recorder Lewis is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 44 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

45.     The Maricopa County Defendants admit that Anita Moreno is the Santa Cruz County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Santa Cruz County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 45 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

46.     The Maricopa County Defendants admit that Santa Cruz County is a county in the State of Arizona and that Recorder Moreno is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 46 contains additional

allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

47.     The Maricopa County Defendants admit that Michelle Burchill is the Yavapai County Recorder and that she is sued in her official capacity.   The remainder of this Paragraph states legal conclusions to which no response is required.   To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Yavapai County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.   To the extent that Paragraph 47 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

48.     The Maricopa County Defendants admit that Yavapai County is a county in the State of Arizona and that Recorder Burchill is an elected officer of the county.   The remainder of the Paragraph states a legal conclusion to which no response is required.   To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.   To the extent that Paragraph 48 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or

otherwise be able to state why the county is a necessary party.

49.     The Maricopa County Defendants admit that Richard Colwell is the Yuma County Recorder and that he is sued in his official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Yuma County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 49 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

50.     The Maricopa County Defendants admit that Yuma County is a county in the State of Arizona and that Recorder Colwell is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 50 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.  The Maricopa County Defendants further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

**JURISDICTION AND VENUE**

51.     Paragraph 51 states a legal conclusion to which no response is required.  To

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

the extent that a response is required, the Maricopa County Defendants admit that (1) 28 U.S.C. § 1331 conveys original jurisdiction to federal district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States"; (2) the First Amended Complaint alleges violations of the National Voter Registration Act (the "NVRA"); and, (3) that the NVRA is a law of the United States.  The Maricopa County Defendants deny that this Court has subject matter jurisdiction, because Plaintiffs (1) lack Article III standing and (2) further lack standing because they did not provide the ninety-day NVRA Notice Letter required by 52 U.S.C. § 20510(b).

52.     The Maricopa County Defendants admit that Plaintiffs provided written notice of the alleged violations to the Maricopa County Recorder but lack knowledge or information sufficient to form a belief as to whether they provided such notice to the other Defendants and so deny that allegation.  The Maricopa County Defendants further admit that the violations alleged in the original Complaint occurred within 120 days before an election for federal office.  The Maricopa County Defendants deny all other allegations made in Paragraph 52.  Additionally, the Maricopa County Defendants affirmatively state as follows. (**1**) County recorders are not "chief election officials" within the meaning of 52 U.S.C. § 20510(b); (**2**) Plaintiffs filed their lawsuit on August 5, 2024, which is within 120 days of the next federal election that will occur on November 5, 2024; (**3**) Section 20510(b) requires that a plaintiff may only file a lawsuit alleging a violation of the NVRA occurring within 120 days before the date of a federal election after providing written notice of the violation "to the chief election official of the State involved" (the "NVRA Notice Letter") and providing that official twenty days to correct the alleged violation, 52 U.S.C. § 20510(b)(2);

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

(**4**) the Arizona Secretary of State is the "chief state election officer" under NVRA, A.R.S. § 16-142(A); (**5**) Plaintiffs failed to provide the NVRA Notice Letter to the Secretary of State prior to filing their lawsuit as required by 52 U.S.C. § 20510(b); (**6**) Thus, Plaintiffs failed to comply with the law's requirements for bringing a lawsuit alleging violations of the NVRA.

53.     The Maricopa County Defendants admit 28 U.S.C. §§ 1651, 2201, and 2202 and 52 U.S.C. § 20510(b)(2) provide this Court jurisdiction to grant declaratory, injunctive, and/or mandamus relief, but deny that the Court has such jurisdiction for this matter because the Court does not have the required subject matter jurisdiction to hear this matter.

54.     The Maricopa County Defendants admit that 28 U.S.C. § 1367 confers supplemental jurisdiction over state law claims, but deny that this Court has such jurisdiction in this matter because the Court does not have the required subject matter jurisdiction.

55.     The Maricopa County Defendants deny the allegations of Paragraph 55.

56.     The Maricopa County Defendants admit that, if the Court had subject matter jurisdiction, venue would be appropriate in the District of Arizona and the Court would have personal jurisdiction over the Defendants.

## GENERAL ALLEGATIONS

57.     Paragraph 57 states a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that it is illegal for foreign nationals to register to vote or vote, and further admit that there is no legitimate reason for a foreign national to cause himself to be included on the voter registration rolls in this State.  To the extent that Paragraph 57 contains additional allegations beyond those here

admitted, the Maricopa County Defendants deny all such additional allegations.

**I.      *Arizona's Federal-Only Voters***

58.      Paragraph 58 contains legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny that the first sentence of the Paragraph correctly states Arizona law and admit that the United States Supreme Court held in *Inter Tribal Council* that Arizona may not impose documentary proof of citizenship requirements on those registering to vote in federal elections.  To the extent that Paragraph 58 contains additional allegations beyond those here admitted, the Maricopa County Defendants deny all such additional allegations.  The Maricopa County Defendants further affirmatively state that Arizona law requires that the voter registration applications of persons registering as Full Ballot Voters, eligible to vote in federal, state, and local contests, must be accompanied by documentary proof of citizenship.

59.      Paragraph 59 contains legal conclusions to which no response is required and contains quotations from a cited Supreme Court decision to which no response is required.  To the extent a response is required, the Maricopa County Defendants admit the cited case contains the quoted text.  To the extent that Paragraph 59 contains additional allegations beyond those here admitted, the Maricopa County Defendants deny all such additional allegations.

60.      Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is required the Maricopa County Defendants admits that Arizona may establish its own requirements for state and local elections and that State law requires that only those voter registrants whose registrations are accompanied by documentary proof of

their citizenship may vote in state and local elections. To the extent that Paragraph 60 contains additional allegations beyond those here admitted, the Maricopa County Defendants deny all such additional allegations.

61. The Maricopa County Defendants admit that Arizona has a bifurcated system of voter registration and that voter registrants whose registrations are not accompanied by documentary proof of citizenship are only allowed to vote in elections for candidates running for federal office. To the extent that Paragraph 61 contains additional allegations beyond those here admitted, the Maricopa County Defendants deny all such additional allegations.

62. The cited document speaks for itself and no response is required. To the extent that a response is required, the Maricopa County Defendants admit that the cited document contains a numerical breakdown, by county, of the active and inactive voters who are registered as Federal Only voters as of April 1, 2024, and that the cited document states that there were 35,273 such voters in Arizona as of that date. The Maricopa County Defendants deny that the cited document states that these voters "had failed to provide proof of citizenship." The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 and therefore deny them.

63. The cited document speaks for itself and no response is required. To the extent that a response is required, the Maricopa County Defendants admit that the cited document contains a numerical breakdown, by county, of the active and inactive voters who are registered as Federal Only Voters as of July 1, 2024, and that the cited document states that there were 42,301 such voters in Arizona as of that date.

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

64.     The Maricopa County Defendants admit the allegations made in Paragraph 64.

65.     The Maricopa County Defendants deny the allegations in Paragraph 65 as they related to Maricopa County and lack knowledge or information sufficient to form a belief as to truth or falsity of the allegations as they relate to the other Defendants and therefore deny them.  The Maricopa County Defendants further affirmatively state as follows.  The voter registration rolls are not static but fluid, changing on a minute-by-minute basis as new voters register and voters who have become ineligible are removed via list maintenance efforts.  There have been months during which the number of Federal Only voters have increased as compared to the prior month, as Plaintiffs allege in Paragraph 65.  But there have also been months during which the number of Federal Only voters has decreased as compared to the prior month.  Plaintiffs' allegation to the contrary in this Paragraph is incorrect and therefore the allegation is denied.

66.     The cited website speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit the allegations in Paragraph 66.

67.     The Maricopa County Defendants admit that the increase in Federal Only voters in Maricopa County increased by nearly 21% from April 1, 2024 to July 1, 2024.  The Maricopa County Defendants deny all remaining allegations in Paragraph 67.

## II. *Voter List Maintenance Requirements*

68.     Paragraph 68 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the cited

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

case contains the quoted language; that the NVRA does not require states to register as voters those who are ineligible to vote; and, that the cited case does not prohibit States from engaging in voter registration list maintenance procedures required by the Help America Vote Act.  The Maricopa County Defendants deny all remaining allegations in Paragraph 33.

69.     Paragraph 69 states a legal conclusion to which no response is required and does not provide a citation to authority to support that conclusion.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in Paragraph 69.

70.     The Maricopa County Defendants admit that the Legislature enacted, and Governor Ducey signed, H.B. 2492 and H.B. 2243 in 2022.  The remaining allegations in Paragraph 35 state legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in Paragraph 70.

71.     Paragraph 71 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations.

72.     The Maricopa County Defendants deny that they have "failed to perform" any "required list maintenance."   The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to whether the other Defendants have "failed to perform" any "required list maintenance" and so deny that allegation.  The Maricopa County Defendants affirmatively state that Recorder Richer has performed all of his required list maintenance responsibilities and has not failed to perform any of them.

73.     Paragraph 73 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that A.R.S. §

16-121.01(D) (*not* A.R.S. § 16-143(D), as Plaintiffs erroneously allege) requires that, "[w]ithin ten days after receiving an application for registration on the Federal Form that is not accompanied by satisfactory evidence of citizenship, the county recorder" must attempt to verify the citizenship status of the registrant as set forth in the remainder of A.R.S. § 16-121.01(D).  To the extent that Paragraph 73 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

74.     The Maricopa County Defendants deny all of the allegations contained in Paragraph 74 as they relate to the Maricopa County Defendants.  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to whether the other Defendants have "failed to perform" any "required list maintenance" and therefore deny that allegation as it relates to the other Defendants.  The Maricopa County Defendants further affirmatively state that Maricopa County Recorder Richer has performed all of his required list maintenance responsibilities and has not failed to perform any of them.

75.     The Maricopa County Defendants admit that the State of Arizona does not have adequate permissions to use *for list maintenance purposes* (as alleged in this Paragraph) the U.S. Department of Homeland Security's Systematic Alien Verification for Entitlements (SAVE); the Social Security Administration (SSA) database, and the National Association for Public Health Statistics and Information Systems (NAPHSIS) electronic verification of vital events system (EVVE).  The Maricopa County Defendants also admit that, because the State of Arizona does not have adequate permissions to use these three references for list maintenance purposes, Recorder Richer cannot use them for list maintenance purposes.  The Maricopa County Defendants deny that SAVE is a database.  To the extent that Paragraph

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

75 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

76.     Paragraph 41 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that Arizona and federal law have list maintenance requirements and that some of those requirements are in addition to "consulting these three databases" referenced in Paragraph 75.  The Maricopa County Defendants deny that SAVE is a database.  To the extent that Paragraph 76 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

77.     The Maricopa County Defendants admit that the cited statute contains the quoted text.  The Maricopa County Defendants deny all remaining allegations in this Paragraph.  To the extent that Paragraph 77 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

78.     The Maricopa County Defendants admit that the cited statute contains the quoted text.  To the extent that Paragraph 78 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

79.     The Maricopa County Defendants admit that the cited statute contains the quoted text.  To the extent that Paragraph 79 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

80.     The Maricopa County Defendants admit that the cited statute contains the quoted text.  The Maricopa County Defendants deny all other allegations in this Paragraph, including that the cited statute requires that local election officials "ensure" that ineligible

voters are removed from the voter registration rolls, as Plaintiffs incorrectly allege in this Paragraph.  About this allegation, the Maricopa County Defendants affirmatively state that the cited statute requires that local election officials ensure that the only voters whose names are removed from the voter registration list are those who are *actually* ineligible to vote.  *See* 52 U.S.C. § 21083(a)(2)(B)(ii) (providing that "[t]he list maintenance performed under subparagraph (A) shall be conducted in a manner that ensures that-- . . . only voters who are not registered or who are not eligible to vote are removed from the computerized list").  The cited statute is thus a voter-protection statute, placing a requirement upon the Recorder to take appropriate steps to make certain that no one who is eligible to the franchise is removed by mistake from the voter registration list.  Plaintiffs, however, turn the statute on its head and present it to this Court as requiring that the Recorder "ensure" that no one who is ineligible to vote is listed on the voter registration list.  The statute does not require that.  In fact, no statute or law requires the Recorder to "ensure" that the voter registration list is completely free from even a single, solitary ineligible voter.  The law requires that the Recorder perform list maintenance and remove voters that are shown to have become ineligible to vote, and the Recorder performs these legal requirements.  Any allegation to the contrary is denied.  Plaintiffs' (and their attorneys') misrepresentation of the statute to this Court should not be countenanced.

81.      Paragraph 81 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that it is illegal for those who are not citizens of the United States to register to vote in federal elections; that any foreign citizen who is registered to vote is ineligible; and that federal law requires county

recorders to perform voter registration list maintenance.  The Maricopa County Defendants deny all remaining allegations in this Paragraph, including that county recorders are subject to any legal requirement to "ensure" that foreign citizens are not registered to vote.

### III.   Foreign citizens do register to vote.

82.     The Maricopa County Defendants admit that they are aware of allegations of various levels of credibility that some foreign nationals have registered to vote in United States elections.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of those allegations and therefore deny them.  The Maricopa County Defendants admit, however, that it is **possible** that foreign nationals have attempted to register, or even have successfully registered, to vote in United States elections.  To the extent that Paragraph 82 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

83.     The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 83 and therefore deny them.[2]

84.     The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the cited authority claims that since 2021 Texas has removed "6,500 **potential** noncitizens from the voter rolls"

---

[2]  The Maricopa County Defendants admit that when the Maricopa County Recorder performs the various inquiries on new voter registration applicants that are required by law, he on occasion discovers voter registration applicants who the inquiries indicate are not United States citizens.  Those indications, however, do not "prove" that the applicants are not citizens, but only reveal that the databases or systems checked cannot confirm their citizenship.  Pursuant to the law's requirements, those applicants are not registered to vote but are notified that, to be eligible to vote, they must provide documentary proof of their citizenship.

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

(emphasis added) as alleged in this Paragraph.  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore deny them.

85.     The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants note that the allegation made in Paragraph 85 misstates the authority it cites for support, which does not support the allegation.  The Maricopa County Defendants deny the allegations in Paragraph 85.

86.     The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants note that the allegation made in Paragraph 85 misstates the authority it cites for support, which does not support the allegation.  The Maricopa County Defendants deny the allegations in this Paragraph 86.

87.     The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the allegations in Paragraph 87 accurately reflect information stated in the cited authority.  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore deny them.

88.     The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the allegations in Paragraph 88 accurately reflect information stated in the cited authority.  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore deny them.

***SAVE, SSA, and EVVE are Insufficient to Definitively Verify Citizenship***

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

89.     The Maricopa County Defendants deny that SAVE is a database as alleged in this Paragraph.  The Maricopa County Defendants admit that SAVE is "insufficient to definitively verify the citizenship of all Federal-Only Voters" as alleged in this Paragraph. The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations in Paragraph 89 and therefore deny them.

90.     Paragraph 90 states a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny all allegations in Paragraph 90.

91.     The cited authorities speak for themselves and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit the allegation made in Paragraph 91.

92.     The cited authorities speak for themselves and no response is required.  To the extent that a response is required, the Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 92 and therefore deny them.

93.     The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants notes that the cited authority does not support the allegation made in Paragraph 93.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph 89 and therefore deny it.

94.     The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted material

appears in the court decision cited.  To the extent that Paragraph 94 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

95.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph 95 and therefore deny it.

96.     The document cited in Paragraph 96 speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that one cannot use SAVE to inquire into the citizenship status of an individual unless one provides that individual's specific immigration enumerator (what Plaintiffs refer to as a "specific 'numeric identifier'").   The Maricopa County Defendants further admit that the specific immigration enumerators identified by Plaintiffs in this Paragraph are the ones identified by the document cited in this Paragraph, which was prepared by the Department of Homeland Security to provide a tutorial concerning SAVE.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph 96 that "SAVE is hobbled by a critical design flaw" and, therefore, deny it.  To the extent that Paragraph 96 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

97.     The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited authority.  The Maricopa County Defendants deny that providing a numeric identifier "is a statutory requirement" because the statute contemplates other possible options.  To the extent that Paragraph 97 contains additional allegations beyond

those admitted, they are denied by the Maricopa County Defendants.

98.    The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited authority.

99.    The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited authority.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph 99 and therefore deny it.

100.    The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited authority.

101.    The Maricopa County Defendants admit that, as currently constituted, SAVE cannot perform inquiries concerning persons for whom at least one specific immigration enumerator is not known.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 101 and therefore deny them.

102.    The Maricopa County Defendants admit that specific immigration enumerators are not required for voter registration on the Arizona state voter registration form or the EAC-designed federal voter registration form.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 102 and therefore deny them.

103.    The judicial decision quoted in Paragraph 103 speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited judicial decision.

104.    The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that SAVE cannot utilize social security or driver's license numbers to identify individuals for citizenship inquiries, but rather requires the individual's specific immigration enumerator.  The Maricopa County Defendants further admit that social security and driver's license numbers are not specific immigration enumerators and so cannot be used by the SAVE program for citizenship inquiries.  The Maricopa County Defendants further admit that many voter registration applicants provide their driver's license numbers and the final four digits of their social security numbers.  The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations in Paragraph 104 and therefore deny them.

105.    The Maricopa County Defendants admit that, to use SAVE for citizenship inquiries, one must provide the specific immigration enumerator of the person whose citizenship status is to be verified.  The Maricopa County Defendants further admit that neither the Federal Form, created by the Election Assistance Commission, nor the State Form created by the Secretary of State, require voter registration applicants to provide specific immigration enumerator or enumerators.  To the extent that Paragraph 105 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

*V.  SSA and EVVE*

106.     The cited judicial decision speaks for itself and no further response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited opinion and that it effectively constitutes a finding by that court.

107.     Paragraph 107 states a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 107 and therefore deny them.

108.     The cited judicial decision speaks for itself and no further response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited opinion.

109.     Paragraph 109 states a legal conclusion to which no response is required.  To the extent that a response is required, the Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 109 and therefore deny them.

110.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 110 and therefore deny them.

111.     The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 111 and therefore

deny them.

112.    The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 112 and therefore deny them.

113.    The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 113 and therefore deny them.

114.    The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 114 and therefore deny them.

115.    The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 115 and therefore deny them.

116.    The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 116 and therefore deny them.

**VI. Federal Law Entitles County Recorders to Submit Citizenship Inquiries to DHS**

117.    The Maricopa County Defendants deny the allegations in Paragraph 117 to the extent that they reference the requirements of 8 U.S.C. § 1373 and 8 U.S.C. § 1644, because citizenship inquiries pursuant to those statutes require the use of SAVE.   To the extent that the allegations in Paragraph 117 do not reference the requirements of U.S.C. § 1373 and 8 U.S.C. § 1644, the Maricopa County Defendants lack sufficient knowledge or

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

information to form a belief as to the truth or falsity of the allegations in Paragraph 117 and therefore deny them.

118.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the cited statute includes the quoted language.  To the extent that Paragraph 118 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

119.    Paragraph 119 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that Arizona law authorizes the county recorders to attempt to verify the citizenship status of voters who register to vote using the Federal Form.  To the extent that Paragraph 119 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

120.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the cited statute includes the quoted language.  The Maricopa County Defendants deny the remaining allegations as they are stated in Paragraph 120.

121.    The Maricopa County Defendants admit the allegation in Paragraph 121.

122.    The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited authority.

123.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the cited statute includes the quoted language.  To the extent that Paragraph 123 contains additional

allegations beyond those admitted, they are denied by the Maricopa County Defendants.

124.    The Maricopa County Defendants admit the allegation in Paragraph 124.

125.    The cited authority speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited authority.  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to what was "Congress's intent" as alleged in Paragraph 125 and so denies that allegation.  To the extent that Paragraph 125 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

126.    Paragraph 126 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegation in this Paragraph as it concerns 8 U.S.C. § 1644 and admit the allegation as it concerns 8 U.S.C. § 1373.

127.    The Maricopa County Defendants deny the allegation in Paragraph 127.

128.    The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to whether DHS currently maintains the Person Centric Query System (PCQS) and so denies the same.  The Maricopa County Defendants deny that the PCQS "allows agency employees to look up individuals and quickly and easily verify their citizenship status using only a name and date of birth."  The Maricopa County Defendants further note that the authority that Plaintiffs cite for support for their allegation has nothing whatsoever to do with citizenship inquiries, but rather pertains to determining whether noncitizens with lawful permanent resident status within the United States have paid their

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

required Form I-131A fee to USCIS.

129.    The Maricopa County Defendants deny all allegations in Paragraph 129.

130.    Paragraph 130 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.

131.    Paragraph 131 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.

132.    Paragraph 132 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.

133.    Paragraph 133 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.

134.    Paragraph 134 states legal conclusions to which no response is required.  To the extent that a response is required, the Maricopa County Defendants deny the allegations in this Paragraph.

## VII.  County Recorder Obligations to Provide to the Attorney General a List of Federal-Only Voters

135.    The cited House Bill and statute speak for themselves and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited sources and deny all additional allegations in

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

this Paragraph.  The Maricopa County Defendants also affirmatively state as follows:

House Bill 2492, codified at A.R.S. § 16-143(A), provided in pertinent part that "[t]he secretary of state and each county recorder shall make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to § 16-166 **and shall provide, _on or before October 31, 2022_, the applications of individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to § 16-166.**" (emphasis added).  Plaintiffs omit the relevant date from the Complaint and imply that the Recorder has an ongoing obligation to provide voters' applications to the Attorney General.  He does not.  To the extent that Plaintiffs allege that the Recorder has failed to meet his legal obligations, it is denied.

Further, House Bill 2492 was not effective until December 31, 2022—**_after_** the October 31, 2022 deadline.  House Bill 2492 was Chapter 99 of Laws 2022.  *See* Chaptered Version of H.B. 2492, Laws 2022, *available at* https://www.azleg.gov/legtext/55leg/2R/laws/0099.pdf.  The general effective date for Bills signed into law during the 2022 legislative session, absent emergency clauses or subsequent legislation altering the effective date, was September 24, 2022.  *See* Policy Development & Government Relations: 2022 Arizona Legislative Session Summary, at 1, *available at* https://www.azed.gov/sites/default/files/2022/07/-DRAFT_2022%20ADE%20Legislative%20Session%20Summary_%2804.25.22%29_LF_RT.pdf (noting the September 24, 2022, general effective date).  But after the governor signed House Bill 2492, the legislature passed—and, the governor signed—

Senate Bill 1638, which is available at https://www.azleg.gov/legtext/55leg/2r/laws/0174.pdf. That Bill expressly provided that "Laws 2022, chapter 99 [*i.e.*, H.B. 2492] is effective from and after December 31, 2022." S.B. 1638, Sec. 4(A), at 2:15-17. Thus, House Bill 2492 did not take effect until December 31, 2022—*after* the October 31, 2022 deadline for the Secretary of State and the Recorder to provide voter registration applications to the Attorney General.

Because the requirement that the Recorder provide voter registration applications to the Attorney General "on or before October 31, 2022" was not effective as of that date, the Recorder had no legal obligation or authority to provide the applications to the Attorney General. The Recorder has fully complied with this law, and any allegations to the contrary are denied.

136. The cited statute speaks for itself and no response is required. To the extent that a response is required, the Maricopa County admit that the quoted language appears in the cited statute. The Maricopa County Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 136 and therefore deny them.

137. The Maricopa County Defendants admit that the requirement of A.R.S. § 16-143(A), that the county recorders "make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship", is currently in force and is not enjoined by any court, as alleged in this Paragraph. The Maricopa County Defendants deny all other allegations in Paragraph 137.

138. The Maricopa County Defendants deny the allegations in Paragraph 138 as

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

they relate to the Maricopa County Recorder.  The Maricopa County Defendants further affirmatively state that the Recorder follows and complies with all applicable law, and any allegations to the contrary stated or implied or denied.  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the allegations as they relate to the other Defendants and so deny them.

139.    The Maricopa County Defendants admit that the Recorder did not send to the Attorney General the applications of all of Maricopa County's Federal Only voters on or before October 31, 2022, as contemplated by A.R.S. § 16-143(A), *because there was no requirement that he do so nor did he have any authority to do so*.  The Maricopa County Defendants further affirmatively state that, as explained in the Answer to Paragraph 135, the requirement that the Recorder send voters' applications to the Attorney General by October 31, 2022 did not become effective until ***after*** that date.  Consequently, the Recorder had no legal obligation or authority to send voter registration applications to the Attorney General "on or before October 31, 2022," as the law would have required *if it had been in effect*.  But because the law was not in effect on October 31, 2022, but did not take effect until after that date, § 16-143(A) did not require the county recorders to send any lists to the Attorney General.

140.    The term, "provide," in the allegation that "[t]he Defendants have also failed . . . to *provide* to the Attorney General the applications of all Federal-Only Voters", is vague and undefined, resulting in the Maricopa County Defendants being unable to ascertain what is being alleged.  As a result, the Maricopa County Defendants deny the allegation.  The Maricopa County Defendants further affirmatively state that no law requires the county

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

recorders to "provide" lists of Federal Only Voters to the Attorney General.  The statute in question, A.R.S. § 16-143, requires the county recorders to "make available" to the Attorney General the referenced lists.  The Maricopa County Recorder has fully complied with this legal requirement, and any allegation to the contrary is denied.

***Pre-Litigation Efforts to Request Compliance as to Maricopa County***

141.    The Maricopa County Defendants admit that the Recorder received a letter from Plaintiff Strong Communities on or about the date referenced in this Paragraph, and that the letter purported to "remind" the Recorder of his list maintenance responsibilities.  The Maricopa County Defendants further admit that the letter erroneously claimed that a citizenship inquiry made to DHS pursuant to 8 U.S.C. §§ 1373 and 1644 would allow the Recorder to fulfill those obligations.  To the extent that Paragraph 141 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

142.    The statute and letter cited in this Paragraph speak for themselves and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute and that the letter referenced in this Paragraph made the erroneous claim alleged in this Paragraph.  To the extent that Paragraph 142 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

143.    The Maricopa County Defendants admit the allegations in this Paragraph.

144.    The Maricopa County Defendants deny the allegations in this Paragraph.

145.    The Maricopa County Defendants admit that the Recorder's response through his attorneys to Plaintiff's letter stated that the laws Plaintiff cited in the letter did not provide

the Recorder with legal authority to make submit what Plaintiff calls "1373/1644 Requests" to DHS.  To the extent that Paragraph 145 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

146.    The Maricopa County Defendants deny the allegations in this Paragraph.

147.    The Maricopa County Defendants admit that undersigned counsel, who is one of the Recorder's attorneys, erroneously characterized one of the holdings of *Mi Familia Vota v. Fontes* when drafting his response to Plaintiff's letter referenced in Paragraph 141, and incorrectly stated that the *Mi Familia* decision prohibited the use of SAVE for list maintenance purposes.  The *Mi Familia* decision does not prohibit using SAVE for that purpose, and undersigned counsel acknowledged such to Plaintiff's counsel in a subsequent telephone conversation.  The decision rather ruled that it was illegal to use SAVE for list maintenance purposes based on a "reason to believe" suspicion that the registrant was not a United States citizen.  **However**, the *Mi Familia* decision also noted that Arizona's Secretary of State does not currently have the required permissions from the Department of Homeland Security necessary for Arizona's county recorders to use SAVE for list maintenance purposes; they may only use SAVE for the checks performed when processing voter registration applications.  Accordingly, while undersigned counsel mistakenly wrote that the Recorder could not use SAVE for list maintenance purposes because it would be unlawful to do so, the end result is the same: the Recorder is not able to use SAVE for list maintenance purposes.

148.    The Maricopa County Defendants admit the allegation of this Paragraph, as explained in their answer to Paragraph 147.

149.     The cited judicial decision speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited decision.

150.     The cited judicial decision speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited decision.

151.     The Maricopa County Defendants admit that the Recorder's response correctly noted that "the Recorder complies with all applicable state and federal law related to voter registration and voter list maintenance."  The Maricopa County Defendants deny that the Recorder's response ever mentioned A.R.S. § 16-143 but admit that his general claim that he follows "all applicable state and federal law" is broad enough to include A.R.S. § 16-143.  The Maricopa County Defendants admit that the Recorder did not discuss the "steps" he takes to comply with A.R.S. § 16-143.  To the extent that Paragraph 145 contains additional allegations beyond those admitted, they are denied by the Maricopa County Defendants.

152.     The Maricopa County Defendants admit that the Maricopa County Recorder has not "transmit[ted] a list of Maricopa County Federal-Only Voters to the Attorney General," but deny that A.R.S. § 16-143 (or any other law) requires him to do so.  The Maricopa County Defendants affirmatively state that the Recorder has complied, and continues to comply, with all requirements of A.R.S. § 16-143 and any allegation to the contrary is denied.

153.     The Maricopa County Defendants admit that Recorder has never

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

"transmit[ted]" voter applications to the Attorney General, but deny that A.R.S. § 16-143 (or any other law) requires him to do so.

154.    The Maricopa County Defendants deny that the Maricopa County Recorder has any "ongoing obligation under A.R.S. § 16-143 to transmit to the Attorney General updated lists and applications of Federal-Only Voters as new voters register[,]" as alleged in this Paragraph, and so deny all allegations in Paragraph 154.

155.    The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder is in complete and total compliance with every requirement imposed by A.R.S. § 16-143.

## IX.  Pre-Litigation Efforts to Request Compliance as to the Other Counties

156.    The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 156 and so deny them.

157.    The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 157 and so deny them.

158.    The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 158 and so deny them.

159.    The Maricopa County Defendants deny that "PCQS only requires a name and date of birth" for citizenship inquiries.  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as what PCQS requires for other types of inquiries

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

and so denies the allegation as it relates to other types of inquiries (*i.e.*, inquiries that are not citizenship inquiries).  To the extent that Paragraph 159 contains additional allegations beyond those already denied, they are also denied by the Maricopa County Defendants.

160.    The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 160 and so deny them.

161.    The Maricopa County Defendants deny the allegations made in Paragraph 161.

162.    The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 162 and so deny them.

163.    The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 162 and so deny them.

**COUNT I**
**Failure to Use "All Available Resources" for**
**Voter List Maintenance of Federal-Only Voters**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-121.01(0), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

164.    The Maricopa County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

165.     The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute.  The Maricopa County Defendants further affirmatively state as

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

follows: A.R.S. § 16-121.01(D), by its plain language and terms, only applies to voter registration applications made using the Federal Form—that is, in the words of the statute, the "form produced by the United States election assistance commission".   Despite that, Plaintiffs omit that part of the statute from their quote, thereby implying that A.R.S. § 16-121.01(D) applies to *State Form* applications, produced by the Arizona Secretary of State, that are not accompanied by satisfactory evidence of citizenship, too.  But the law does not apply to State Form registrations.  Plaintiffs misunderstand the statutory requirement.

166.    The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that a "1373/1644 Request" would only result in a SAVE inquiry, which the Maricopa County Recorder already makes.

167.    The Maricopa County Defendants admit that the Maricopa County Recorder has not submitted any citizenship inquiries to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644.   The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 167 and so deny them. The Maricopa County Defendants deny all remaining allegations in this Paragraph.

168.    The Maricopa County Defendants deny the allegations in this Paragraph as it relates to the Maricopa County Recorder and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 168 as they relate to the other Defendants and so deny them.

169.    The Maricopa County Defendants deny the allegations in this Paragraph as

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

they relate to the Maricopa County Recorder and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 169 as they relate to the other Defendants and so deny them.

**COUNT II**
**Failure to Consult Accessible Databases for**
**Voter List Maintenance of Federal-Only Voters**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-121.01(D)(5), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

170.    The Maricopa County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

171.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute.  The Maricopa County Defendants further affirmatively state as follows: A.R.S. § 16-121.01(D), by its plain language and terms, only applies to voter registration applications made using the Federal Form—that is, in the words of the statute, the "form produced by the United States election assistance commission".   Despite that, Plaintiffs omit that part of the statute from their quote, thereby implying that A.R.S. § 16-121.01(D) applies to *State Form* applications, produced by the Arizona Secretary of State, that are not accompanied by satisfactory evidence of citizenship, too.  But the law does not apply to State Form registrations.  Plaintiffs misunderstand the statutory requirement.

172.    The Maricopa County Defendants deny the allegations in this Paragraph.  The Maricopa County Defendants further affirmatively state that (1) any names submitted to Department of Homeland Security must include those persons' specific immigration

enumerator in order for a citizenship inquiry to be conducted; (2) citizenship inquiries are conducted via the SAVE program; and, (3) according to the Department of Homeland Security, which created and expanded SAVE, SAVE is not a "database."

173.     The Maricopa County Defendants admit that the Recorder has not submitted any citizenship inquiries to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644—*because (1) he already uses DHS's citizenship-inquiry process when he submits voter registrants, for whom he has access to their specific immigration enumerators, for inquiries with SAVE pursuant to A.R.S. § 16-121(D), and (2) there is no other DHS citizenship inquiry available unless one has the specific immigration enumerators for those whose citizenship is being investigated; thus, (3) all those for whom inquiries to DHS could be made have already had such inquiries made and there is no additional inquiry that can be made*. The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 173 as they relate to the other Defendants and so deny them.

174.     The Maricopa County Defendants deny the allegations in this Paragraph as they relate to the Maricopa County Recorder and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 174 as they relate to the other Defendants and so deny them.

175.     The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

to the truth or falsity of the allegations made in Paragraph 175 as they relate to the other Defendants and so deny them.

176.    The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D).    The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 176 as they relate to the other Defendants and so deny them.

**COUNT III**
**Failure to Conduct Regular Voter List Maintenance**
**of Federal-Only Voters Using Accessible Databases**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-165(K), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

177.    The Maricopa County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

178.    The cited statute speaks for itself and no response is required.    To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute.

179.    The allegations in Paragraph 179 state a legal conclusion to which no response is required.    To the extent that a response is required, the Maricopa County Defendants admit that applicable law requires the Recorder to cancel the voter registrations of those who he learns through an inquiry authorized by law are not United States citizens. The Maricopa County Defendants deny all remaining allegations in this Paragraph.

180.    The Maricopa County Defendants deny Plaintiffs' (and their counsels') allegation in this Paragraph that "[f]ailure to provide DPOC is information about lack of

citizenship."  The Maricopa County Defendants further deny that the laws cited by Plaintiffs and their attorneys in support of the just-mentioned allegation support the allegation.  The Maricopa County Defendants affirmatively state as follows:

Plaintiffs' suggestion, that failure to provide DPOC is "information" indicating that the registrant is a noncitizen, is abhorrent.  It is also directly contradicted by federal law, which expressly authorizes United States citizens to register to vote in federal elections without providing documentary proof of citizenship.  To suggest that our fellow United States citizens, who avail themselves of their right to register to vote in federal elections without providing DPOC, *as federal law allows them to do*, have somehow by exercising that right provided "information" that calls their citizenship into question, is an unjustified and unjustifiable insult to these citizens.  It should not be countenanced by this Court, and it will not stand up to judicial scrutiny.

181.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted language appears in the cited statute and that A.R.S. § 16-165(K) requires that "[t]o the extent practicable, the county recorder shall review relevant city, town, county, state and federal databases to which the county recorder has access to confirm information obtained that requires cancellation of registrations pursuant to this section."  The Maricopa County Defendants deny Plaintiffs' unqualified allegation that the cited statute "requires" that the Recorder perform the confirmation because the statute, by its terms, only requires confirmation "to the extent practicable."  The Maricopa County Defendants deny all remaining allegations in this Paragraph.

182.     The Maricopa County Defendants deny the allegations in this Paragraph.

183.     The Maricopa County Defendants admit that the Recorder has not submitted any citizenship inquiries to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644.  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 183 as they relate to the other Defendants and so deny them.

184.     The Maricopa County Defendants deny the allegations in this Paragraph.

185.     The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-165(K).

186.     The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-165(K).

**COUNT IV**
**Failure to Send Information About**
**Federal-Only Voters to the Attorney General**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-143, 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

187.     The Maricopa County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

188.     The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited statute.

189.     The Maricopa County Defendants deny that the Recorder has not "made available" to the Attorney General the information that the statute requires that he make available.  The Maricopa County Defendants admit that the Recorder has not "provided" to

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

the Attorney General any voter registration applications pursuant to this statute, which required that they be provided on or before October 31, 2022.  The Maricopa County Defendants affirmatively state that, as explained above, the cited statute did not take effect until December 31, 2022—***after*** the October 31, 2022 deadline to provide the applications.  Thus, the statute was not in effect on October 31, 2022, and the statute's requirement—that the Recorder provide to the Attorney General voter registration applications by that date— has (and had) no legal force.  The Maricopa County Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 189 as they relate to the other Defendants and so deny them.

190.    The Maricopa County Defendants deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-143(A) and that there is no ongoing requirement that the county recorders "provide" information about Federal Only Voters to the Attorney General.

**COUNT V**
**Voter List Maintenance Procedures**
**that Are Discriminatory or Not Uniform**
**(52 U.S.C. §§ 20507(b)(1) and 20510(b), and 28 U.S.C. § 1651)**

191.    The Maricopa County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

192.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the quoted text appears in the cited statute.

193.    The Maricopa County Defendants admit the allegations in this Paragraph as they relate to the Maricopa County Recorder.  The Maricopa County Defendants lack

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 193 as they relate to the other Defendants and so deny them.

194.    The Maricopa County Defendants deny the allegations in Paragraph 194.

195.    The Maricopa County Defendants admit the allegations in this Paragraph.

196.    The Maricopa County Defendants deny the allegations in Paragraph 196.

197.    Paragraph 197 states a conclusion of law to which no response is required. To the extent that a response is required, the Maricopa County Defendants deny all allegations in Paragraph 197, including that the submission of citizenship checks to DHS, as described in Paragraph 193, is a "list maintenance practice[]" as alleged in Paragraph 197.

198.    Paragraph 198 states a conclusion of law to which no response is required. To the extent that a response is required, the Maricopa County Defendants deny all allegations in Paragraph 198.

199.    Paragraph 199 states a conclusion of law to which no response is required. To the extent that a response is required, the Maricopa County Defendants deny that the Defendants' citizenship inquiries with DHS, which are made within ten days of receiving a voter registrants' application and are done pursuant to A.R.S. § 16-121.01(D), violates the NVRA's nondiscrimination requirement as alleged in Paragraph 199.  Further, the Maricopa County Defendants affirmatively assert that citizenship inquiries made utilizing SAVE concerning naturalized citizens have already been found by this federal district court to **not** violate the NVRA's uniformity requirement.  *Mi Familia Vota v. Fontes*, No. CV-24-00509-PHX-SRB, ___ F.Supp.3d___, 2024 WL 862406, at *42-43 (D. Ariz. Feb. 29, 2024), judgment entered, No. CV-22-00509-PHX-SRB, 2024 WL 2244338 (D. Ariz. May 2, 2024)

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

(currently on appeal).

## (PLAINTIFFS') PRAYER FOR RELIEF

The Maricopa County Defendants deny that Plaintiffs are entitled to any of their requested relief.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiffs lack Article III standing.

2.     Plaintiffs cannot maintain their claims because they failed to comply with the notice requirements of 52 U.S.C. § 20510(b) prior to filing their lawsuit.

3.     Plaintiffs failed to state a claim upon which relief can be granted.

4.     Plaintiffs failed to sue necessary parties to obtain the relief they request.

5.     Some of the relief that Plaintiffs request, or implicitly request, would be illegal under federal law.

6.     Plaintiffs' proposed interpretation of Arizona's and federal-law citizenship-inquiry requirements, which Plaintiffs seek to impose on Defendants, would lead to futile and absurd results, and courts do not construe statutes to produce such results.  *Church of Scientology of California v. U.S. Dep't of Just.*, 612 F.2d 417, 422 (9th Cir. 1979) (*quoting United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543-44 (1940).

7.     Maricopa County is not a proper defendant to this action and must be dismissed.

8.     The Maricopa County Defendants reserve the right to assert additional affirmative defenses as additional facts are discovered.

## **MARICOPA COUNTY DEFENDANTS' PRAYER FOR RELIEF**

The Maricopa County Defendants pray for relief as follows.

A.      That the Court dismiss Plaintiffs' First Amended Complaint;

B.      That judgment be entered in favor of the Maricopa County Defendants and against Plaintiffs on Plaintiffs' First Amended Complaint;

C.      That the Maricopa County Defendants be awarded their reasonable attorneys' fees and costs under any applicable statute, rule, or equitable doctrine; and

D.      For any and all other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 17th day of September, 2024.

                                    RACHEL H. MITCHELL
                                    MARICOPA COUNTY ATTORNEY

                              BY: */s/Joseph E. La Rue*
                                    THOMAS P. LIDDY
                                    JOSEPH E. LA RUE
                                    JACK L. O'CONNOR III
                                    ROSA AGUILAR
                                    Deputy County Attorneys
                                    *Attorneys for the Maricopa County*
                                    *Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served a copy by email on Plaintiffs' counsel, with a courtesy copy to the Honorable Susan Brnovich, as follows.

Honorable Susan Brnovich
District Court Judge
 Brnovich_chambers@azd.uscourts.gov

. . .

. . .

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

1

James K. Rogers
Senior Counsel

2

AMERICAN FIRST LEGAL FOUNDATION
611 Pennsylvania Ave., SE #231

3

Washington, D.C. 20003

4

James.Rogers@aflegal.org

5

Jennifer J. Wright

6

JENNIFER WRIGHT ESQ., PLC
4350 E. Indian School Rd., Suite #21-105

7

Phoenix, Arizona  85018

8

jen@jenwesq.com

9

*Attorneys for Plaintiffs*

10

D. Andrew Gaona
Austin C. Yost

11

COPPERSMITH BROCKELMAN PLC

12

2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004

13

agaona@cblawyers.com

14

ayost@cblawyers.com

15

Lalitha D. Madduri
Christopher D. Dodge

16

Tyler L. Bishop

17

Renata O'Donnell
ELIAS LAW GROUP LLP

18

250 Massachusetts Ave NW, Suite 400

19

Washington, D.C. 20001
lmadduri@elias.law

20

cdodge@elias.law

21

tbishop@elias.law
rodonnell@elias.law

22

23

*Attorneys for Proposed Intervenor-Defendants
Voto Latino and One Arizona*

24

25

*/s/M. Delgado*

26

27

28