MATTHEW J. SMITH
Mohave County Attorney
Ryan Esplin, Chief Civil Deputy County Attorney
State Bar No. 029235
Jason Mitchell, Deputy County Attorney
State Bar No. 035878
700 W. Beale Street
P.O. Box 7000
Kingman, AZ 86402
Telephone:  (928) 753-0770
Fax:  (928) 753-4290
CAOCivil.Court@mohave.gov; esplir@mohave.gov
mitchj@mohave.gov
*Attorneys for Mohave County Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Strong Communities Foundation of Arizona, Inc., and Yvonne Cahill,<br><br>Plaintiffs,<br><br>vs.<br><br>Stephen Richer in his official capacity as Maricopa County Recorder; *et al.,*<br><br>Defendants. | No.: CV-24-02030-PHX-SMB<br><br>**MOHAVE COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

MOHAVE COUNTY and MOHAVE COUNTY RECORDER LYDIA DURST, collectively referred to herein as the Mohave County Defendants, by and through undersigned counsel, hereby respond to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction:

**<u>INTRODUCTION</u>**

Plaintiffs' 165 page (26 pages of substantive arguments and 139 pages of exhibits and a certificate of service) Motion for a Temporary Restraining Order and Preliminary Injunction (Plaintiff's Motion) can be distilled and summarized into two issues: (1) Does

Arizona and federal law require the Arizona Recorders to submit immigration status requests about Federal-Only Voters to the Department of Homeland Security for confirmation of citizenship status using only a person's name and date of birth, and (2): Are the Arizona Recorders required to transmit to the Arizona Attorney General a list of every registered voter in their respective counties who have failed to provide documentary proof of U.S. Citizenship.  The Mohave County Defendants' position on these two issues is as follows: the Mohave County Defendants adhere and abide by voter maintenance requirements, and should this Court order the Defendants to contact DHS as requested by Plaintiff, the Mohave County Defendants will do so.

**I. The Mohave County Recorder complies with Arizona and Federal Law Voter List Maintenance Requirements.**

**A. A.R.S. §§ 16-121.01 and 16-165 voter list maintenance requirements**

Arizona Revised Statute § 16-121.01(D) requires the County recorder to use "all available resources to verify the citizenship status" of voter registration applicants. Further, section 16-121.01(D) explains that the Recorder must, at a minimum, compare the information available on the application for voter registration to various identified databases, "provided the county has access" to them.  Mohave County Recorder Durst follows this statutory requirement.

Notably, A.R.S. § 16-121.01(D) does not identify the Department of Homeland Security's person centric query system database as one of those databases that the Recorder, at a minimum, must utilize.  Further, nothing in A.R.S. § 16-121.01(D) explicitly identifies 8 U.S.C. § 1373(c) and 8 U.S.C. § 1644 as the means by which the

Recorder shall contact the Department of Homeland Security (DHS) to conduct voter list maintenance.

The same can be said about the Recorder's A.R.S. § 16-165(K) duties. Pursuant to A.R.S. § 16-165(K), the Recorder shall review relevant city, town, county, state and federal databases to which the Recorder has access to confirm citizenship status, but only "to the extent practicable." Again, Recorder Durst follows this statutory requirement, and as with A.R.S. § 16-121.01(D), there is no reference to an affirmative obligation for the Recorder to contact DHS to search its person centric query system database.

The Mohave County Defendants agree with Plaintiffs that voter list maintenance is an important duty to ensure that only citizens are registered to vote, and the Defendants are open to accessing databases to which they have legal access and that will not violate any other laws or rights.

**B. National Voter Registration Act, 52 U.S.C. § 20507**

The National Voter Registration Act (NVRA) requires state voter maintenance roll programs to be uniform, nondiscriminatory, and in compliance with the Voting Rights Act. 52 U.S.C. § 20507(b)(1). Recorder Durst maintains the voter registration rolls in a uniform, nondiscriminatory manner by adhering to her statutory duties as well as the procedures outlined in the State of Arizona Elections Procedures Manual. To the extent that Plaintiffs argue otherwise, the Mohave County Defendants respectfully disagree and will be prepared to defend their actions.

A private citizen may enforce the NVRA by providing "written notice of the violation to the chief election official of the state involved," and if the violation is not corrected within 90 days after receipt of the notice (or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of a federal election), the person may bring a civil action for declaratory or injunctive relief. 52 U.S.C. § 20510(b).

Recorder Durst is not the "chief election official" of the state. The Secretary of State is the chief election official of the state of Arizona. Plaintiffs have not provided any evidence that they mailed the required notice to the Arizona Secretary of State. Further, if the Plaintiffs were seeking relief under the NVRA, it should seek relief against the Secretary of State, not the Recorders.

Furthermore, while the Plaintiffs' proposal to require the Recorders to submit to DHS a letter requesting confirmation of the citizenship or immigration status of every registered voter in the County who has failed to provide documentary proof of U.S. citizenship may sound "simple", its practical effect certainly is not. If the Recorder were to mail a letter, the Record wants to ensure that taking this action does not violate federal law. 52 U.S.C. § 20507(c)(2)(A) prohibits the state from completing, not later than 90 days prior to the date of a primary or general election for federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters. Mohave County Recorder Durst is reviewing Plaintiffs' proposal to ensure that it complies with federal law.

**II. Arizona law does not require the Mohave County Recorder to transmit to the Arizona Attorney General a list of every registered voter in the County who failed to provide documentary proof of U.S. citizenship.**

In its request for relief, Plaintiffs request this Court to order the Recorders to transmit to the Arizona Attorney General a list of every registered voter in the County who failed to provide documentary proof of U.S. citizenship. In support of this request, Plaintiffs cite A.R.S. § 16-143(A) as the legal authority obligating the Recorders to transmit this information. Contrary to Plaintiffs' argument, A.R.S. § 16-143 does not provide the authority they think it provides.

A.R.S. § 16-143(A) states:

> The secretary of state and each county recorder shall make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to section 16-166 and shall provide, on or before October 31, 2022, the applications of individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to section 16-166.

As the plain language of the statute indicates, the recorder "shall make available to the attorney general" the list of persons who have not provided satisfactory evidence of citizenship. "Make available" is very different than "transmit" or "mail" or "provide". The Mohave County Recorder **makes available** to the attorney general the list, in compliance with Arizona law.

Further, A.R.S. § 16-143(A) states that the Recorder "shall provide", on or before October 31, 2022, the application of individuals who are registered to vote and who have not provided satisfactory evidence of citizenship. That date has come and gone. It is

impossible for the Recorders to abide by that deadline. Finally, upon information and belief, that statute went into effect after the October 31st deadline.

**III. There is no need for Mohave County to be identified as a Defendant in this lawsuit, and therefore the Counties should be dismissed.**

Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction make clear that there is no need for the counties to be named as Defendants in this action, and they should be dismissed.

Plaintiffs' motion is solely focused on the actions (or lack of action) of the Recorders, not the Counties themselves. Plaintiffs do not allege illegal activity on the part of the Counties. Further, their proposed Order only directs the Recorders to take action, not the Counties. If the plaintiffs succeed on their motion, it will have zero effect, at all, on the Counties. Instead, only the Recorders will be directed to take action.

Accordingly, the Mohave County Defendants requests that Mohave County be dismissed from the case.

**IV. Mohave County Defendants defer to the Court as to questions of standing, latches, and the Purcell Doctrine**

Mohave County Defendants note that the Maricopa County Recorder (along with defendants who have joined him) argue that the case should be dismissed for lack of standing, latches, and the *Purcell* Doctrine. Mohave County Defendants do not take a position on these issues. This position should not be considered a waiver or an admission that the Court has jurisdiction over the parties. Instead, Mohave County Defendants defer to the arguments of the parties and will defer to the Court's rulings on these matters. In the event the Court finds a lack of standing or that plaintiffs amended

complaint may not move forward because of latches or the *Purcell Doctrine*, the case will be dismissed as to all parties, including the Mohave County Defendants.

## CONCLUSION

Mohave County Defendants follow the law.  They maintain the voter registration lists as required by law.  Mohave County Defendants also have an interest in ensuring that these lists are accurate, and that non-citizens are properly removed from the list. Mohave County Defendants are prepared to access available databases, to the extent practicable and if they are accessible to the Recorder, and so long as they comply with federal and state law.

RESPECTFULLY SUBMITTED THIS 3RD DAY OF OCTOBER, 2024.

MOHAVE COUNTY ATTORNEY
MATTHEW J. SMITH


By:   /s/ *Ryan Esplin*
CHIEF CIVIL DEPUTY COUNTY ATTORNEY
RYAN ESPLIN
*Attorney for Mohave County Defendants*

By:   /s/ *Jason Mitchell*
CIVIL DEPUTY COUNTY ATTORNEY
JASON MITCHELL
*Attorney for Mohave County Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on the October 3, 2024, I electronically transmitted the foregoing document to the Clerk's Office using CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: /s/ *Ryan Esplin*