1
2
3
4
5

GEORGE E. SILVA
SANTA CRUZ COUNTY ATTORNEY

ROBERT F. MAY, SBA #033107
BUREAU CHIEF - CIVIL DIVISION
Santa Cruz County Attorney's Office
2150 North Congress Drive, Suite 201
Nogales, Arizona   85621
Tel: (520) 375-7780; Fax: (520) 375-7710
Rmay@santacruzcountyaz.gov

6

*Attorneys for Santa Cruz County Defendants*

7

8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9
10

Strong Communities Foundation of
Arizona Inc., and Yvonne Cahill,

No. 2:24-CV-02030-PHX-KML

11

                Plaintiffs,

**SANTA CRUZ COUNTY
DEFENDANTS'
ANSWER**

12

vs.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEPHEN RICHER in his official capacity as
Maricopa County Recorder, and MARICOPA
COUNTY;
LARRY NOBLE, in his official capacity as
Apache County Recorder, and APACHE
COUNTY;
DAVID W. STEVENS, in his official capacity
as Cochise County Recorder, and COCHISE
COUNTY;
PATTY HANSEN, in her official capacity as
Coconino County Recorder, and COCONINO
COUNTY;
SADIE JO BINGHAM, in her official capacity
as Gila County Recorder, and GILA COUNTY
POLLY MERRIMAN, in her official capacity
as Graham  County Recorder, and GRAHAM
COUNTY;
SHARIE MILHEIRO, in her official capacity as
Greenlee  County Recorder, and GREENLEE
COUNTY;
RICHARD GARCIA, in his official capacity as
La Paz County Recorder, and LA PAZ
COUNTY;
LYDIA DURST, in her official capacity as
Mohave County Recorder, and MOHAVE
COUNTY;
MICHAEL SAMPLE, in his official capacity as
Navajo County Recorder, and NAVAJO
COUNTY
GABRIELLA CAZARES-KELLY, in her

1  official capacity as Pima County Recorder, and
   PIMA COUNTY;
2  DANA LEWIS, in her official capacity as Pinal
   County Recorder, and PINAL COUNTY;
3  ANITA MORENO, in her official capacity as
   Santa Cruz County Recorder, and SANTA
4  CRUZ COUNTY;
   MICHELLE BURCHILL, in her official
5  capacity as Yavapai County Recorder, and
   YAVAPAI COUNTY;
6  RICHARD COLWELL, in his official capacity
   as Yuma  County Recorder, and YUMA
7  COUNTY;
           Defendants.

8

9

10      Defendants Santa Cruz County Recorder Anita Moreno, in her official capacity, and

11 Santa Cruz County (hereinafter, "SANTA CRUZ COUNTY DEFENDANTS")) answer

12 Plaintiffs' Complaint as follows.

13      **SANTA CRUZ COUNTY DEFENDANTS' PREFATORY STATEMENT**

14

15      SANTA CRUZ COUNTY DEFENDANTS, overall, adopt and incorporate by

16 reference the MARICOPA COUNTY DEFENDANTS' Answer and republish it here.

17 SANTA CRUZ COUNTY DEFENDANTS have edited some responses, based on

18 knowledge, lack thereof, or specifics pertinent to SANTA CRUZ COUNTY

19 DEFENDANTS' situation different from Maricopa County Defendants.

20

21      Arizona has a bifurcated system of voter registration.  To be a "Full Ballot" voter,

22 eligible to vote in federal, state, and local elections, voters must provide documentary proof

23 of citizenship ("DPOC").  A.R.S. § 16-166(F) (as limited by *Arizona v. Inter Tribal Council*

24 *of Arizona, Inc.*, 570 U.S. 1 (2013) ("*ITCA*").  Those registrants who do not provide DPOC,

25 but who nonetheless swear or affirm that they are United States citizens, are registered as

26 "Federal Only" voters and are eligible to vote in federal elections only.  This result is

27

28

required by federal law, which requires states to "accept and use" a uniform federal form (the "Federal Form") produced by the Elections Assistance Commission (the "EAC") for voter registration for federal elections. 52 U.S.C. § 20505(a)(1). States are prohibited from requiring federal voter registration applicants to submit additional information beyond that required by the Federal Form. *ITCA*, 570 U.S. at 15. Because the Federal Form does not require DPOC, 52 U.S.C. § 20508(b), Arizona is prohibited from requiring DPOC for Federal Only voters.[1]

Even under the bifurcated voter registration system just described, noncitizens are not allowed to register to vote in federal elections. The Federal Form requires that registrants attest that they are United States citizens and sign the Form under penalty of perjury. 52 U.S.C. § 20508(b)(2). Thus, every voter registrant in Maricopa County demonstrates their citizenship, either by providing DPOC or by attestation under penalty of perjury.

In Arizona, each county's recorder maintains the county's roll of registered voters. Both federal and state law require the county recorders to perform "list maintenance" of the voter registration rolls, which involves removing those who have moved out of the county, are deceased, or are otherwise have become ineligible to vote. This lawsuit concerns that process.

In their four-count Complaint, Plaintiffs allege that the Recorder is not properly performing list maintenance regarding noncitizens who are unlawfully registered to vote. In Counts I – III they allege that, pursuant to 8 U.S.C. § 1373 and § 1644, he is required to

---

[1] The EAC's instructions for using the Federal Form are available at https://www.eac.gov/sites/default/files/eac_assets/1/6/Federal_Voter_Registration_ENG.pdf. The Federal Form itself is between pages 2 and 3 of the EAC instructions.

make "1373/1644 Requests" to the Department of Homeland Security for Maricopa County's voters' citizenship information but is not doing so. In Count IV, Plaintiffs allege that Arizona law requires the Recorder to send lists of certain voters, as well as certain voter registration applications, to the Arizona Attorney General but he has not done so. But Plaintiffs are incorrect about all of this. Each of their claims misunderstands, or misstates, what the law requires. Accordingly, the Complaint fails as a matter of law.

## SANTA CRUZ COUNTY DEFENDANTS' GENERAL DENIAL

Every allegation in the Complaint that is not specifically admitted in this Answer is denied.

## (PLAINTIFFS') INTRODUCTION

1.     The SANTA CRUZ COUNTY DEFENDANTS admit the allegations of Paragraph 1.

2.     The quoted portion of the Rasmussen Report speaks for itself and does not require a response. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the article contains the quoted text, but lack sufficient knowledge to admit or deny and, therefore, DENY any allegations, inferences, and conclusions in Paragraph 2.

3.     The quoted portion of the Rasmussen Report speaks for itself and does not require a response. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the article contains the quoted text, but lack sufficient knowledge to admit or deny and, therefore, DENY any allegations, inferences, and conclusions in Paragraph 3.

4.    SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge to admit or deny and, therefore, DENY any allegations, inferences, and conclusions in Paragraph 4.

5.    Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the Legislature enacted H.B. 2243 and H.B. 2492 that concerned voter registration list maintenance in 2022 and that the legislation was signed into law by the Governor. The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge to admit or deny and, therefore, DENY any allegations, inferences, and conclusions in the remaining allegations of Paragraph 5.

6.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge to admit or deny and, therefore, DENY any allegations, inferences, and conclusions in Paragraph 6.

7.    The SANTA CRUZ COUNTY DEFENDANTS admit that the cited statute contains the quoted text. The SANTA CRUZ COUNTY DEFENDANTS admit to an obligation to conduct voter list maintenance. The SANTA CRUZ COUNTY DEFENDANTS DENY Plaintiffs' interpretation that the cited statute requires them to "ensure" that ineligible voters are removed from the voter rolls. The SANTA CRUZ COUNTY DEFENDANTS deny all remaining allegations in Paragraph 7. The SANTA CRUZ COUNTY DEFENDANTS join the Maricopa County Defendants and affirmatively state as follows: the cited statute, 52 U.S.C. § 21083, concerns how a County Recorder must perform voter registration list maintenance activities. It requires that a County Recorder

ensure that the only voters whose names are removed from the voter registration list are those who are *actually* ineligible to vote. *See* 52 U.S.C. § 21083(a)(2)(B)(ii) (providing that "[t]he list maintenance performed under subparagraph (A) shall be conducted in a manner that ensures that-- . . . only voters who are not registered or who are not eligible to vote are removed from the computerized list"). The cited statute is better interpreted as a voter-protection statute, placing a requirement upon the Recorder that s/he take appropriate steps to make certain that no one who is eligible to vote is removed by mistake from the voter registration list. Plaintiffs, however, understate the balance of voters' rights versus directives within the statute to the "State and local election official" and overstates a Recorder's obligation as "ensure" that no one who is ineligible to vote is listed on the voter registration list. No statute or law requires the Recorder to "ensure" that the voter registration list is completely free from even a single ineligible voter. SANTA CRUZ COUNTY DEFENDANTS, otherwise, demand Plaintiffs provide strict proof, thereof.

8.     The SANTA CRUZ COUNTY DEFENDANTS deny all allegations and commentary made in Paragraph 8 as they relate to the SANTA CRUZ COUNTY DEFENDANTS. The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 8's allegations as they relate to the other Defendants and so deny them and demand strict proof, thereof. The SANTA CRUZ COUNTY DEFENDANTS affirmatively state that Santa Cruz County Recorder, Anita Moreno, complies with all legal requirements concerning voter registration list maintenance and any allegation to the contrary is without basis and expressly denied.

9.     The SANTA CRUZ COUNTY DEFENDANTS deny that they have "failed"

to follow the law as alleged in Paragraph 9.  The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the truth or falsity of whether the other Defendants have "failed" to follow the law as alleged in Paragraph 9 and therefore deny such allegations and inferences and demand strict proof thereof.  The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to whether voters have "los[t] confidence in the integrity of our election system" as alleged in Paragraph 9 and therefore deny the allegation, as well as, demand strict proof, thereof.  More important, SANTA CRUZ COUNTY DEFENDANTS question Paragraph 9's foundation and relevance.

10.    For support for the allegations in Paragraph 10, Plaintiffs supplied a link to a Rasmussen Reports article.  However, the link only brings up a selected portion of the article, the remainder of which is unavailable without cost.  It also brings up a message stating: "Archived Page Not Found."  The portion of the article does not say what Plaintiffs allege in Paragraph 10.  Accordingly, the SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the foundation, credibility, and relevance of the allegations in Paragraph 10 and therefore deny them.

11.    For support for the allegations made in Paragraph 11, Plaintiffs supplied another link to a Rasmussen Reports article.  However, just like the link supplied for Paragraph 10, the link to support the allegations made in Paragraph 11 only brings up a selected portion of the Rasmussen Reports article, the remainder of which is unavailable absent paying for it.  It also brings up a message stating: "Archived Page Not Found."  The snippet of the article does, however, say what Plaintiffs allege that it says.  Accordingly, the

SANTA CRUZ COUNTY DEFENDANTS admit that the cited Rasmussen Report article contains the quoted text. The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient knowledge or information to form a belief as to the foundation, credibility, and relevance of the allegations in Paragraph 11 and therefore deny them..

12.     The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 12. The SANTA CRUZ COUNTY DEFENDANTS affirmatively state that Recorder Moreno has no "failures" as alleged in this lawsuit and all allegations to the contrary are false.

**PARTIES**

13.     The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore deny them.

14.     The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore deny them.

15.     The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore deny them.

16.     The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore deny them.

17.     The SANTA CRUZ COUNTY DEFENDANTS deny that there is any

"unlawful failure" on the part of Recorder Moreno "to comply with required voter list maintenance practices" as alleged in Paragraph 17.  The SANTA CRUZ COUNTY DEFENDANTS affirmatively state that the Santa Cruz County Recorder complies with, *and is in compliance with*, the laws that concern voter registration list maintenance and any allegation to the contrary is misguided, misleading, and/or false.  The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 and therefore deny them.

18.    The allegations in Paragraph 18 state a legal conclusion to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny all allegations in Paragraph 18.

19.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 19 and, therefore, deny them.

20.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 20 and therefore deny them.

21.    The SANTA CRUZ COUNTY DEFENDANTS admit that Stephen Richer is the Maricopa County Recorder and that he is sued in his official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  The SANTA CRUZ COUNTY DEFENDANTS otherwise adopt and incorporate by reference the responses of Maricopa County Defendants.

22.    The SANTA CRUZ COUNTY DEFENDANTS admit that Maricopa County is a political subdivision of the State of Arizona and that Recorder Richer is an elected officer of Maricopa County.  The remainder of the Paragraph states a legal conclusion to which no

response is required.  To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that Maricopa County has the power to sue and be sued, as with any Arizona county.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's Counties, they must be able to articulate an injury caused by the County or otherwise be able to state why the County is a necessary party.

23.    The SANTA CRUZ COUNTY DEFENDANTS admit that Larry Noble is the Apache County Recorder and that he is sued in his official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Apache County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 23 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

24.    The SANTA CRUZ COUNTY DEFENDANTS admit that Apache County is a county in the State of Arizona and that Recorder Noble is an elected officer of the county. The remainder of the Paragraph states a legal conclusion to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 24

contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.    The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

25.    The SANTA CRUZ COUNTY DEFENDANTS admit that David Stevens is the Cochise County Recorder and that he is sued in his official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Cochise County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 25 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

26.    The SANTA CRUZ COUNTY DEFENDANTS admit that Cochise County is a county in the State of Arizona and that Recorder Stevens is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.    To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 26 contains additional allegations beyond those admitted, they are

denied by the SANTA CRUZ COUNTY DEFENDANTS.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

27.    The SANTA CRUZ COUNTY DEFENDANTS admit that Patty Hansen is the Coconino County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Coconino County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 27 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

28.    The SANTA CRUZ COUNTY DEFENDANTS admit that Coconino County is a county in the State of Arizona and that Recorder Hansen is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 28 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.  The SANTA CRUZ COUNTY

DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

29.    The SANTA CRUZ COUNTY DEFENDANTS admit that Sadie Jo Bingham is the Gila County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Gila County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 29 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

30.    The SANTA CRUZ COUNTY DEFENDANTS admit that Gila County is a county in the State of Arizona and that Recorder Bingham is an elected officer of the county. The remainder of the Paragraph states a legal conclusion to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 30 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.   The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be

able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

31.    The SANTA CRUZ COUNTY DEFENDANTS admit that Polly Merriman is the Graham County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Graham County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 31 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

32.    The SANTA CRUZ COUNTY DEFENDANTS admit that Graham County is a county in the State of Arizona and that Recorder Merriman is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.    To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 32 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able

to state why the county is a necessary party.

33.    The SANTA CRUZ COUNTY DEFENDANTS admit that Sharie Milheiro is the Greenlee County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Greenlee County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 33 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

34.    The SANTA CRUZ COUNTY DEFENDANTS admit that Greenlee County is a county in the State of Arizona and that Recorder Milheiro is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.    To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 34 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

35.    The SANTA CRUZ COUNTY DEFENDANTS admit that Richard Garcia is the La Paz County Recorder and that he is sued in his official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of La Paz County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 35 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

36.    The SANTA CRUZ COUNTY DEFENDANTS admit that La Paz County is a county in the State of Arizona and that Recorder Garcia is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 36 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

37.    The SANTA CRUZ COUNTY DEFENDANTS admit that Lydia Durst is the

Mohave County Recorder and that she is sued in her official capacity. The remainder of this Paragraph states legal conclusions to which no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Mohave County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants. To the extent that Paragraph 37 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

38.     The SANTA CRUZ COUNTY DEFENDANTS admit that Mohave County is a county in the State of Arizona and that Recorder Durst is an elected officer of the county. The remainder of the Paragraph states a legal conclusion to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued. To the extent that Paragraph 38 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS. The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

39.     The SANTA CRUZ COUNTY DEFENDANTS admit that Michael Sample is the Navajo County Recorder and that he is sued in his official capacity. The remainder of

this Paragraph states legal conclusions to which no response is required. To the extent that a response is required, SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Navajo County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants. To the extent that Paragraph 39 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

40.     The SANTA CRUZ COUNTY DEFENDANTS admit that Navajo County is a county in the State of Arizona and that Recorder Sample is an elected officer of the county. The remainder of the Paragraph states a legal conclusion to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued. To the extent that Paragraph 40 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.   The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

41.     The SANTA CRUZ COUNTY DEFENDANTS admit that Gabriella Cázares-Kelly is the Pima County Recorder and that she is sued in her official capacity. The remainder of this Paragraph states legal conclusions to which no response is required. To

the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Pima County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants.  To the extent that Paragraph 41 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

42.     The SANTA CRUZ COUNTY DEFENDANTS admit that Pima County is a county in the State of Arizona and that Recorder Cázares-Kelly is an elected officer of the county.  The remainder of the Paragraph states a legal conclusion to which no response is required.   To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued.  To the extent that Paragraph 42 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

43.     The SANTA CRUZ COUNTY DEFENDANTS admit that Dana Lewis is the Pinal County Recorder and that she is sued in her official capacity.  The remainder of this Paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of

Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Pinal County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants. To the extent that Paragraph 43 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

44.     The SANTA CRUZ COUNTY DEFENDANTS admit that Pinal County is a county in the State of Arizona and that Recorder Lewis is an elected officer of the county. The remainder of the Paragraph states a legal conclusion to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued. To the extent that Paragraph 44 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS. The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

45.     The SANTA CRUZ COUNTY DEFENDANTS admit that Anita Moreno is the Santa Cruz County Recorder and that she is sued in her official capacity. The remainder of this Paragraph states legal conclusions to which no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the

principal elections officers of Santa Cruz County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants. To the extent that Paragraph 45 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

46.    The SANTA CRUZ COUNTY DEFENDANTS admit that Santa Cruz County is a county in the State of Arizona and that Recorder Moreno is an elected officer of the county. The remainder of the Paragraph states a legal conclusion to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued. To the extent that Paragraph 46 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS. The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

47.    The SANTA CRUZ COUNTY DEFENDANTS admit that Michelle Burchill is the Yavapai County Recorder and that she is sued in her official capacity. The remainder of this Paragraph states legal conclusions to which no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Yavapai County; that the Recorder is responsible for

overseeing and directing numerous components of election administration within the county; and, that some of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants. To the extent that Paragraph 47 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

48.　　The SANTA CRUZ COUNTY DEFENDANTS admit that Yavapai County is a county in the State of Arizona and that Recorder Burchill is an elected officer of the county. The remainder of the Paragraph states a legal conclusion to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued. To the extent that Paragraph 48 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS. The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

49.　　The SANTA CRUZ COUNTY DEFENDANTS admit that Richard Colwell is the Yuma County Recorder and that he is sued in his official capacity. The remainder of this Paragraph states legal conclusions to which no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the office of Recorder is created by Arizona's Constitution; that the Recorder is one of the principal elections officers of Yuma County; that the Recorder is responsible for overseeing and directing numerous components of election administration within the county; and, that some

of the Recorder's responsibilities concern voter registration list maintenance and verifying citizenship status of voter-registration applicants. To the extent that Paragraph 49 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

50. The SANTA CRUZ COUNTY DEFENDANTS admit that Yuma County is a county in the State of Arizona and that Recorder Colwell is an elected officer of the county. The remainder of the Paragraph states a legal conclusion to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that an Arizona county has the power to sue and be sued. To the extent that Paragraph 50 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS. The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

**JURISDICTION AND VENUE**

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that (1) 28 U.S.C. § 1331 conveys original jurisdiction to federal district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States"; (2) the First Amended Complaint alleges violations of the National Voter Registration Act (the "NVRA"); and, (3) that the NVRA is a law of the United States. The SANTA CRUZ COUNTY DEFENDANTS deny that this Court has subject matter jurisdiction, because

Plaintiffs lack Article III standing.    Further, Plaintiffs lack standing because, upon information and belief, they did not provide the ninety-day NVRA Notice Letter required by 52 U.S.C. § 20510(b) to the "chief election official of the State," which would be the Arizona Secretary of State.[2]  SANTA CRUZ COUNTY DEFENDANTS, otherwise, demand strict proof, thereof.

52.    The SANTA CRUZ COUNTY DEFENDANTS admit that Plaintiffs provided a letter from American First Legal to the Santa Cruz County Recorder alleging a failure "… to remove foreign citizens" from the County's voter rolls.  Upon information and belief, a sufficient "notice" was not given to the "chief election official of the State," which would be the Arizona Secretary of State.  The SANTA CRUZ COUNTY DEFENDANTS further admit that the violations alleged in the original Complaint occurred within 120 days before an election for federal office.  The SANTA CRUZ COUNTY DEFENDANTS deny all other allegations made in Paragraph 52.  The SANTA CRUZ COUNTY DEFENDANTS affirmatively state and repeat as follows.  **(1)** County recorders are not "chief election officials" within the meaning of 52 U.S.C. § 20510(b); **(2)** Plaintiffs filed their lawsuit on August 5, 2024, which is within 120 days of the next federal election that will occur on November 5, 2024; **(3)** Section 20510(b) requires that a plaintiff may only file a lawsuit alleging a violation of the NVRA occurring within 120 days before the date of a federal election after providing written notice of the violation "to the chief election official of the State involved" (the "NVRA Notice Letter") and providing that official twenty days to

---

[2] See also, 52 U.S.C §21083(1)(A) and (A)(v), which distinguishes between "chief State election official"and "local election official."

correct the alleged violation, 52 U.S.C. § 20510(b)(2); **(4)** the Arizona Secretary of State is the "chief state election officer" under NVRA, A.R.S. § 16-142(A); **(5)** Plaintiffs failed to provide the NVRA Notice Letter to the Secretary of State prior to filing their lawsuit as required by 52 U.S.C. § 20510(b); **(6)** Thus, Plaintiffs failed to comply with the law's requirements for bringing a lawsuit alleging violations of the NVRA.

53.    The SANTA CRUZ COUNTY DEFENDANTS admit 28 U.S.C. §§ 1651, 2201, and 2202 and 52 U.S.C. § 20510(b)(2) provide this Court jurisdiction to grant declaratory, injunctive, and/or mandamus relief, but deny that the Court has such jurisdiction for this matter because the Court does not have the required subject matter jurisdiction to hear this matter.

54.    The SANTA CRUZ COUNTY DEFENDANTS admit that 28 U.S.C. § 1367 confers supplemental jurisdiction over state law claims, but deny that this Court has such jurisdiction in this matter because the Court does not have the required subject matter jurisdiction.

55.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations of Paragraph 55.

56.    The SANTA CRUZ COUNTY DEFENDANTS admit that, if the Court had subject matter jurisdiction, venue would be appropriate in the District of Arizona and the Court would have personal jurisdiction over the Defendants.

## GENERAL ALLEGATIONS

57.    Paragraph 57 states a legal conclusion to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit

that it is illegal for foreign nationals, who do not possess duel citizenship, to register to vote or vote, and further admit that there is no legitimate reason for a foreign national, otherwise authorized to register to vote in the United States, to cause himself to be included on the voter registration rolls in this State. To the extent that Paragraph 57 contains additional allegations beyond those here admitted, the Maricopa County Defendants deny all such additional allegations.

## I.    *Arizona's Federal-Only Voters*

58.    Paragraph 58 contains legal conclusions to which no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny that the first sentence of the Paragraph correctly states Arizona law and admit that the United States Supreme Court held in *Inter Tribal Council* that Arizona may not impose documentary proof of citizenship requirements on those registering to vote in federal elections. To the extent that Paragraph 58 contains additional allegations beyond those here admitted, the SANTA CRUZ COUNTY DEFENDANTS deny all such additional allegations. The SANTA CRUZ COUNTY DEFENDANTS affirmatively state that Arizona law requires that the voter registration applications of persons registering as Full Ballot Voters, eligible to vote in federal, state, and local contests, must be accompanied by documentary proof of citizenship (DPOC).

59.    Paragraph 59 contains legal conclusions to which no response is required and contains quotations from a cited Supreme Court decision to which no response is required. To the extent a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit the cited case contains the quoted text. To the extent that Paragraph 59 contains additional

allegations beyond those here admitted, the SANTA CRUZ COUNTY DEFENDANTS deny all such additional allegations.

60.     Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is required the SANTA CRUZ COUNTY DEFENDANTS admit that Arizona may establish its own requirements for state and local elections and that State law requires that only those voter registrants whose registrations are accompanied by documentary proof of their citizenship may vote in state and local elections.  To the extent that Paragraph 60 contains additional allegations beyond those here admitted, the SANTA CRUZ COUNTY DEFENDANTS deny all such additional allegations.

61.     The SANTA CRUZ COUNTY DEFENDANTS admit that Arizona has a bifurcated system of voter registration and that voter registrants whose registrations are not accompanied by documentary proof of citizenship are only allowed to vote in elections for candidates running for federal office.  To the extent that Paragraph 61 contains additional allegations beyond those here admitted, the SANTA CRUZ COUNTY DEFENDANTS deny all such additional allegations.

62.     The cited document speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the cited document contains a numerical breakdown, by county, of the active and inactive voters who are registered as Federal Only voters as of April 1, 2024, and that the cited document states that there were 35,273 such voters in Arizona as of that date.  The SANTA CRUZ COUNTY DEFENDANTS deny that the cited document states that these voters "had failed to provide proof of citizenship."  The SANTA CRUZ COUNTY DEFENDANTS lack

sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 62 and therefore deny them.

63.    The cited document speaks for itself and no response is required.  To the extent that a response is required, the Maricopa County Defendants admit that the cited document contains a numerical breakdown, by county, of the active and inactive voters who are registered as Federal Only Voters as of July 1, 2024, and that the cited document states that there were 42,301 such voters in Arizona as of that date.

64.    The SANTA CRUZ COUNTY DEFENDANTS admit the allegations made in Paragraph 64, to the extent the conclusions are supported by mathematical calculations.

65.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in Paragraph 65 as they related to Santa Cruz County and lack knowledge or information sufficient to form a belief as to the allegations as they relate to the other Defendants and therefore deny them.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state as follows:  The voter registration rolls are not static but fluid, changing on a minute-by-minute basis as new voters register and voters who have become ineligible are removed via list maintenance efforts.  There have been some months during which the number of Federal Only voters have increased as compared to the prior month,  but there have also been months during which the number of Federal Only voters has *decreased* as compared to the prior month.  Plaintiffs' allegation to the contrary in this Paragraph is incorrect and therefore the allegation is denied.

66.    The cited website speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit the

allegations in Paragraph 66.

67.    The SANTA CRUZ COUNTY DEFENDANTS admit that the increase in Federal Only voters in Maricopa County increased by an approximate 21% from April 1, 2024 to July 1, 2024, based on the original source.    The SANTA CRUZ COUNTY DEFENDANTS deny all remaining allegations in Paragraph 67.

*II.  Voter List Maintenance Requirements*

68.    Paragraph 68 states legal conclusions to which no response is required.    To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the cited case contains the quoted language; that the NVRA does not require states to register as voters those who are ineligible to vote; and, that the cited case does not prohibit States from engaging in voter registration list maintenance procedures required by the Help America Vote Act.    The SANTA CRUZ COUNTY DEFENDANTS deny any remaining allegations in Paragraph 33.

69.    Paragraph 69 states a legal conclusion to which no response is required and does not provide a citation to authority to support that conclusion.    To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny any allegations in Paragraph 69.

70.    The SANTA CRUZ COUNTY DEFENDANTS admit that the Legislature enacted, and Governor Ducey signed, H.B. 2492 and H.B. 2243 in 2022.    The remaining allegations in Paragraph 35 state legal conclusions to which no response is required.    To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny the allegations in Paragraph 70.

71.     Paragraph 71 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny the allegations.

72.     The SANTA CRUZ COUNTY DEFENDANTS deny that they have "failed to perform" any "required list maintenance."    The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as to whether any other Defendants have "failed to perform" any "required list maintenance" and so deny that allegation.  The SANTA CRUZ COUNTY DEFENDANTS affirmatively state that Santa Cruz County Recorder Moreno has performed all of her required list maintenance responsibilities.

73.     Paragraph 73 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that A.R.S. § 16-121.01(D) (*not* A.R.S. § 16-143(D), as Plaintiffs mistakenly allege) requires that, "[w]ithin ten days after receiving an application for registration on the Federal Form that is not accompanied by satisfactory evidence of citizenship, the county recorder" must attempt to verify the citizenship status of the registrant as set forth in the remainder of A.R.S. § 16-121.01(D).  To the extent that Paragraph 73 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

74.     The SANTA CRUZ COUNTY DEFENDANTS deny all of the allegations contained in Paragraph 74 as they relate to the SANTA CRUZ COUNTY DEFENDANTS. The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as to whether other Defendants have "failed to perform" any "required list

maintenance" and therefore deny that allegation as it relates to the other Defendants.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that Santa Cruz County Recorder Moreno has performed all of her required list maintenance responsibilities.

75.    The SANTA CRUZ COUNTY DEFENDANTS deny that the State of Arizona does not have adequate permissions to use *for list maintenance purposes* (as alleged in this Paragraph) the U.S. Department of Homeland Security's Systematic Alien Verification for Entitlements (SAVE), since this has more recently been acquired and the Santa Cruz County Recorder is engaged in training for use of SAVE.  SANTA CRUZ COUNTY DEFENDANTS lacks information to form a belief as to whether the State of Arizona has sufficient access to the Social Security Administration (SSA) database and the National Association for Public Health Statistics and Information Systems (NAPHSIS) electronic verification of vital events system (EVVE) for use in citizenship verification and, therefore, denies the allegation. Upon information and belief, in fact, the State of Arizona and Santa Cruz County is in contract negotiations for NAPHSIS.    To the extent that Paragraph 75 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

76.    Paragraph 76 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that Arizona and federal law have list maintenance requirements, which may include "consulting these three databases" referenced in Paragraph 75, "provided the county has access,". (see A.R.S.  §16-121.01(D)).  To the extent that Paragraph 76 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY

DEFENDANTS.

77.     The SANTA CRUZ COUNTY DEFENDANTS admit that the cited statute contains the quoted text.  To the extent that Paragraph 77 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

78.     The SANTA CRUZ COUNTY DEFENDANTS admit that the cited statute contains the quoted text.  To the extent that Paragraph 78 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

79.     The SANTA CRUZ COUNTY DEFENDANTS admit that the cited statute contains the quoted text.  To the extent that Paragraph 79 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

80.     The SANTA CRUZ COUNTY DEFENDANTS admit that the cited statute contains the quoted text.  The SANTA CRUZ COUNTY DEFENDANTS deny all other allegations in this Paragraph, including that the cited statute requires that local election officials "ensure" that ineligible voters are removed from the voter registration rolls, as Plaintiffs incorrectly allege in this Paragraph.  The SANTA CRUZ COUNTY DEFENDANTS affirmatively state that the cited statute requires that local election officials ensure that the only voters whose names are removed from the voter registration list are those who are *actually* ineligible to vote.  *See* 52 U.S.C. § 21083(a)(2)(B)(ii) (providing that "[t]he list maintenance performed under subparagraph (A) shall be conducted in a manner that ensures that-- . . . only voters who are not registered or who are not eligible to vote are removed from the computerized list").  The cited statute is as much a voter-protection statute, placing a requirement upon the Recorder to take appropriate steps to make certain that no

one who is eligible to vote is disenfranchised or mistakenly removed from the voter registration list.  Plaintiffs, however, misrepresent and present to this Court a requirement that the Recorder "ensure" that no one who is ineligible to vote is listed on the voter registration list.  The statute does not require that.  In fact, no statute or law requires the Recorder to "ensure" that the voter registration list is completely free from even a single, solitary ineligible voter.  The law requires that the Recorder perform list maintenance and remove voters that sufficient proof establishes the registrant to have become ineligible to vote, after the Recorder receives such proof.  Any allegation to the contrary is denied. Plaintiffs' (and their attorneys') misrepresentation of the statute to this Court should not be countenanced.

81.    Paragraph 81 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that it is illegal for those who are not citizens of the United States to register to vote in federal elections; that any foreign citizen who is registered to vote is ineligible; and that federal law requires county recorders to perform voter registration list maintenance.  The SANTA CRUZ COUNTY DEFENDANTS deny all remaining allegations in this Paragraph, including that county recorders are subject to any legal requirement to "ensure" that foreign citizens are not registered to vote.

### III.  Foreign citizens do register to vote.

82.    Paragraph 82 states an opinion.  SANTA CRUZ COUNTY DEFENDANTS lack sufficient information to form a belief and, therefore, deny the allegation and demand strict proof, thereof.

83.     SANTA CRUZ COUNTY DEFENDANTS lack sufficient information to form a belief and, therefore, deny the allegation and demand strict proof, thereof..[3]

84.     The cited authority speaks for itself and no response is required.  The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack knowledge or information sufficient to form a belief as to the relevance and accuracy of those allegations and therefore deny them and demand strict proof, thereof.

85.     The cited authority speaks for itself and no response is required.  SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief as to accuracy and relevance and, therefore, deny the allegations in Paragraph 85 and demand strict proof, thereof..

86.     The cited authority speaks for itself and no response is required.  SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief as to accuracy and relevance and, therefore, deny the allegations in Paragraph 86 and demand strict proof, thereof.

87.     The cited authority speaks for itself and no response is required.  SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief as to accuracy and relevance and, therefore, deny the allegations in Paragraph 87 and demand strict proof, thereof.

---

[3] The SANTA CRUZ COUNTY DEFENDANTS adopt and incorporate by reference Maricopa County Defendants' footnote regarding performance of the various inquiries on new voter registration applicants that are required by law and occasional discovering voter registration applicants who the inquiries indicate are not United States citizens.  Those indications do not "prove" that the applicants are not citizens, but only reveal that the databases or systems checked cannot confirm their citizenship.  Pursuant to the law's requirements, those applicants are not registered to vote but are notified that, to be eligible to vote, they must provide documentary proof of their citizenship.

88.    The cited authority speaks for itself and no response is required.  SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief as to accuracy and relevance and, therefore, deny the allegations in Paragraph 88 and demand strict proof, thereof.

***SAVE, SSA, and EVVE are Insufficient to Definitively Verify Citizenship***

89.    The SANTA CRUZ COUNTY DEFENDANTS admit that SAVE is "insufficient to definitively verify the citizenship of all Federal-Only Voters" as alleged in this Paragraph.  SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief and, therefore, deny the allegations in Paragraph 89 and demand strict proof, thereof.

90.    Paragraph 90 states a legal conclusion to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny all allegations in Paragraph 90.

***SAVE***

91.    The cited authorities speak for themselves and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit the allegation made in Paragraph 91.

92.    The cited authorities speak for themselves and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 92 and therefore deny them.

93.    The cited authority speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS disagree that the cited authority supports the allegation made in Paragraph 93.  SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief as to the allegation's accuracy and relevance and, therefore, deny the allegations in Paragraph 93 and demand strict proof, thereof.

94.    The cited authority speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted material appears in the court decision cited.  To the extent that Paragraph 94 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

95.    Paragraph 95 states an opinion and legal conclusion and no response is required.  SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief as to its accuracy and, therefore, deny the allegations in Paragraph 95 and demand strict proof, thereof.

96.    The document cited in Paragraph 96 speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that one cannot use SAVE to inquire into the citizenship status of an individual unless one provides that individual's specific immigration enumerator (what Plaintiffs refer to as a "specific 'numeric identifier'").  The SANTA CRUZ COUNTY DEFENDANTS further admit that the specific immigration enumerators identified by Plaintiffs in this Paragraph are the ones identified by the document cited in this Paragraph,

which was prepared by the Department of Homeland Security to provide a tutorial concerning SAVE. The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegation in Paragraph 96 that "SAVE is hobbled by a critical design flaw" and, therefore, deny it. To the extent that Paragraph 96 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

97.    The cited authority speaks for itself and no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted text appears in the cited authority. The SANTA CRUZ COUNTY DEFENDANTS deny that providing a numeric identifier "is a statutory requirement" because the statute contemplates other possible options. To the extent that Paragraph 97 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

98.    The cited authority speaks for itself and no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted text appears in the cited authority.

99.    The cited authority speaks for itself and no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited authority. The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegation in Paragraph 99 and therefore deny it.

100.    The cited authority speaks for itself and no response is required. To the extent

that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited authority.

101.    The SANTA CRUZ COUNTY DEFENDANTS admit that, as currently constituted, SAVE cannot perform inquiries concerning persons for whom at least one specific immigration enumerator is not known.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 101 and therefore deny them.

102.    The SANTA CRUZ COUNTY DEFENDANTS admit that specific immigration enumerators are not required for voter registration on the Arizona state voter registration form or the EAC-designed federal voter registration form.    SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 102 and therefore deny them.

103.    The judicial decision quoted in Paragraph 103 speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted text appears in the cited judicial decision.

104.    The cited authority speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that SAVE cannot utilize social security or driver's license numbers to identify individuals for citizenship inquiries, but rather requires the individual's specific immigration enumerator. Upon information and belief, the SANTA CRUZ COUNTY DEFENDANTS admit that social security and driver's license numbers are not specific immigration enumerators and so cannot be used by the SAVE program for citizenship inquiries.  The SANTA CRUZ

COUNTY DEFENDANTS further admit that many voter registration applicants provide their driver's license numbers and the final four digits of their social security numbers. The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient knowledge or information to form a belief as to the other allegations in Paragraph 104 and therefore deny them.

105.    The SANTA CRUZ COUNTY DEFENDANTS admit that, to use SAVE for citizenship inquiries, one must provide the specific immigration enumerator of the person whose citizenship status is to be verified. The SANTA CRUZ COUNTY DEFENDANTS further admit that neither the Federal Form, created by the Election Assistance Commission, nor the State Form created by the Secretary of State, require voter registration applicants to provide specific immigration enumerator or enumerators. To the extent that Paragraph 105 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

## V. SSA and EVVE

106.    The cited judicial decision speaks for itself and no further response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted text appears in the cited opinion and that it effectively constitutes a finding by that court at that time. SANTA CRUZ COUNTY DEFENDANTS add that the finding is dated and that the Recorder's Office in process of gaining access to NAPHSIS.

107.    Paragraph 107 states a legal conclusion to which no response is required. To

the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as the allegations in Paragraph 107 and therefore deny them.

108.    The cited judicial decision speaks for itself and no further response is required.    To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted text appears in the cited opinion.

109.    Paragraph 109 states a legal conclusion to which no response is required.    To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 109 and therefore deny them.

110.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 110 and therefore deny them.

111.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 111 and therefore deny them.

112.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 112 and therefore deny them.

113.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 113 and therefore deny them.

114.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 114 and therefore deny them.

115.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or

information to form a belief as to the allegations in Paragraph 115 and therefore deny them.

116.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 116 and therefore deny them.

**VI.  *Federal Law Entitles County Recorders to Submit Citizenship Inquiries to DHS***

117.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in Paragraph 117 to the extent that they reference the requirements of 8 U.S.C. § 1373 and 8 U.S.C. § 1644, because citizenship inquiries pursuant to those statutes require the use of SAVE.  To the extent that the allegations in Paragraph 117 do not reference the requirements of U.S.C. § 1373 and 8 U.S.C. § 1644, the SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as the allegations in Paragraph 117 and therefore deny them.

118.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the cited statute includes the quoted language.  To the extent that Paragraph 118 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

119.    Paragraph 119 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that Arizona law authorizes the county recorders to attempt to verify the citizenship status of voters who register to vote using the Federal Form.  To the extent that Paragraph 119 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

120.    The cited statute speaks for itself and no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the cited statute includes the quoted language. The SANTA CRUZ COUNTY DEFENDANTS deny any remaining allegations as they are stated in Paragraph 120.

121.    The SANTA CRUZ COUNTY DEFENDANTS admit the allegation in Paragraph 121.

122.    The cited authority speaks for itself and no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited authority.

123.    The cited statute speaks for itself and no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the cited statute includes the quoted language. To the extent that Paragraph 123 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

124.    The SANTA CRUZ COUNTY DEFENDANTS admit the allegation in Paragraph 124.

125.    The cited authority speaks for itself and no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited authority. The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as to what was "Congress's intent" as alleged in Paragraph 125 and so denies that allegation. To the extent that Paragraph 125 contains additional allegations beyond those admitted, they are denied

by the SANTA CRUZ COUNTY DEFENDANTS.

126.    Paragraph 126 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny the allegation in this Paragraph as it concerns 8 U.S.C. § 1644 and admit the allegation as it concerns 8 U.S.C. § 1373.

127.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient information to form a belief as to the allegation in Paragraph 127 and, therefore, deny it and demand strict proof, thereof.

128.    The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as to whether DHS currently maintains the Person Centric Query System (PCQS) and so denies the same and demands strict proof, thereof.  Upon information and belief, the SANTA CRUZ COUNTY DEFENDANTS note that the authority that Plaintiffs cite for support for their allegation only pertains to determining whether noncitizens with lawful permanent resident status within the United States have paid their required Form I-131A fee to USCIS.

129.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient information to form a belief as to Paragraph 129.  Plaintiffs' claim is rather broad and to assert DHS has the time and resources to ",,,answer all of the inquiries …" is rather bold.  SANTA CRUZ COUNTY DEFENDANTS, otherwise, deny all allegations in Paragraph 129 and demand strict proof, thereof.

130.    Paragraph 130 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny

the allegations in this Paragraph.

131.    Paragraph 131 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph.

132.    Paragraph 132 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph.

133.    Paragraph 133 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph.

134.    Paragraph 134 states legal conclusions to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph.

**VII.  County Recorder Obligations to Provide to the Attorney General a List of Federal-Only Voters**

135.    The cited House Bill and statute speak for themselves and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited sources and deny all additional allegations in this Paragraph.  The SANTA CRUZ COUNTY DEFENDANTS join Maricopa County Defendants and incorporate by reference in affirmatively stating as follows:

House Bill 2492, codified at A.R.S. § 16-143(A), provided in pertinent part

that "[t]he secretary of state and each county recorder shall make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to § 16-166 **and shall provide, _on or before October 31, 2022_, the applications of individuals who are registered to vote and who have not provided satisfactory evidence of citizenship pursuant to § 16-166.**" (emphasis added).  Plaintiffs omit the relevant date from the Complaint and imply that the Recorder has an ongoing obligation to provide voters' applications to the Attorney General.  He does not.  To the extent that Plaintiffs allege that the Recorder has failed to meet his legal obligations, it is denied.

Further, House Bill 2492 was not effective until December 31, 2022—_**after**_ the October 31, 2022 deadline.  House Bill 2492 was Chapter 99 of Laws 2022.  *See* Chaptered Version of H.B. 2492, Laws 2022, *available at* https://www.azleg.gov/legtext/55leg/2R/laws/0099.pdf.  The general effective date for Bills signed into law during the 2022 legislative session, absent emergency clauses or subsequent legislation altering the effective date, was September 24, 2022.  *See* Policy Development & Government Relations: 2022 Arizona Legislative Session Summary, at 1, *available at* https://www.azed.gov/sites/default/files/2022/07/-DRAFT_2022%20ADE%20Legislative%20Session%20Summary_%2804.25.22%29_LF_RT.pdf (noting the September 24, 2022, general effective date).  But after the governor signed House Bill 2492, the legislature passed—and, the governor signed—Senate Bill 1638, which is available at https://www.azleg.gov/legtext/55leg/2r/laws/0174.pdf.  That Bill expressly provided

that "Laws 2022, chapter 99 [*i.e.*, H.B. 2492] is effective from and after December 31, 2022." S.B. 1638, Sec. 4(A), at 2:15-17. Thus, House Bill 2492 did not take effect until December 31, 2022—***after*** the October 31, 2022 deadline for the Secretary of State and the Recorder to provide voter registration applications to the Attorney General.

Because the requirement that the Recorder provide voter registration applications to the Attorney General "on or before October 31, 2022" was not effective as of that date, the Recorder had no legal obligation or authority to provide the applications to the Attorney General. The Recorder has fully complied with this law, and any allegations to the contrary are denied.

136. The cited statute speaks for itself and no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited statute. The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge or information to form a belief as to of the remaining allegations in Paragraph 136 and therefore deny them.

137. The SANTA CRUZ COUNTY DEFENDANTS admit that the requirement of A.R.S. § 16-143(A), that the county recorders "make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship", is currently in force and is not enjoined by any court, as alleged in this Paragraph. The SANTA CRUZ COUNTY DEFENDANTS deny all other allegations in Paragraph 137.

138. The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in Paragraph 138 as they relate to the Santa Cruz County County Recorder. The SANTA

CRUZ COUNTY DEFENDANTS further affirmatively state that the Recorder follows and complies with all applicable law, and any allegations to the contrary stated or implied or denied.  The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as to the allegations as they relate to the other Defendants and so deny them.

139.    The SANTA CRUZ COUNTY DEFENDANTS admit that the Recorder did not send to the Attorney General a list of all of Santa Cruz County's Federal Only voters on or before October 31, 2022, as stated in A.R.S. § 16-143(A), *because there was no requirement that she do so*.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that, as explained in the Answer to Paragraph 135, the requirement that the Recorder send voters' applications to the Attorney General by October 31, 2022 did not become effective until ***after*** that date.  Consequently, the Recorder had no legal obligation or authority to send voter registration applications to the Attorney General "on or before October 31, 2022," as the law would have required *if it had been in effect*.  But because the law was not in effect on October 31, 2022, but did not take effect until after that date, § 16-143(A) did not require the county recorders to send any lists to the Attorney General.

140.    The term, "provide," in the allegation that "[t]he Defendants have also failed . . . to *provide* to the Attorney General the applications of all Federal-Only Voters", is vague and undefined, resulting in the SANTA CRUZ COUNTY DEFENDANTS being unable to ascertain what is being alleged.  As a result, the SANTA CRUZ COUNTY DEFENDANTS deny the allegation.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state that no law requires the county recorders to "provide" lists of Federal Only Voters to

the Attorney General.  The statute in question, A.R.S. § 16-143, requires the county recorders to "make available" to the Attorney General the referenced lists.  The Santa Cruz County Recorder has fully complied with this legal requirement, and any allegation to the contrary is denied.

***Pre-Litigation Efforts to Request Compliance as to Maricopa County***

141.    SANTA CRUZ COUNTY DEFENDANTS lack sufficient information to form a belief, but defers to Maricopa County Defendants' response.  To the extent that Paragraph 141 contains additional allegations pertaining to SANTA CRUZ COUNTY DEFENDANTS beyond those deemed admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

142.    The statute and letter cited in this Paragraph speak for themselves and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited statute and that the letter referenced in this Paragraph made the erroneous claim alleged in this Paragraph.  To the extent that Paragraph 142 contains additional allegations beyond those admitted, they are denied by the SANTA CRUZ COUNTY DEFENDANTS.

143.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and incorporate by reference the Maricopa County Defendants response to this Paragraph.

144.    Considering Maricopa County Defendants' response to this claim, the SANTA CRUZ COUNTY DEFENDANTS join in denying the allegations in this Paragraph.

145.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and incorporate by reference the Maricopa County Defendants' response to this Paragraph.

146.    Considering Maricopa County Defendants' response to this claim, the SANTA CRUZ COUNTY DEFENDANTS join in denying the allegations in this Paragraph.

147.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and incorporate by reference the Maricopa County Defendants' response to this Paragraph.

148.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and incorporate by reference the Maricopa County Defendants' response to Paragraphs 147 and 148.

149.    The cited judicial decision speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited decision.

150.    The cited judicial decision speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited decision.

151.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and incorporate by reference the Maricopa County Defendants' response to this Paragraph.

152.    The SANTA CRUZ COUNTY DEFEANDS defer to, adopt, and incorporate by reference the Maricopa County Defendants' response to this Paragraph 152.

153.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and incorporate by reference the Maricopa County Defendants' response to this Paragraph.

154.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and incorporate by reference the Maricopa County Defendants' response to this Paragraph 154.

155.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and

incorporate by reference the Maricopa County Defendants' response to this Paragraph..

*IX.  Pre-Litigation Efforts to Request Compliance as to the Other Counties*

156.    The SANTA CRUZ COUNTY DEFENDANTS admit receiving a letter from "America First Legal," which was dated July 16, 2024.

157.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and incorporate the Pima County Defendants' response to this Paragraph 157.  The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief and denies the allegation.

158.    The SANTA CRUZ COUNTY DEFENDANTS defer to, adopt, and incorporate the Pima County Defendants' response to this Paragraph 158.  The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief and denies the allegation.

159.    The SANTA CRUZ COUNTY DEFENDANTS deny that "PCQS only requires a name and date of birth" for citizenship inquiries.  The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as what PCQS requires for other types of inquiries and so denies the allegation as it relates to other types of inquiries (*i.e.*, inquiries that are not citizenship inquiries).  To the extent that Paragraph 159 contains additional allegations beyond those already denied, they are also denied by the SANTA CRUZ COUNTY DEFENDANTS.

160.    The SANTA CRUZ COUNTY DEFENDANTS defer to and adopt the Pima County Defendants' response to this Paragraph 160.  The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief and denies the

allegation..

161.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations made in Paragraph 161.

162.    The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 162 and so deny them.

163.    The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 163 and so deny them.

**COUNT I**
**Failure to Use "All Available Resources" for**
**Voter List Maintenance of Federal-Only Voters**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-121.01(0), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

164.    The SANTA CRUZ COUNTY DEFENDANTS incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

165.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited statute.  The SANTA CRUZ COUNTY DEFENDANTS further affirmatively state as follows: A.R.S. § 16-121.01(D), by its plain language and terms, only applies to voter registration applications made using the Federal Form—that is, in the words of the statute, the "form produced by the United States election assistance commission".  Plaintiffs omit the latter part of the statute from their quote, thereby

implying that A.R.S. § 16-121.01(D) applies to *State Form* applications, produced by the Arizona Secretary of State, that are not accompanied by satisfactory evidence of citizenship, too. SANTA CRUZ COUNTY DEFENDANTS affirmatively claim the law does not apply to State Form registrations. Plaintiffs misunderstand the statutory requirement.

166.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph and affirmatively state that a "1373/1644 Request" would only result in a SAVE inquiry, which the Santa Cruz County Recorder already makes.

167.    The SANTA CRUZ COUNTY DEFENDANTS admit that the Santa Cruz County Recorder has not submitted any citizenship inquiries to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644. The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as to the allegations made in Paragraph 167 and so deny them. The SANTA CRUZ COUNTY DEFENDANTS deny any remaining allegations in this Paragraph.

168.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph as it relates to the Santa Cruz County Recorder. SANTA CRUZ COUNTY DEFENDANTS affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D), as well as, Arizona's chief State election official [Arizona Secretary of State], as required under Federal law.

169.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph as they relate to the Santa Cruz County Recorder and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D) and chief State election official [Arizona Secretary of State].

**COUNT II**
**Failure to Consult Accessible Databases for**
**Voter List Maintenance of Federal-Only Voters**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-121.01(D)(5), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

170.    The SANTA CRUZ COUNTY DEFENDANTS incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

171.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited statute.  The SANTA CRUZ COUNTY DEFENDANTS joins the Maricopa County Defendants and incorporates by reference their affirmative statement that A.R.S. § 16-121.01(D), by its plain language and terms, only applies to voter registration applications made using the Federal Form—that is, in the words of the statute, the "form produced by the United States election assistance commission". Despite that, Plaintiffs omit that part of the statute from their quote, thereby implying that A.R.S. § 16-121.01(D) applies to *State Form* applications, produced by the Arizona Secretary of State, that are not accompanied by satisfactory evidence of citizenship, too.  But the law does not apply to State Form registrations.  Plaintiffs misunderstand the statutory requirement.

172.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient knowledge to form a belief as to Paragraph 172 and denies the allegation, further demanding strict proof, thereof.

173.    The SANTA CRUZ COUNTY DEFENDANTS admit that the Recorder has

not submitted any citizenship inquiries to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644 and incorporates by reference the Maricopa County Defendants' answer to this Paragraph in their Answer to this same allegation. The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient knowledge to form a belief as to the relevance of the allegation.

174.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph as they relate to the Santa Cruz County Recorder and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D) and the State election official [Arizona Secretary of State]. The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack knowledge or information sufficient to form a belief as to the allegations made in Paragraph 174 and demand strict proof, thereof.

175.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D) and State election director official [Arizona Secretary of State]. The SANTA CRUZ COUNTY DEFENDANTS lack knowledge or information sufficient to form a belief as to the allegations made in Paragraph 175 and demand strict proof, thereof.

176.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D) and the State election director official [Arizona Secretary of State]. The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack knowledge or information sufficient to form a belief as to the allegations made in Paragraph 176 and demand strict proof, thereof.

**COUNT III**
**Failure to Conduct Regular Voter List Maintenance**

**of Federal-Only Voters Using Accessible Databases**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-165(K), 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

177.    The SANTA CRUZ COUNTY DEFENDANTS incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

178.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited statute.

179.    The allegations in Paragraph 179 state a legal conclusion to which no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that applicable law requires the Recorder to cancel the voter registrations of those who he learns through an inquiry authorized by law are not United States citizens.   The SANTA CRUZ COUNTY DEFENDANTS deny all remaining allegations in this Paragraph.

180.    The Plaintiffs state a misguided interpretation and draw a legal conclusion. No response is needed.   The SANTA CRUZ COUNTY DEFENDANTS, otherwise, incorporate by reference Maricopa County Defendants' analysis in their response to Paragraph 180.

181.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted language appears in the cited statute and that A.R.S. § 16-165(K) requires that "[t]o the extent practicable, the county recorder shall review relevant city, town, county, state and

federal databases to which the county recorder has access to confirm information obtained that requires cancellation of registrations pursuant to this section." The SANTA CRUZ COUNTY DEFENDANTS deny Plaintiffs' unqualified allegation that the cited statute "requires" that the Recorder perform the confirmation because the statute, by its terms, only requires confirmation "to the extent practicable." The SANTA CRUZ COUNTY DEFENDANTS deny all remaining allegations in this Paragraph.

182.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient information to form a belief as to the allegations in this Paragraph and, therefore, deny the allegation and demand strict proof, thereof.

183.    The SANTA CRUZ COUNTY DEFENDANTS admit that the Recorder has not submitted any citizenship inquiries to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644. The SANTA CRUZ COUNTY DEFENDANTS, otherwise, replead their response in Paragraph 173.

184.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph.

185.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-165(K).

186.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-165(K).

**COUNT IV**
**Failure to Send Information About**
**Federal-Only Voters to the Attorney General**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-143, 12-1801, 12-1831, 12-1832,**
**12-2021, Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

187.    The SANTA CRUZ COUNTY DEFENDANTS incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

188.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted text appears in the cited statute.

189.    The SANTA CRUZ COUNTY DEFENDANTS deny that the Recorder has not "made available" to the Attorney General the information that the statute requires that she make available.  The SANTA CRUZ COUNTY DEFENDANTS, denies not providing any information about Federal-Only Voters that the Attorney General has requested.  The SANTA CRUZ COUNTY DEFENDANTS, otherwise, lack sufficient information to form a belief as to Paragraph 189, including relevance and implications, and therefore denies the allegation to that effect and demands strict proof, thereof.

190.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in this Paragraph and affirmatively state that the Recorder fully complies with A.R.S. § 16-143(A) and the State election official.  The SANTA CRUZ COUNTY DEFENDANTS affirmatively maintain there is no ongoing requirement that the county recorders "provide" information about Federal Only Voters to the Attorney General absent a request from the Attorney General.

**COUNT V**
**Voter List Maintenance Procedures**
**that Are Discriminatory or Not Uniform**
**(52 U.S.C. §§ 20507(b)(1) and 20510(b), and 28 U.S.C. § 1651)**

191.    The SANTA CRUZ COUNTY DEFENDANTS incorporate by reference

each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

192.    The cited statute speaks for itself and no response is required.  To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS admit that the quoted text appears in the cited statute.

193.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient information to form a belief as to the allegations in this Paragraph as they relate to the Santa Cruz County Recorder and therefore deny it.  SANTA CRUZ COUNTY DEFENDANTS affirmatively state that, when receiving alien number and/or other acceptable DHS numerical identifiers, the Santa Cruz County Recorder will input that into AVID, which will be transmitted to Arizona Secretary of State.  Whether this information is transmitted to DHS is a question for Arizona's Secretary of State, who may actually be a required party to this litigation.

194.    The SANTA CRUZ COUNTY DEFENDANTS deny the allegations in Paragraph 194.

195.    The SANTA CRUZ COUNTY DEFENDANTS admit the allegations in this Paragraph.

196.    The SANTA CRUZ COUNTY DEFENDANTS lack sufficient information to form a belief and therefor deny the allegations in Paragraph 196.

197.    Paragraph 197 states a conclusion of law to which no response is required. To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS deny all allegations in Paragraph 197, including that the submission of citizenship checks to DHS, as described in Paragraph 193, is a "list maintenance practice" as alleged in Paragraph

1    197.

2    198.    Paragraph 198 states a conclusion of law to which no response is required.

3    To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS

4    deny all allegations in Paragraph 198.

6    199.    Paragraph 199 states a conclusion of law to which no response is required.

7    To the extent that a response is required, the SANTA CRUZ COUNTY DEFENDANTS join

8    Maricopa County Defendants and incorporate by reference their response to this same

9    allegation and deny that the Defendants' citizenship inquiries with DHS, which are made

10    within ten days of receiving a voter registrants' application and are done pursuant to A.R.S.

11    § 16-121.01(D), violates the NVRA's nondiscrimination requirement as alleged in

12    Paragraph 199.    Further, the Maricopa County Defendants affirmatively assert that

13    citizenship inquiries made utilizing SAVE concerning naturalized citizens have already been

16    found by this federal district court to **not** violate the NVRA's uniformity requirement.  *Mi*

17    *Familia Vota v. Fontes*, No. CV-24-00509-PHX-SRB, ___ F.Supp.3d___, 2024 WL 862406,

18    at *42-43 (D. Ariz. Feb. 29, 2024), judgment entered, No. CV-22-00509-PHX-SRB, 2024

19    WL 2244338 (D. Ariz. May 2, 2024) (currently on appeal).

20    **(PLAINTIFFS') PRAYER FOR RELIEF**

22    The SANTA CRUZ COUNTY DEFENDANTS deny that Plaintiffs are entitled to

23    any of their requested relief.

24    **AFFIRMATIVE DEFENSES**

26    SANTA CRUZ COUNTY DEFENDANTS join and incorporates Maricopa County

27    Defendants' Affirmative Defenses:

1.    Plaintiffs lack Article III standing.

2.    Plaintiffs cannot maintain their claims because they failed to comply with the notice requirements of 52 U.S.C. § 20510(b) prior to filing their lawsuit.

3.    Plaintiffs failed to state a claim upon which relief can be granted.

4.    Plaintiffs failed to sue necessary parties to obtain the relief they request.

5.    Some of the relief that Plaintiffs request, or implicitly request, would be illegal under federal law.

6.    Plaintiffs' proposed interpretation of Arizona's and federal-law citizenship-inquiry requirements, which Plaintiffs seek to impose on Defendants, would lead to futile and absurd results, and courts do not construe statutes to produce such results. *Church of Scientology of California v. U.S. Dep't of Just.*, 612 F.2d 417, 422 (9th Cir. 1979) (*quoting United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543-44 (1940).

7.    Santa Cruz County is not a proper defendant to this action and must be dismissed.

8.    The SANTA CRUZ COUNTY DEFENDANTS reserve the right to assert additional affirmative defenses as additional facts are discovered.

### SANTA CRUZ COUNTY DEFENDANTS' PRAYER FOR RELIEF

The SANTA CRUZ COUNTY DEFENDANTS joins and incorporates Maricopa County Defendants' pray for relief as follows.

A.    That the Court dismiss Plaintiffs' Complaint;

B.    That judgment be entered in favor of the SANTA CRUZ COUNTY DEFENDANTS and against Plaintiffs on Plaintiffs' Complaint;

C.    That the SANTA CRUZ COUNTY DEFENDANTS be awarded their reasonable attorneys' fees and costs under any applicable statute, rule, or equitable doctrine; and

D.    For any and all other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 14th  day of November, 2024.

GEORGE E. SILVA
SANTA CRUZ COUNTY ATTORNEY

_/s/Robert F. May_____
ROBERT F. MAY
BUREAU CHIEF – CIVIL DIVISION

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system.  Counsel for all prior Defendants, as well as, Plaintiffs, who have appeared and are registered CM/ECF users will be served by the CM/ECF system pursuant to the notice of electronic filing, with courtesy copies emailed as follows:

Honorable Krissa M. Lanham
District Court Judge
Lanham_chambers@azd.uscourts.gov

James K. Rogers
Senior Counsel
AMERICAN FIRST LEGAL FOUNDATION
611 Pennsylvania Ave., SE #231

Washington, D.C. 20003
James.Rogers@aflegal.org

Jennifer J. Wright
JENNIFER WRIGHT ESQ., PLC
4350 E. Indian School Rd., Suite #21-105
Phoenix, Arizona  85018
jen@jenwesq.com

*Attorneys for Plaintiffs*

D. Andrew Gaona
Austin C. Yost
COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
agaona@cblawyers.com
ayost@cblawyers.com

Lalitha D. Madduri
Christopher D. Dodge
Tyler L. Bishop
Renata O'Donnell
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
lmadduri@elias.law
cdodge@elias.law
tbishop@elias.law
rodonnell@elias.law

*Attorneys for Proposed Intervenor-Defendants*
*Voto Latino and One Arizona*


*/s/*