TONY ROGERS
LA PAZ COUNTY ATTORNEY
Rachel Shackelford (SBN 029161)
*Chief Deputy County Attorney/Civil Deputy*
1320 Kofa Avenue
Parker, AZ 85344
Phone (928) 669-6118 / Fax: (928) 669-2019
rshackelford@lapaz.gov
Attorneys for La Paz County Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Strong Communities Foundation of Arizona, Inc., and Yvonne Cahill,<br><br>Plaintiffs,<br><br>vs.<br><br>STEPHEN Richer, in his official capacity as Maricopa County recorder; *et al.,*<br><br>Defendants. | Case No. CV-24-02030-PHX-KML<br><br>**LA PAZ COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants La Paz County Recorder Richard Garcia (the "Recorder") and La Paz County (collectively, the "La Paz County Defendants") answer Plaintiffs' First Amended Complaint ("Amended Complaint") as follows:

**LA PAZ COUNTY DEFENDANTS' JOINDER AND GENERAL DENIAL**

The La Paz County Defendants join the Maricopa County Defendants' Answer to Plaintiffs' First Amended Complaint filed on September 17, 2024, unless otherwise noted herein. Every allegation in Plaintiffs' Amended Complaint that is not specifically admitted in this Answer is denied.

**INTRODUCTION**

1. The La Paz County Defendants join the Maricopa County Defendants in their responses to the allegations in Paragraphs 1-7 of the Amended Complaint.

2. The La Paz County Defendants deny all allegations made in Paragraph 8 as to the La Paz County Defendants, and further affirmatively state that the La Paz County Recorder complies with all legal requirements concerning voter registration list maintenance. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

3. Answering Paragraph 9, La Paz County Defendants deny that they have failed to follow the law. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the voters or the other Defendants. The La Paz County Defendants join Maricopa County Defendants in asserting that to the extent there has been any loss of confidence in the integrity of the election system, it is far more likely the result of the repeated, false allegations against election officers and their administration of elections.

4. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 10 and 11.

5. Answering Paragraph 12, the La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the Plaintiffs' motive in filing this lawsuit. The La Paz County Defendants further deny that the La Paz County Recorder has failed to comply with the list maintenance procedures required by law.

## PARTIES

6. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 13-16.

7. Answering Paragraph 17, the La Paz County Defendants lack knowledge or information sufficient to from a belief about the truth of the allegations concerning EZAZ.org's members. The La Paz County Defendants deny that the La Paz County Recorder has failed to comply with required voter list maintenance practices.

8. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 18-50.

### JURISDICTION AND VENUE

9. The La Paz County Defendants join the Maricopa County Defendants in their response to Paragraph 51.

10. Answering Paragraph 52, the La Paz County Defendants admit that Plaintiff Strong Communities Foundation sent a letter to the La Paz County Recorder asserting the La Paz County Recorder had failed to comply with his purported mandatory obligation to submit a request to DHS for citizenship confirmation. La Paz County further admits that said letter alleges a violation that occurred within 120 days before an election for a federal office. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants. The La Paz County Defendants deny all other allegations made in Paragraph 52. Additionally, the La Paz County Defendants affirmatively state as follows: (1) County recorders are not "chief election officials" within the meaning of 52 U.S.C. § 20510(b); (2) Plaintiffs filed their lawsuit on August 5, 2024, which is within 120 days of the federal election which

occurred on November 5, 2024; (3) Section 20510(b) requires that a plaintiff may only file a lawsuit alleging a violation of the NVRA occurring within 120 days before the date of a federal election after providing written notice of the violation "to the chief election official of the state involved" (the "NVRA Notice Letter") and providing that official twenty days to correct the alleged violation, 52 U.S.C. § 20510(b)(2); (4) the Arizona Secretary of State is the "chief state election officer" under NVRA, A.R.S. § 16-142(A); and (5) Plaintiffs failed to provide the NVRA Notice Letter to the Secretary of State prior to filing their lawsuit as required by 52 U.S.C. § 20510(b). Thus, Plaintiffs failed to comply with the law's requirements for bringing a lawsuit alleging violations of the NVRA.

11. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 53-56.

## GENERAL ALLEGATIONS

12. The La Paz County Defendants join the Maricopa County Defendants in their response to Paragraph 57.

*I. Arizona's Federal-Only Voters*

13. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 58-64.

14. Answering Paragraph 65, the La Paz County Defendants deny that the number of Federal-Only Voters is consistently growing. Between April 1, 2024, and October 7, 2024, the number of Federal-Only Voters in La Paz County only increased from 30 to 38.

The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

15. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 66 and 67.

## II. Voter List Maintenance Requirements

16. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 68-71.

17. Answering Paragraph 72, the La Paz County Defendants deny that the La Paz County Recorder has failed to perform required list maintenance. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

18. The La Paz County Defendants join the Maricopa County Defendants in their response to Paragraph 73.

19. Answering Paragraph 74, the La Paz County Defendants deny that the La Paz County Recorder has failed to perform required list maintenance. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

20. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 75-81.

## III. Foreign Citizens do register to vote.

21. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 82-88.

*IV. SAVE, SSA, and EVVE are Insufficient to Definitively Verify Citizenship*

22. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 89-105.[1]

*V. SSA and EVVE*

23. The La Paz County Defendants join the Maricopa Defendants in their responses to Paragraphs 106-116.

*VI. Federal Law Entitles County Recorders to Submit Citizenship Inquiries to DHS*

24. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 117-127.

25. The La Paz County Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 128.

26. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 129-134.

*VII. County Recorder Obligations to Provide to the Attorney General a List of Federal-Only Voters*

27. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 135-137.

28. Answering Paragraph 138, the La Paz County Defendants deny the allegations as to the La Paz County Recorder. The La Paz County Defendants further affirmatively

---

[1] Maricopa County inadvertently referred to paragraph 89 when answering Plaintiffs' allegations in Paragraph 93 of the First Amended Complaint which is corrected for the La Paz County Answer.

state that the La Paz County Recorder follows and complies with all applicable law, and any allegations to the contrary stated and implied are denied. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

29. Answering Paragraph 139, the La Paz County Defendants admit that they have not sent a list of Federal-Only Voters to the Attorney General. The La Paz County Defendants further affirmatively state that the Recorder complies with A.R.S. § 16-143(A), and that there is no ongoing requirement that the county recorders "provide" information about Federal-Only Voters to the Attorney General. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

30. Answering Paragraph 140, the La Paz County Defendants admit that the La Paz County Recorder did not send the Attorney General applications of all of La Paz County's Federal Only Voters on or before October 31, 2022, as contemplated by A.R.S. § 16-143(A), because there was no requirement that he do so, nor did he have any authority to do so. The La Paz County Defendants further affirmatively state that, as explained in the answer to Paragraph 135, the requirement that the Recorder send voters' applications to the Attorney General by October 31, 2022, did not become effective until after that date. Consequently, the Recorder had no legal obligation or authority to send voter registration applications to the Attorney General "on or before October 31, 2022."

**VIII. Pre-Litigation Efforts to Request Compliance as to Maricopa County**

31. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 141-148.

32. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 149-150.

33. The La Paz County Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraphs 151-155.

### IX. Pre-Litigation Efforts to Request Compliance as the Other Counties

34. Answering Paragraph 156, the La Paz County Defendants admit that the La Paz County Recorder received a letter from Strong Communities Foundation on or about July 16, 2024, and that the letter purported to "remind" the Recorder of list maintenance responsibilities. The La Paz County Defendants further admit that the letter erroneously claimed that a citizenship inquiry made to DHS pursuant to 8 U.S.C. §§ 1373 and 1644 would allow the Recorder to fulfill those obligations. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

35. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 157-158.

36. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 159.

37. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 160-162.

38. Answering Paragraph 163, the La Paz County Defendants admit that they did not respond to the Strong Communities Foundation letter, but they lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

**COUNT I**

**Failure to Use "All Available Resources" for Voter List Maintenance of Federal-Only Voters (Special Action, Declaratory, and Injunctive Relief) A.R.S. §§ 16-121.01(D), 12-1801, 12-1832, 12-2021, Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651**

39. Answering Paragraph 164, the La Paz County Defendants incorporate their responses to the incorporated allegations.

40. The La Paz County Defendants join the Maricopa County Defendants in their response to Paragraph 165.

41. The La Paz County Defendants deny the allegations in Paragraph 166.

42. Answering Paragraph 167, the La Paz County Defendants admit that the La Paz County Recorder has not submitted any citizenship inquiries to DHS pursuant to 8 U.S.C. §§ 1373 or 1644. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

43. The La Paz County Defendants deny the allegations in Paragraph 168 as it relates to the La Paz County Recorder and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D). The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

44. The La Paz County Defendants deny the allegations in Paragraph 169 as they relate to the La Paz County Recorder and affirmatively state that the Recorder fully complies with A.R.S. § 16-121.01(D). The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

## COUNT II

**Failure to Consult Accessible Databases for Voter List Maintenance of Federal-Only Voters (Special Action, Declaratory, and Injunctive Relief) A.R.S. §§ 16-121.01(D)(5), 12-1801, 12-1831, 12-1832, 12-2021, Ariz. R. Civ. O. 65, RPSA 3, and 28 U.S.C. § 1651**

45. Answering Paragraph 170, the La Paz County Defendants incorporate their responses to the incorporated allegations.

46. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 171-172.

47. Answering Paragraph 173, the La Paz County Defendants admit that the La Paz County Recorder has not submitted any citizenship inquiries to DHS pursuant to 8 U.S.C. §§ 1373 or 1644—because (1) the Recorder already uses DHS's citizenship-inquiry process with SAVE pursuant to A.R.S. § 16-121.01(D), for those registrants whose specific immigration enumerators are accessible and known, and (2) there is no other DHS citizenship inquiry available unless one has the specific immigration enumerators for those whose citizenship is being investigated. Thus, all those for whom inquiries to DHS could be made have already been made, and there is no additional inquiry that can be made. The La Paz County Defendants lack knowledge or information

sufficient to form a belief about the truth of the allegations concerning the other Defendants.

48. The La Paz County Defendants deny the allegations in Paragraph 174 as they relate to the La Paz County Recorder and affirmatively state that the Recorder complies with A.R.S. §16-121.01(D). The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

49. The La Paz County Defendants deny the allegations in Paragraph 175 as they relate to the La Paz County Recorder and affirmatively state that the Recorder complies with A.R.S. §16-121.01(D). The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

50. The La Paz County Defendants deny the allegations in Paragraph 176 as they relate to the La Paz County Recorder and affirmatively state that the Recorder complies with A.R.S. §16-121.01(D). The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

**COUNT III**

**Failure to Conduct Regular Voter List Maintenance of Federal-Only Voters Using Accessible Databases (Special Action, Declaratory, and Injunctive Relief) A.R.S. §§ 16-165(K), 12-1801, 12-1831, 12-1832, 12-2021, Ariz. R. Civ. O. 65, RPSA 3, and 28 U.S.C. § 1651**

51. Answering Paragraph 177, the La Paz County Defendants incorporate their responses to the incorporated allegations.

52. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 178-182.

53. Answering Paragraph 183, the La Paz County Defendants admit that the La Paz County Recorder has not submitted any citizenship inquiries to DHS pursuant to 8 U.S.C. §§ 1373 or 1644. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

54. The La Paz County Defendants deny the allegations in Paragraph 184.

55. Answering Paragraph 185, the La Paz County Defendants deny that the La Paz County Recorder has violated any mandatory duties under A.R.S. § 16-165(K). La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

56. Answering Paragraph 186, the La Paz County Defendants deny allegations as they relate to the La Paz County Recorder. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

### COUNT IV

**Failure to Send Information About Federal-Only Voters to the Attorney General (Special Action, Declaratory, and Injunctive Relief) A.R.S. §§ 16-143, 12-1801, 12-1831, 12-1832, 12-2021, Ariz. R. Civ. O. 65, RPSA 3, and 28 U.S.C. § 1651**

57. Answering Paragraph 187, the La Paz County Defendants incorporate their responses to the incorporated allegations.

58. The La Paz County Defendants join the Maricopa County Defendants in their response to Paragraph 188.

59. Answering Paragraph 189, the La Paz County Defendants deny that the La Paz County Recorder has not "made available" to the Attorney General information that the statute requires be made available. The La Paz County Defendants admits that the La Paz County Recorder has not provided to the Attorney General any voter registration applications pursuant to this statute, which required that they be provided on or before October 31, 2022. The La Paz County Defendants affirmatively state, as previously explained above, that the cited statute did not take effect until December 31, 2022—after the October 31, 2022, deadline to provide the application. Therefore, the statute was not in effect on October 31, 2022, and the statue's requirement—i.e., that the Recorder provide to the Attorney General voter registration applications by that date—has (and had) no legal force. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

60. The La Paz County Defendants deny the allegations in Paragraph 190 and affirmatively state that the Recorder complies with A.R.S. § 16-143(A) and that there is no ongoing requirement that the county recorders "provide" information about Federal-Only Voters to the Attorney General. The La Paz County Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

## COUNT V

**Voter List Maintenance Procedures that Are Discriminatory or Non-Uniform (52 U.S.C. §§ 20507(b)(1) and 20510(b), and 28 U.S.C. § 1651**

61. Answering Paragraph 191, the La Paz County Defendants incorporate their responses to the incorporated allegations.

62. The La Paz County Defendants join the Maricopa County Defendants in their response to Paragraph 192.

63. The La Paz County Defendants admit the allegations in Paragraph 193 as they relate to the La Paz County Recorder. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the other Defendants.

64. The La Paz County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 194.

65. The La Paz County Defendants join the Maricopa County Defendants in their responses to Paragraphs 195-199.

## PLAINTIFFS' PRAYER FOR RELIEF

The La Paz County Defendants deny that Plaintiffs are entitled to any of their requested relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack Article III standing.

2. Plaintiffs cannot maintain their claims because they failed to comply with the notice requirements of 52 U.S.C. § 20510(b) prior to filing their lawsuit.

3. Plaintiffs failed to state a claim upon which relief can be granted.

4. Plaintiffs failed to sue necessary parties to obtain the relief they request

5. Some of the relief that Plaintiffs request, or implicitly request, would be illegal under federal law.

6. Plaintiffs' proposed interpretation of Arizona and federal-law citizenship-inquiry requirements, which Plaintiffs seek to impose on Defendants, would lead to futile and absurd results, and courts do not construe statutes to produce such results. *Church of Scientology of California v. U.S. Dep't of Just.*, 612 F.2d 417, 422 (9th Cir. 1979) (*quoting United States v. Am. Trucking Ass'n*, 310 U.S. 534, 543-44 (1940).

7. La Paz County is not a proper Defendant to this action and must be dismissed.

8. The La Paz County Defendants reserve the right to assert additional affirmative defenses as additional facts are discovered.

## LA PAZ COUNTY DEFENDANTS' PRAYER FOR RELIEF

The La Paz County Defendants pray for relief as follows.

A. That the Court dismiss Plaintiffs' First Amended Complaint;

B. That judgment be entered in favor of the La Paz County Defendants and against Plaintiffs' Amended Complaint;

C. That the La Paz County Defendants be awarded their reasonable attorneys' fees and costs under any applicable statute, rule, or equitable doctrine; and

D. For any and all other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED THIS 14th day of November, 2024.

<u>/s/ Rachel Shackelford</u>
By: Rachel Shackelford
Chief Deputy County Attorney/Civil Deputy

<u>CERTIFICATE OF SERVICE</u>

I certify that on 14th day of November, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record, with courtesy copy emailed as follows.

Honorable Krissa M. Lanham
District Court Judge
Lanham_chambers@azd.uscourts.gov


By:<u>/s/Rachel Shackelford</u>