FLAGSTAFF LAW GROUP
Rose Winkeler
State Bar No. 025023
702 N. Beaver St.
Flagstaff, Arizona 86001
Telephone: (928) 233-6800
Email: rose@flaglawgroup.com
*Attorney for Coconino County Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Strong Communities Foundation of Arizona, Inc., and Yvonne Cahill, <br><br> Plaintiffs, <br><br> vs. <br><br> Stephen Richer in his official capacity as Maricopa County Recorder; *et al.*, <br><br> Defendants. | NO. CV-24-02030-PHX-KML <br><br><br> **COCONINO COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Patty Hansen, in her official capacity as the Coconino County Recorder, and Coconino County ("Coconino County Defendants"), answer Plaintiffs' First Amended Complaint as follows:

1. The Coconino County Defendants admit the allegations contained in Paragraph 1.

2. The Coconino County Defendants admit that the cited language in Paragraph 2 can be found at the webpage referenced, but deny any remaining allegations contained therein.

3.  The Coconino County Defendants admit that the cited language in Paragraph 3 can be found at the webpage referenced, but deny any remaining allegations contained therein.

4.  The Coconino County Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and thus deny said allegations.

5.  As to the allegations contained in Paragraph 5, the Coconino County Defendants admit that the 2022 Arizona Legislature passed HB 2243 and HB 2492, dealing with voter registration, which were both signed by then-Governor Doug Ducey. The Coconino County Defendants deny any remaining allegations contained therein.

6.   The Coconino County Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and thus deny said allegations.

7.  The Coconino County Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint as the cited statute more accurately reads that County Recorders are required to conduct list maintenance "in a manner that ensures that *only* voters who are not registered or who are not eligible to vote are removed." (emphasis added). 52 U.S.C. § 21083(a)(2)(B)(ii). The County Defendants affirmatively assert that their duty is to ensure they do not mistakenly remove eligible voters rather than to ensure that no ineligible voter is present on the voter list.

8.  The Coconino County Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint, and affirmatively state that the Coconino County Recorder complies with all of her legal requirements concerning voter registration list maintenance.

9.  The Coconino County Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint claiming that they have failed as to any of their elections administration duties, and affirmatively assert that any loss of confidence among voters in the integrity of elections is more likely due to false allegations such as those included in Plaintiffs' Complaint.

10. The Coconino County Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 10 of Plaintiffs' Complaint as the article cited does not present the statistics quoted by Plaintiffs, and thus deny said allegations.

11. The Coconino County Defendants admit that the statistics quoted in Paragraph 11 appear in the cited article, but otherwise lack sufficient information to form a belief as to the allegations contained therein and thus deny said allegations. Further, the Coconino County Defendants affirmatively assert that such unfounded beliefs among voters are more likely due to false allegations such as those included in Plaintiffs' Complaint rather than any actions on the part of elections officials such as the Coconino County Recorder.

12. The Coconino County Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, and thus deny

said allegations. The Coconino County Defendants affirmatively assert that the Coconino County Recorder has not failed in any of her list maintenance duties.

### PARTIES

13. The Coconino County Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 13 of Plaintiffs' Complaint and thus deny said allegations.

14. The Coconino County Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 14 of Plaintiffs' Complaint and thus deny said allegations.

15. The Coconino County Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 15 of Plaintiffs' Complaint and thus deny said allegations.

16. The Coconino County Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 16 of Plaintiffs' Complaint and thus deny said allegations.

17. Coconino County Defendants deny that they fail to comply with their registered voter list maintenance obligations and affirmatively assert that are in full compliance with such obligations. As to the remaining allegations contained in Paragraph 17, the Coconino County Defendants lack sufficient information to form a belief and thus deny said allegations.

18. Paragraph 18 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 18.

19. The Coconino County Defendants lack sufficient information to form a belief as to the allegations contained in Paragraph 19 of Plaintiffs' Complaint and thus deny said allegations.

20. Paragraph 20 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 20.

21. The Coconino County Defendants admit that Stephen Richer is the Maricopa County Recorder, that he is sued in his official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of his County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 21 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

22. The Coconino County Defendants admit that Maricopa County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Maricopa County is a proper party to this action and deny any remaining allegations contained in Paragraph 22 not specifically answered here.

23. The Coconino County Defendants admit that Larry Noble is the Apache County Recorder, that he is sued in his official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of his County, and that the Recorder is responsible for numerous

elections duties, including voter list maintenance. To the extent Paragraph 23 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

24. The Coconino County Defendants admit that Apache County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Apache County is a proper party to this action and deny any remaining allegations contained in Paragraph 24 not specifically answered here.

25. The Coconino County Defendants admit that David W. Stephens is the Cochise County Recorder, that he is sued in his official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of his County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 25 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

26. The Coconino County Defendants admit that Cochise County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Cochise County is a proper party to this action and deny any remaining allegations contained in Paragraph 26 not specifically answered here.

27. The Coconino County Defendants admit that Patty Hansen is the Coconino County Recorder, that she is sued in her official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the

principal elections officers of her County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 27 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

28. The Coconino County Defendants admit that Coconino County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Coconino County is a proper party to this action and deny any remaining allegations contained in Paragraph 28 not specifically answered here.

29. The Coconino County Defendants admit that Sadie Jo Bingham is the Gila County Recorder, that she is sued in her official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of her County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 29 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

30. The Coconino County Defendants admit that Gila County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Gila County is a proper party to this action and deny any remaining allegations contained in Paragraph 30 not specifically answered here.

31. The Coconino County Defendants admit that Polly Merriman is the Graham County Recorder, that she is sued in her official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of her County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 31 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

32. The Coconino County Defendants admit that Graham County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Graham County is a proper party to this action and deny any remaining allegations contained in Paragraph 32 not specifically answered here.

33. The Coconino County Defendants admit that Sharie Milheiro is the Greenlee County Recorder, that she is sued in her official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of her County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 33 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

34. The Coconino County Defendants admit that Greenlee County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Greenlee County is a proper party to this action and deny

any remaining allegations contained in Paragraph 34 not specifically answered here.

35. The Coconino County Defendants admit that Richard Garcia is the La Paz County Recorder, that he is sued in his official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of his County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 35 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

36. The Coconino County Defendants admit that La Paz County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that La Paz County is a proper party to this action and deny any remaining allegations contained in Paragraph 24 not specifically answered here.

37. The Coconino County Defendants admit that Lydia Durst is the Mohave County Recorder, that she is sued in her official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of her County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 37 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

38. The Coconino County Defendants admit that Mohave County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County,

and that the County has the power to sue and be sued. The Coconino County Defendants deny that Mohave County is a proper party to this action and deny any remaining allegations contained in Paragraph 38 not specifically answered here.

39. The Coconino County Defendants admit that Michael Sample is the Navajo County Recorder, that he is sued in his official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of his County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 39 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

40. The Coconino County Defendants admit that Navajo County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Navajo County is a proper party to this action and deny any remaining allegations contained in Paragraph 40 not specifically answered here.

41. The Coconino County Defendants admit that Gabriella Cázares-Kelly is the Pima County Recorder, that she is sued in her official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of her County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 41 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

42. The Coconino County Defendants admit that Pima County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Pima County is a proper party to this action and deny any remaining allegations contained in Paragraph 42 not specifically answered here.

43. The Coconino County Defendants admit that Dana Lewis is the Pinal County Recorder, that she is sued in her official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of her County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 43 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

44. The Coconino County Defendants admit that Pinal County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Pinal County is a proper party to this action and deny any remaining allegations contained in Paragraph 44 not specifically answered here.

45. The Coconino County Defendants admit that Anita Moreno is the Santa Cruz County Recorder, that she is sued in her official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of her County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent

Paragraph 45 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

46. The Coconino County Defendants admit that Santa Cruz County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Santa Cruz County is a proper party to this action and deny any remaining allegations contained in Paragraph 42 not specifically answered here.

47. The Coconino County Defendants admit that Michelle Burchill is the Yavapai County Recorder, that she is sued in her official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal elections officers of her County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 47 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

48. The Coconino County Defendants admit that Yavapai County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Yavapai County is a proper party to this action and deny any remaining allegations contained in Paragraph 48 not specifically answered here.

49. The Coconino County Defendants admit that Richard Colwell is the Yuma County Recorder, that he is sued in his official capacity, that the Office of the Recorder is created by the Arizona Constitution, that the Recorder is one of the principal

elections officers of his County, and that the Recorder is responsible for numerous elections duties, including voter list maintenance. To the extent Paragraph 49 of Plaintiffs' Complaint includes any allegations not admitted here, the Coconino County Defendants deny said allegations.

50. The Coconino County Defendants admit that Yuma County is a political subdivision of the State of Arizona, that the Recorder is an officer of the County, and that the County has the power to sue and be sued. The Coconino County Defendants deny that Yuma County is a proper party to this action and deny any remaining allegations contained in Paragraph 48 not specifically answered here.

## JURISDICTION AND VENUE

51. The Coconino County Defendants admit that 28 U.S.C. § 1331 provides this Court subject matter jurisdiction over claims arising under the National Voter Registration Act (NVRA), generally, and denies any other allegations contained in Paragraph 51.

52. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 52 and thus deny said allegations.

53. The Coconino County Defendants admit the cited laws grant this Court the authority to grant declaratory, injunctive, and/or mandamus relief, generally, and deny any other allegations contained in Paragraph 53.

54. The Coconino County Defendants admit the cited law grants this Court supplemental jurisdiction over state law claims, generally, and deny any other allegations contained in Paragraph 54.

55. The Coconino County Defendants deny the allegations contained in Paragraph 55.

56. The Coconino County Defendants admit the allegations contained in Paragraph 56.

## GENERAL ALLEGATIONS

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, the Coconino County Defendants admit that it is illegal for a foreign national to register to vote or to vote.

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, the Coconino County Defendants admit the allegations contained therein.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, the Coconino County Defendants admit the allegations contained therein.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, the Coconino County Defendants admit the allegations contained therein.

61. The Coconino County Defendants admit that Arizona has a bifurcated voter registration system such that applicants registering without providing documentary proof of citizenship (DPOC) are only permitted to vote in federal elections.

62. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 62 and thus deny said allegations.

63. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 63 and thus deny said allegations.

64. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 64 and thus deny said allegations.

65. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 65 and thus deny said allegations.

66. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 66 and thus deny said allegations.

67. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 67 and thus deny said allegations.

68. Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, the Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 68 and thus deny said allegations.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, the Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 68 and thus deny said allegations.

70. The Coconino County Defendants admit that the Legislature enacted, and Governor Ducey signed, H.B. 2492 and H.B. 2243. and deny any other allegations contained in Paragraph 70.

71. The Coconino County Defendants deny the allegations contained in Paragraph 71.

72. The Coconino County Defendants deny the allegations contained in Paragraph 72.

73. The Coconino County Defendants deny the allegations contained in Paragraph 73.

74. The Coconino County Defendants deny the allegations contained in Paragraph 74.

75. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 75 and thus deny said allegations.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained therein.

77. The Coconino County Defendants admit that the quoted language is contained in the cited statute and deny any remaining allegations contained in Paragraph 77.

78. The Coconino County Defendants admit that the quoted language is contained in the cited statute and deny any remaining allegations contained in Paragraph 78.

79. The Coconino County Defendants admit that the quoted language is contained in the cited statute and deny any remaining allegations contained in Paragraph 79.

80. The Coconino County Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Complaint as the cited statute actually reads that County Recorders are required to conduct list maintenance "in a manner that ensures that *only* voters who are not registered or who are not eligible to vote are removed." (emphasis added). 52 U.S.C. § 21083(a)(2)(B)(ii). The County Defendants affirmatively assert that their duty is to ensure they do not mistakenly remove eligible voters rather than to ensure that no ineligible voter is present on the voter list.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained therein.

82. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 82 and thus deny said allegations.

83. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 83 and thus deny said allegations.

84. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 84 and thus deny said allegations.

85. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 85 and thus deny said allegations.

86. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 86 and thus deny said allegations.

87. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 87 and thus deny said allegations.

88. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 88 and thus deny said allegations.

89. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 89 and thus deny said allegations.

90. Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained therein.

91. The Coconino County Defendants admit the allegations contained in Paragraph 91.

92. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 92 and thus deny said allegations.

93. The Coconino County Defendants deny the allegations contained in Paragraph 93.

94. The Coconino County Defendants admit that the quoted language contained in Paragraph 94 can be found in the cited court decision and deny any remaining allegations contained therein.

95. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 95 and thus deny said allegations.

96. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 96 and thus deny said allegations.

97. The Coconino County Defendants admit that the quoted language contained in Paragraph 97 can be found in the cited authority and deny any remaining allegations contained therein.

98. The Coconino County Defendants admit that the quoted language contained in Paragraph 98 can be found in the cited authority and deny any remaining allegations contained therein.

99. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 99 and thus deny said allegations.

100. The Coconino County Defendants admit that the quoted language contained in Paragraph 100 can be found in the cited authority and deny any remaining allegations contained therein.

101. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 101 and thus deny said allegations.

102. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 102 and thus deny said allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

103. The Coconino County Defendants admit that the quoted language contained in Paragraph 103 can be found in the cited authority.

104. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 104 and thus deny said allegations.

105. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 105 and thus deny said allegations.

106. The Coconino County Defendants admit that the quoted language contained in Paragraph 106 can be found in the cited authority.

107. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 107 and thus deny said allegations.

108. The Coconino County Defendants admit that the quoted language contained in Paragraph 108 can be found in the cited authority.

109. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 109 and thus deny said allegations.

110. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 110 and thus deny said allegations.

111. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 111 and thus deny said allegations.

112. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 112 and thus deny said allegations.

113. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 113 and thus deny said allegations.

114. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 114 and thus deny said allegations.

115. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 115 and thus deny said allegations.

116. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 116 and thus deny said allegations.

117. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 117 and thus deny said allegations.

118. The Coconino County Defendants admit that the quoted language contained in Paragraph 118 can be found in the cited authority and deny any remaining allegations contained therein.

119. Paragraph 119 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 119.

120. Paragraph 120 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 120.

121. The Coconino County Defendants admit the allegations contained in Paragraph 121.

122. The Coconino County Defendants admit that the quoted language contained in Paragraph 122 can be found in the cited authority.

123. The Coconino County Defendants admit that the quoted language contained in Paragraph 123 can be found in the cited authority.

124. The Coconino County Defendants admit the allegations contained in Paragraph 124.

125. The Coconino County Defendants admit that the quoted language contained in Paragraph 125 can be found in the cited authority and otherwise state that they lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 125 and thus deny said allegations.

126. Paragraph 126 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 126.

127. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 127 and thus deny said allegations.

128. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 128 and thus deny said allegations.

129. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 129 and thus deny said allegations.

130. Paragraph 130 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131. Paragraph 131 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

132. Paragraph 132 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133. Paragraph 133 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134. Paragraph 134 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Coconino County Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135. The Coconino County Defendants deny the allegations contained in Paragraph 135 of Plaintiffs' Complaint.

136. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 136 and thus deny said allegations.

137. The Coconino County Defendants admit that the requirement of A.R.S. § 16-143(A), that the county recorders "make available to the attorney general a list of all individuals who are registered to vote and who have not provided satisfactory evidence of citizenship," is currently in force and not enjoined by any court. The Coconino County Defendants deny any remaining allegations contained in Paragraph 137.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

138. The Coconino County Defendants deny the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139. The Coconino County Defendants deny the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140. The Coconino County Defendants deny the allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 141 and thus deny said allegations.

142. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 142 and thus deny said allegations.

143. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 143 and thus deny said allegations.

144. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 144 and thus deny said allegations.

145. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 145 and thus deny said allegations.

146. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 146 and thus deny said allegations.

147. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 147 and thus deny said allegations.

148. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 148 and thus deny said allegations.

149. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 149 and thus deny said allegations.

150. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 150 and thus deny said allegations.

151. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 151 and thus deny said allegations.

152. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 152 and thus deny said allegations.

153. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 153 and thus deny said allegations.

154. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 154 and thus deny said allegations.

155. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 155 and thus deny said allegations.

156. The Coconino County Defendants admit the allegations contained in Paragraph 156 as to the Coconino County Recorder only and state that they lack sufficient knowledge to form a belief as to any other allegations contained in Paragraph 156 and thus deny said allegations.

157. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 157 and thus deny said allegations.

158. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 158 and thus deny said allegations.

159. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 159 and thus deny said allegations.

160. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 160 and thus deny said allegations.

161. The Coconino County Defendants deny the allegations contained in Paragraph 161.

162. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 162 and thus deny said allegations.

163. The Coconino County Defendants admit the allegations contained in Paragraph 163 as to the Coconino County Recorder only and state that they lack sufficient knowledge to form a belief as to any other allegations contained in Paragraph 163 and thus deny said allegations.

**COUNT I**
**Failure to Use "All Available Resources" for Voter List**
**Maintenance of Federal-Only Voters**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-121.01(D), 12-1801, 12-1831, 12-1832, 12-2021,**
**Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

164. The Coconino County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

165. The Coconino County Defendants admit that the cited statute contains the language quoted in Paragraph 165.

166. The Coconino County Defendants deny the allegations contained in Paragraph 166.

167. The Coconino County Defendants admit that they have declined to submit any requests to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644. They further state that they lack sufficient knowledge to form a belief as to any other allegations contained in Paragraph 167 and thus deny said allegations.

168. The Coconino County Defendants deny the allegations contained in Paragraph 168.

169. The Coconino County Defendants deny the allegations contained in Paragraph 169.

**COUNT II**
**Failure to Consult Accessible Databases for**
**Voter List Maintenance of Federal-Only Voters**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-121.01(D)(5), 12-1801, 12-1831, 12-1832, 12-2021,**
**Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

170. The Coconino County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

171. The Coconino County Defendants admit that the cited statute contains the language quoted in Paragraph 171.

172. The Coconino County Defendants deny the allegations contained in Paragraph 172.

173. The Coconino County Defendants admit that they have declined to submit any requests to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644. They further state that they lack sufficient knowledge to form a belief as

1    to any other allegations contained in Paragraph 173 and thus deny said

2    allegations.

3    174. The Coconino County Defendants deny the allegations contained in Paragraph

4    174.

5
6    175. The Coconino County Defendants deny the allegations contained in Paragraph

7    175.

8    176. The Coconino County Defendants deny the allegations contained in Paragraph

9    176.

10
**COUNT III**
11
**Failure to Conduct Regular Voter List Maintenance**
12   **of Federal-Only Voters Using Accessible Databases**
     **(Special Action, Declaratory, and Injunctive Relief)**
13   **A.R.S. §§ 16-165(K), 12-1801, 12-1831, 12-1832, 12-2021,**
     **Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**
14

15

16   177. The Coconino County Defendants incorporate by reference each of their

17   preceding admissions, denials, and affirmative statements as if fully set forth
18
19   herein.

20   178. The Coconino County Defendants admit that the cited statute contains the

21   language quoted in Paragraph 178.

22   179. The Coconino County Defendants admit the allegations contained in Paragraph
23
24   179.

25   180. The Coconino County Defendants deny the allegations contained in Paragraph

26   180.

27

28

181. The Coconino County Defendants admit that the cited statute contains the language quoted in Paragraph 181 and deny any additional allegations contained therein.

182. The Coconino County Defendants deny the allegations contained in Paragraph 182.

183. The Coconino County Defendants admit that they have declined to submit any requests to the Department of Homeland Security pursuant to 8 U.S.C. §§ 1373 or 1644. They further state that they lack sufficient knowledge to form a belief as to any other allegations contained in Paragraph 183 and thus deny said allegations.

184. The Coconino County Defendants deny the allegations contained in Paragraph 184.

185. The Coconino County Defendants deny the allegations contained in Paragraph 185.

186. The Coconino County Defendants deny the allegations contained in Paragraph 186.

**COUNT IV**
**Failure to Send Information About Federal-Only**
**Voters to the Attorney General**
**(Special Action, Declaratory, and Injunctive Relief)**
**A.R.S. §§ 16-143, 12-1801, 12-1831, 12-1832, 12-2021,**
**Ariz. R. Civ. P. 65, RPSA 3, and 28 U.S.C. § 1651)**

187. The Coconino County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

188. The Coconino County Defendants admit that the cited statute contains the language quoted in Paragraph 188.

189. The Coconino County Defendants deny the allegations contained in Paragraph 189 as they relate to the Coconino County Defendants. They further state that they lack sufficient knowledge to form a belief as to any other allegations contained in Paragraph 189 and thus deny said allegations.

190. The Coconino County Defendants deny the allegations contained in Paragraph 190.

**COUNT V**
**Voter List Maintenance Procedures that Are**
**Discriminatory or Not Uniform**
**(52 U.S.C. §§ 20507(b)(1) and 20510(b), and 28 U.S.C. § 1651)**

191. The Coconino County Defendants incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

192. The Coconino County Defendants admit that the cited statute contains the language quoted in Paragraph 192.

193. The Coconino County Defendants admit the allegations contained in Paragraph 193 as they relate to the Coconino County Recorder. They further state that they lack sufficient knowledge to form a belief as to any other allegations contained in Paragraph 193 and thus deny said allegations.

194. The Coconino County Defendants lack sufficient knowledge to form a belief as to the allegations contained in Paragraph 194 and thus deny said allegations.

195. The Coconino County Defendants admit the allegations contained in Paragraph 195.

196. The Coconino County Defendants deny the allegations contained in Paragraph 196.

197. The Coconino County Defendants deny the allegations contained in Paragraph 197.

198. The Coconino County Defendants deny the allegations contained in Paragraph 198.

199. The Coconino County Defendants deny the allegations contained in Paragraph 199.

## AFFIRMATIVE DEFENSES

1. Standing.

2. Failure to comply with the notice requirements of 52 U.S.C. § 20510(b).

3. Failure to state a claim upon which relief can be granted.

4. Failure to join necessary parties.

5. All other applicable affirmative defenses pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure or Title 16 of the Arizona Revised Statutes, which may be revealed as factually applicable through future discovery.


WHEREFORE, having fully responded to Plaintiffs' First Amended Complaint, the Coconino County Defendants request:

1. That the Court dismiss Plaintiffs' First Amended Complaint;

2. That the Coconino County Defendants be awarded their reasonable attorneys fees and costs under any applicable statute, rule, or equitable doctrine; and

3. For any and all other relief in the Coconino County Defendants' favor as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 14th day of November, 2024.

FLAGSTAFF LAW GROUP

BY:  */s/Rose M. Winkeler*
ROSE M. WINKELER
*Attorney for the Coconino County*
*Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: */s/Rose M. Winkeler*